UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ROSMINAH BROWN, *et al.*, | No. C 11-03082 LB |
| Plaintiffs, | **ORDER RE: JOINT DISCOVERY LETTER** |
| v. | |
| THE HAIN CELESTIAL GROUP, INC., | [ECF No. 52] |
| Defendant. | |

## I. INTRODUCTION

Plaintiffs Rosminah Brown, on behalf of herself and all similarly-situated individuals (defined as those who purchased products from Defendant during the four-year period defined in the complaint) allege that Defendant The Hain Celestial Group, Inc. manufactures, distributes and/or sells in California cosmetic products (also referred to as personal care products) that are marketed, labeled and sold as "organic," but that in fact contain less than 70% organic ingredients. Complaint, ECF No. 1 at 13, ¶¶ 14-15.[1] Plaintiffs claim that this violates California Health & Safety Code section 110838, California's Unfair Competition Law, California Legal Remedies Act, and California Commercial Code § 2313.

After meeting and conferring pursuant to this court's standing order, the parties submitted a joint letter brief regarding five discovery disputes. Broadly, Plaintiff complains that Defendant has

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page numbers at the top of the document.

improperly objected to Plaintiff's discovery requests and refused to answer certain interrogatories or produce the documents Plaintiff requests.

On August 1, 2012, after the parties filed their joint letter brief, the court issued an order denying Defendant's motion to dismiss. ECF No. 58. On the evening before the hearing in this matter, Defendant filed a motion asking the court to (1) certify for interlocutory appeal its order denying Defendant's motion to dismiss and (2) stay the case during the pendency of such an appeal. ECF No. 60. Bearing in mind the changes to procedural posture of the litigation, the court will address in turn the discovery disputes raised in the parties' joint letter brief.

## II. DISCUSSION

### A. **Whether Defendant must respond to discovery at all**

Defendant first argues in the letter that it should not have to produce documents while the court considers Defendant's motion to dismiss, but the court denied the motion, so the objection is moot. *See* 7/2/12 Joint Letter Brief, ECF No. 52 at 2-3.

Similarly, Defendant argues that a stay is appropriate because it will seek (and now has sought) leave to file an interlocutory appeal (which they have done). *Id.* at 3. Defendant also argues that a stay is appropriate because Plaintiff intends to amend the complaint. *Id.* Plaintiff counters that Defendant waited almost a year after stipulating to a case management schedule to bring the motion to dismiss and that Defendant has not moved for a protective order or a stay. *Id.* at 2.

The court agrees with Plaintiff and sees no good cause to stay discovery entirely. Even a successful interlocutory appeal (if permitted) would not necessarily dispose of all Plaintiff's claims. For example, if the court decided that the primary jurisdiction doctrine applied to Plaintiff's COPA claim, her other claims could still proceed (though the court understands that Defendant takes a different view). As the court explained in its order denying the motion to dismiss, the court does not see this as a preemption case, and it sees no real conflict between the NOP and COPA. Order, ECF No. 58 at 24. As the Eighth Circuit said in *In re Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation*, 621 F.3d 781, 792 (8th Cir. 2010), OFPA does not bar state consumer protection laws that do not conflict with OFPA's provisions. For these reasons, the court does not see a basis for staying the basic discovery that Plaintiffs seek.

C 11-03082 LB
ORDER 2

## B. Discovery requests regarding Avalon Organics products

Plaintiff seeks discovery about the Avalon Organics products. Defendant has not produced that information because it says that Plaintiff did not allege in the complaint that she bought the products and thus has no standing. Plaintiffs have a different view of the facts that are relevant to standing (and the parties disagreed back and forth at the hearing about what the facts were).

The court observes that Defendant argued in its motion to dismiss that invoking the primary jurisdiction doctrine was appropriate because Plaintiff's claims against Avalon Organics conflicted with the NOP. *See* Def.'s Suppl. Brief, ECF no. 49 at 8. And if the complaint is insufficient, then Defendant should have challenged it with a motion. It did not. In the court's view, claims survive even if Defendant is right. The court denies Defendant's motion on this record.

## C. Requests regarding the content of Defendant's products

Plaintiffs say they want information about the recipes and formulations of the products. Defendant says that the labels provide sufficient information, the issue is only whether the products are made of at least 70% organic ingredients (and thus the recipe is irrelevant), and information about changes over time have no impact on the percentages.

Again on this record, the recipe seems relevant to the actual composition of the products. There is no ascertainable burden. Discovery is appropriate.

## D. Requests regarding Defendant's representations to the public regarding the products

Plaintiffs seek marketing information about Defendant's representations to the public about the products. Defendant says generally that the information that Plaintiffs seek "is not relevant to any of the claims in the case, particularly in that they are not restricted to marketing that asserted that the products were organic." ECF No. 52 at 5.

This is a false advertising case. The marketing information seems relevant.

## E. Requests regarding Defendant's pricing of the products

Plaintiffs want information about the pricing of products and information about consumer attitudes. Defendant says that generally this seeks a huge amount of information.

The information is relevant. The court cannot assess burden from what Defendant says.

## III. CONCLUSION

For the foregoing reasons, the court rejects Defendant's objections to Plaintiff's discovery requests and denies the motion to stay discovery.

The court observes that most of Defendant's letter is about staying discovery entirely. That's fair under the situation, but the court rejects that position. Then, the parties make very high-level objections and attach documents, but they do not call out the specific issues in the letter. The court's five-page limit is not meant to be a "one letter for all discovery disputes" approach. The idea of a letter is that it allows the parties to set out their positions side by side. And not that the parties are doing it here, but cutting out pages cuts out unnecessary rhetoric and attacks and makes the parties focus on the issues. That being said, it is fine to file a letter with an issue or two and then subsequent letters with other issues. But the court does not plan to delve into the attachments to figure out what the parties' arguments are. The parties need to say specifically what the issues are in the letter.

The court will consider issues in the motion to stay at the hearing on September 20, 2012 and in the context of full briefing. The court observes that it tried to set the discovery hearing on August 8, 2012, and the strategic filing of the motion on August 9 is of course fine but the court does not intend to consider new arguments and new cases without giving Plaintiffs an opportunity to respond. That is the point of the court's joint discovery letter process. Thus, on this record, the motion to stay discovery is denied.

This disposes of ECF No. 52.

**IT IS SO ORDERED.**

Dated: August 10, 2012

_____
LAUREL BEELER
United States Magistrate Judge