1
2
3
4
5
6

LEXINGTON LAW GROUP
Mark N. Todzo (State Bar No. 168389)
Howard Hirsch (State Bar No. 213209)
Lucas Williams (State Bar No. 264518)
503 Divisadero Street
San Francisco, CA  94117
Telephone:  (415) 913-7800
Facsimile:  (415) 759-4112
mtodzo@lexlawgroup.com
hhirsch@lexlawgroup.com
lwilliams@lexlawgroup.com

7
8

Attorneys for Plaintiffs
ROSMINAH BROWN and ERIC LOHELA

9

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

SAN FRANCISCO DIVISION

13

14
15

ROSMINAH BROWN and ERIC LOHELA, on
behalf of themselves and all others similarly
situated,

16

Plaintiffs,

17

vs.

18

19

THE HAIN CELESTIAL GROUP, INC., a
Delaware Corporation,

20

21

Defendant.

Case No. C 11-03082 LB

CLASS ACTION

**FIRST AMENDED COMPLAINT**

22
23
24
25
26
27
28

Plaintiffs Rosminah Brown ("Brown") and Eric Lohela ("Lohela") (collectively, "Plaintiffs"), on behalf of themselves and those similarly situated, based on information and belief and investigation of counsel, except for information based on personal knowledge, hereby allege:

<u>**INTRODUCTION**</u>

1.      This Complaint seeks to remedy the unlawful, unfair and deceptive business practices of defendant Hain Celestial Group, Inc. ("Defendant") with respect to its cosmetic products (also referred to as personal care products) sold under the Jason® and Avalon Organics® brands which are marketed, labeled and sold as "organic," but which are not predominantly made from organic ingredients (the "Products"). The Jason® Products are all marketed and labeled as "Pure, Natural & Organic" and the Avalon Organics® Products are all marketed and labeled as "Organics." Nevertheless, the Products are largely comprised of ingredients that are not organic. Plaintiffs and the Classes would not have purchased the Products, and would not have paid such a high price for the Products, but for Defendant's false and misleading identification of the Products as organic.

2.      Organic products are made with organically grown plants. As such, organic ingredients are produced without the use of pesticides and other harmful or potentially harmful chemicals. Organic products have gained popularity such that over 70% of households in the United States now use some organic products each year, even though such products typically cost more than their non-organic counterparts. Growing concerns over the use of harmful chemicals in the production of non-organic products, together with a desire for more healthy lifestyles, have spurred the popularity of organic products. One of the fastest growing markets for organic products is that of organic personal care products. Consumers such as Plaintiffs and the other members of the Classes are willing to pay more for organic personal care products such as skin care, hair care, body care, oral care, deodorants and sunscreens in order to avoid harmful chemicals in favor of more natural ingredients. Defendant takes advantage of this segment of consumers by marketing, advertising and labeling the Products as organic, when in fact such Products contain significant amounts of non-organic ingredients.

3.     California law expressly prohibits companies such as Defendant from engaging in this type of misleading labeling.  The California Organic Products Act of 2003 ("COPA") requires that any cosmetic product sold, labeled and/or represented as "organic" must be comprised of at least 70% organic ingredients by weight.  Nevertheless, Defendant advertises, markets, represents, sells and labels the Products, which do not contain 70% organic ingredients by weight, as organic.

4.     Defendant's conduct of advertising, marketing, selling and labeling the Products as organic, when in fact such Products are not predominantly comprised of organic ingredients and which in fact contain less than 70% organic ingredients, constitutes unlawful, unfair and deceptive conduct, is likely to deceive members of the public, is unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, and violates California's legislatively declared policy against misrepresenting the characteristics of goods and services.  As such, Defendant's marketing, labeling and advertising practices violate COPA, Cal. Health & Safety Code § 110810, *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (hereinafter the "UCL") and California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (hereinafter the "CLRA"), and breach the express warranties regarding the Products.  Accordingly, pursuant to Cal. Health & Safety Code § 111910, Brown and Lohela seek an order enjoining Defendant's false and misleading labeling.  Further, pursuant to Cal. Business & Professions Code § 17203, Brown and Lohela seek an order enjoining Defendant's acts of unfair competition and awarding restitution to the individual victims of Defendant's unfair and deceptive practices.  In addition, Plaintiffs and the Classes of similarly situated individuals on whose behalf Plaintiffs bring this action seek damages for Defendant's breach of express warranties concerning the organic nature of the Products and for Defendant's violations of the CLRA.

## **PARTIES**

5.     Plaintiff Rosminah Brown is a resident of California and purchased one of the Jason Products.  On or about September 2009, Brown purchased a Jason® Ester-C® Super-C Cleanser® Gentle Facial Wash ("Jason® Face Wash") at a Whole Foods Market store in Roseville, California.  The front label of the Jason® Face Wash Product, which Brown reviewed prior to purchase, prominently states "Pure, Natural & Organic."  At the time of purchase, Brown

1   reasonably believed the front of the label – that the Product was either completely or at least

2   mostly organic.  Had Brown known that the Product was made from a significant amount of non-

3   organic ingredients, Brown would not have bought the Product at all, or would not have paid more

4   for the Product than the cost of other non-organic facial washes.

5       6.      Plaintiff Eric Lohela is a resident of California and purchased an Avalon

6   Organics® Product.  On or about December 2009, Lohela purchased an Avalon Organics®

7   Lavender Hand and Body Lotion from an online retailer, Vitacost.com.  The website included a

8   photograph of the product's front label as well as the Product's name, both of which prominently

9   display the word "Organics."  The front label of the Product also includes a pledge by Defendant

10  that the Product is "pro-organic."  Lohela reviewed both the photograph of the label and the name

11  of the Product prior to his purchase.  At the time of purchase, Lohela reasonably believed the front

12  of the label – that the Product was either completely or at least mostly organic.  Had Lohela

13  known that the Product was made from a significant amount of non-organic ingredients, Lohela

14  would not have bought the Product at all, or would not have paid more for the Product than the

15  cost of other non-organic hand and body lotions.  Also on or about December 2009, Lohela

16  purchased a number of other Avalon Organics Products in reliance on the same representations

17  identified with regard to the Lavender Hand and Body Lotion including: (1) Avalon Organics

18  Glycerin Liquid Hand Soap Lemon; (2) Avalon Organics Vitamin C Soothing Lip Balm; (3)

19  Avalon Organics Vitamin C Refreshing Facial Cleanser; (4) Avalon Organics Botanicals

20  Exfoliating Enzyme Scrub Lavender; (5) Avalon Organics Peppermint Botanicals Shampoo; and

21  (6) Avalon Organics Awapuhi Mango Moisturizing Conditioner.  Had Lohela known that the

22  Product was made from a significant amount of non-organic ingredients, Lohela would not have

23  bought the Product at all, or would not have paid more for the Product than the cost of other

24  similar products.

25      7.      Defendant Hain Celestial Group, Inc. is a Delaware limited corporation with its

26  principal place of business in Melville, New York.  Defendant advertises, markets, distributes, and

27  sells the Products in California.

28

**JURISDICTION AND VENUE**

8.     This Court has original jurisdiction over the claims asserted herein individually and on behalf of the class pursuant to 28 U.S.C. § 1332, as amended in February 2005 by the Class Action Fairness Act.  Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed class are citizens of a state different from that of Defendant.

9.     This Court has jurisdiction over Defendant because it is a corporation that has sufficient minimum contacts in California or otherwise intentionally avails itself of the California market either through the distribution, sale and/or marketing of the Products in the State of California or by having a facility located in California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(a) because Defendant is a resident of this District pursuant to 28 U.S.C. § 1391(c), and a substantial part of the events or omissions giving rise to the claim occurred in this District.

11.     **Intradistrict Assignment (L.R. 3-2(c) and (d) and 3.5(b))**:  This action arises in San Francisco County, in that a substantial part of the events which give rise to the claims asserted herein occurred in San Francisco County.

**BACKGROUND FACTS**

12.     The word "organic" is defined as "produced or involving production without the use of chemical fertilizers, pesticides or other artificial chemicals."  Oxford Dictionary, Oxford University Press 2012.  Accordingly, reasonable consumers expect that products advertised, marketed, sold, labeled and/or represented as organic are made predominantly from ingredients grown without chemical pesticides or fertilizers.  Federal law has codified this common sense consumer expectation with regard to food products, requiring that any foods marketed, advertised, labeled, sold and/or represented as organic or made with organic ingredients must be comprised of at least 70% organic ingredients.  7 USC §6505; 7 CFR §205.301.  Although federal law does not

1   apply to cosmetic products, the federal definition of what constitutes organic products has helped

2   to shape consumer expectations over the past twenty years.  California law, which does apply to

3   cosmetic products including the Products, is consistent with the federal law regarding organic food

4   in that cosmetic products advertised, marketed, sold, labeled and/or represented as organic in

5   California must be comprised of at least 70% organic ingredients.  COPA provides a legislative

6   determination that any cosmetic product that does not contain at least 70% organic ingredients, but

7   is represented as organic, is deceptive.  Thus both federal and California law are consistent with

8   consumer expectations regarding the nature and constitution of multi-ingredient products sold,

9   labeled, marketed, advertised and/or represented as organic.

10      13.     Defendant advertises, markets and labels the Products as organic.  The Products are

11   all intended be rubbed, poured, sprinkled, or sprayed on, introduced into, or otherwise applied to,

12   the human body, or any part of the human body, for cleansing, beautifying, promoting

13   attractiveness, or altering the appearance, and are thus "cosmetics" under California law.  Cal.

14   Health & Safety Code § 109900.

15      14.     In recognition of the fact that consumers will pay more for organic products,

16   Defendant prominently places the word "organic" on the top of the front of every label of the

17   Products.  Jason® branded Products are all labeled as "Pure, Natural & Organic," while Avalon

18   Organics® branded Products all have "Organics" in the actual name of the Product and include a

19   pledge on the front label of the Products that such Products are "pro-organic."  Nevertheless, the

20   Products are largely comprised of ingredients which Defendant admits are not organic.

21      15.     While prominently displaying the word "organic" on the front label of every

22   Product, Defendant also includes an ingredient list in small print on the back label of each

23   Product.  The list of ingredients is in a substantially smaller font than the text on the front label.

24   The list of ingredients identifies the ingredients which are organically produced with an asterisk

25   (*).  Based on Defendant's own ingredient list, the ingredients designated on the list of ingredients

26   do not comprise 70% or more of the Products by weight and/or volume.

27      16.     For example, the Jason® Ester-C® Super-C Cleanser® Gentle Facial Wash

28   purchased by Brown states on the front label that the Product is "PURE, NATURAL &

1 ORGANIC." However, the list of ingredients on the back label of the Product identifies the

2 following ingredients in the following order:

3            Aqua (Purified Water), Decyl Glucoside, Cocamidopropyl Hydroxysultaine,

4               Sodium Lauroyl Sarcosinate, Vegetable Glycerin, Ester-C® Calcium

5               Ascorbate, Ester-C® Sorbitol (and) Glycerine (and) Calcium Ascorbate,

6               Citrus Aurantium Dulcis (Orange) Fruit Extract, Tocopheryl Acetate

7               (Vit.E), Aloe Barbadensis (Aloe Vera) Leaf Gel*, Ascorbic Acid (Vit.C),

8               Di-Steareth-75 IPDI, Polysorbate 20, Citric Acid, Benzyl Alcohol,

9               Potassium Sorbate, Sodium Benzoate, Bixa Orellana (Annatto) Extract,

10               Fragrance Oil Blend.

11               *Certified Organic

12 Thus, of the nineteen ingredients listed on the back label, only one is certified organic **by**

13 ***Defendant's own admission***. The sole organic ingredient, the Aloe Barbadensis (Aloe Vera) Leaf

14 Gel, is not even the most prominent of the nineteen ingredients. Rather, it ranks ninth on the

15 ingredient list (excluding water) in terms of its predominance in the Product.[1]

16         17.    Similarly, the Avalon Organics® Lavender Hand and Body Lotion purchased by

17 Lohela states on the front of the label that the Product is organic and contains a pledge that the

18 Product is "pro-organic." However, the list of ingredients on the back label of the Product

19 identifies the following ingredients in the following order:

20               Purified Water, cyclopentasiloxane, cetearyl alcohol, polysorbate 60,

21               organic helianthus annuus (sunflower) oil[1], cetyl alcohol, vegetable

22               glycerin, sorbitol, stearyl alcohol, dimethicone, organic lavandula

23               angustifolia (lavender) flower[1], calendula officinalis (calendula) flower[1]

24               and chamomilla recutita (chamomile) flower[2] extracts,

25               babassuamidopropalkonium chloride, bisabolol (chamomile), organic

26               theobroma cacao (cocoa butter)[1], organic linum usitatissimum (flaxseed)

27

28     [1] Ingredient lists on cosmetic products such as the Products are legally required to list the ingredients in descending order of predominance. 21 C.F.R. § 701.3.

and cocos nucifera (coconut) oils[(1)],  sodium chloride, beta-glucan (oat), ethylhexylglycerin, arginine (amino acid), stearic acid, organic lavandula angustifolia (lavender) oil[(3)] and other essential oils.

(1) Certified by Quality Assurance International

(2) Certified by BCS Ōko-Garamtie

(3) Certified by International Certification Services

Thus, of the twenty-two ingredients contained in the Product, only five are actually organic. None of the top three most prominent ingredients (excluding water) are organic, and the organic ingredients rank fourth, tenth, thirteenth, fourteenth, and nineteenth on the ingredient list (excluding water and salt) in terms of their predominance in the Product.

18.     COPA includes strict, objective standards regarding what constitutes an organic cosmetic product.  Under COPA, "cosmetic products sold, labeled, or represented as organic or made with organic ingredients shall contain, at least 70 percent organically produced ingredients." Health & Safety Code § 110838(a).  Calculating the percentage of organically produced ingredients under COPA is straightforward.  For products that are sold in solid form, the percentage of organic ingredients is calculated by dividing the weight of the organic ingredients over the total weight of the product excluding the weight of water and salt.  *Id.* at § 110838(b). For products that are sold in liquid form, the percentage of organic ingredients is calculated by dividing the fluid volume of the organic ingredients by the fluid volume of the product as a whole excluding water and salt.  *Ibid.*  Products that contain less than 70% organic ingredients may only identify the organic content of the product in one of two ways: (1) by identifying the particular organic ingredients by way of an asterisk or similar marker; or (2) by displaying the product's percentage of organic content on the information panel of the label.  Cal. Health & Safety Code § 110839.

19.     Under COPA, "sold as organic" means "any use of the term 'organic,' 'organically grown,' or grammatical variations of those terms, whether orally or in writing, in connection with any product grown, handled, processed, sold, or offered for sale in this state, including, but not limited to, any use of these terms in labeling or advertising of any product and any ingredient in a

1   multi-ingredient product." Cal. Health & Safety Code § 110815(k). Here, the Products are "sold

2   as organic" pursuant to COPA as they are advertised and labeled as "organic" and sold in

3   California.

4   20.   Given that the only organic ingredient in the Jason® Face Wash Product, the Aloe

5   Barbadensis (Aloe Vera) Leaf Gel, is merely the ninth most predominant ingredient in such

6   Product exclusive of water, organic ingredients cannot possibly make up more than 11% of the

7   Product, far less than the 70% required under COPA. Accordingly, Defendant has violated

8   COPA. Cal. Health & Safety Code § 110890(a).

9   21.   Given that the only organic ingredients in the Avalon Organics® Lavender Hand

10   and Body Lotion are merely the fourth, tenth, thirteenth, fourteenth, and nineteenth most

11   predominant ingredients in such Product exclusive of water and salt, organic ingredients cannot

12   possibly make up more than 28% of the Product, far less than the 70% required under COPA.

13   Accordingly, Defendant has violated COPA. Cal. Health & Safety Code § 110890(a).

14   22.   The Jason® Face Wash Product and Avalon Organics® Lavender Hand and Body

15   Lotion are representative of other Jason® and Avalon Organics® Products that, by Defendant's

16   own admissions, contain far less than 70% organic ingredients yet are labeled as "organic." For

17   example:

18      a.   Baby Avalon Organics® Silky Cornstarch Baby Powder is labeled as

19         "organics," yet only two of the seven ingredients in the Product are, by

20         Defendant's admission, organic and those two ingredients are only the third and

21         fourth most predominant ingredients in the Product.

22      b.   Jason® Aloe Vera Soothing Body Scrub is labeled as "organic," yet lists only

23         two of the twenty-three ingredients as "organic" and those two are only the

24         twelfth and fourteenth most predominant.

25      c.   Jason® Thin to Thick Extra Volume Conditioner is also labeled as "organic,"

26         yet only four of the thirty-one ingredients are organic, none of which ranks

27         higher than thirteenth in terms of its predominance in the Product.

28      d.   Jason® PowerSmile All-Natural Whitening Toothpaste is also labeled as

1      "organic," yet only one of fourteen ingredients is organic and that ingredient is

2      the seventh most predominant ingredient in the Product.

3      e.   Jason® Curl Defining Cream is similarly labeled as "organic," yet only one of

4      the seventeen ingredients is organic and that ingredient is the sixth most

5      predominant ingredient in the Product.

6      f.   Avalon Organics Grapefruit & Geranium Refreshing Shampoo is labeled as

7      "organic" and contains Defendant's pledge that the product is "pro-organic,"

8      yet only five of the twenty-four ingredients are organic and those ingredients

9      are the ninth,twelfth and twenty-first most predominant ingredients in the

10      Product.

11      23.    The examples set forth above are only a few of the Products that make up

12 Defendant's pattern and practice of selling Products as "organic" when in fact the Products do not

13 come close to meeting the COPA requirements for organic cosmetic products.  The determination

14 of whether the Products are comprised predominantly of organic ingredients is an objective

15 determination that may be calculated by dividing the total weight or volume of the organic

16 ingredients by the total weight or volume of the total ingredients.  Plaintiffs do not dispute whether

17 the specific ingredients Defendant identifies as organic are indeed organic.  Rather, Plaintiffs

18 allege that, even accepting that the ingredients Defendant identifies as organic are indeed organic,

19 the Products are not comprised predominantly of organic ingredients.

20      24.    Defendant's ongoing practice of labeling the Products as organic, when in fact, the

21 Products are not predominantly organic is likely to deceive ordinary consumers of the Products

22 and has in fact deceived Plaintiffs.  Plaintiffs reasonably understood the labeling of the Products to

23 mean what they say – that the Products are organic.  Plaintiffs did not pour over the fine print on

24 the back labels to determine which of the specific ingredients contained in the Products are

25 organic.  Rather, based on the label claim that the Products are organic, Plaintiffs reasonably

26 believed that the Products are predominantly made with organic ingredients.  In reliance on

27 Defendant's claims that the Products are organic, Plaintiffs were willing to pay more for the

28 Products than similar products that do not claim to be organic, and in fact did pay a premium for

the Products.  Given Plaintiffs' preference for organic cosmetic products, Plaintiffs would benefit if Defendant reformulated the Products such that they are predominantly comprised of organic ingredients.

25.     Defendant's practice of misrepresenting the organic nature of the Products is part of what Defendant refers to as its "uniform marketing, advertising and distribution program" and its "unified marketing strategy" that Defendant employs across its different brands including both Jason and Avalon Organics.

26.     Defendant asserts that it began the process of coming into compliance with COPA at or about the time the original complaint was filed in this action.  However, recent investigation reveals that the Products continue to be sold as organic, when such Products do not contain at least 70% organic ingredients.

27.     Furthermore, Plaintiffs are informed and believe that Defendant is using misleading and deceptive practices that violate COPA in its efforts to comply with COPA.  Subsequent to the filing of this action, Defendant began labeling some of the Products as containing 70% organic ingredients as part of Defendant's efforts to comply with COPA.  Specifically, Plaintiffs are informed and believe that Defendant purports to exceed the 70% organic ingredient requirement by including water in calculating the percentage of organic ingredients.  Under COPA, the weight of water, including water used to reconstitute a dehydrate, must be excluded from the calculation of organic ingredients.  Plaintiffs are informed and believe that Defendant includes the entire weight of reconstituted ingredients in its calculations that result in its representations that the Products contain 70% organic content.  As the United States Department of Agriculture has found in promulgating organic food regulations, "If an organically produced dehydrated spice is reconstituted with water prior to product assembly, the spice must still be calculated at its dehydrated weight because percentage calculations are based on the ingredient weight, excluding water and salt.  It would be misleading to calculate the weight of the concentrate ingredient in its reconstituted form."  65 Fed. Reg. 80548-01, 80586 (December 21, 2000).  These regulations have been incorporated into COPA.  Cal. Health & Safety Code § 110811.  Excluding added water and salt from the calculation of organic ingredients comports with consumer expectations, as

1  consumers would not expect a product to be organic on the basis of added water.

2  **CLASS ACTION ALLEGATIONS**

3       28.    Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this action on

4  behalf of herself and the following class of similarly situated individuals:

5            All persons who purchased the Products that were sold under the Jason® or Avalon

6            Organics® brand in California during the applicable statute of limitations.

7            Specifically excluded from this Class are Defendant; the officers, directors or

8            employees of Defendant; any entity in which Defendant has a controlling interest;

9            and any affiliate, legal representative, heir or assign of Defendant.  Also excluded

10            are any federal, state or local governmental entities, any judicial officer presiding

11            over this action and the members of his/her immediate family and judicial staff, and

12            any juror assigned to this action.

13  (the "Class").

14       29.    Pursuant to Federal Rule of Civil Procedure 23, Brown brings this action on behalf

15  of herself and the following class of similarly situated individuals:

16            All persons who purchased the Products that were sold under the Jason®

17            brand in California during the applicable statute of limitations.

18            Specifically excluded from this Class are Defendant; the officers, directors

19            or employees of Defendant; any entity in which Defendant has a

20            controlling interest; and any affiliate, legal representative, heir or assign of

21            Defendant.  Also excluded are any federal, state or local governmental

22            entities, any judicial officer presiding over this action and the members of

23            his/her immediate family and judicial staff, and any juror assigned to this

24            action.

25  (the "Jason Subclass").

26       30.    Pursuant to Federal Rule of Civil Procedure 23, Lohela brings this action on behalf

27  of himself and the following class of similarly situated individuals:

28            All persons who purchased the Products that were sold under the Avalon

Organics® brand in California during the applicable statute of limitations. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant. Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

(the "Avalon Subclass"). The Class, the Jason Subclass and the Avalon Subclass are referred to collectively herein as the "Class" or "Classes."

31. Each Class is sufficiently numerous, as it includes thousands of persons who have purchased the Products. Plaintiffs are unable to state the precise number of potential members of the proposed Classes because that information is in the possession of Defendant. However, the number of members in each proposed Class is so numerous that joinder would be impracticable for purposes of Rule 23(a)(1). The exact size of each proposed Class and the identity of its members will be readily ascertainable from the business records of Defendant and Defendant's retailers as well as Class members' own records. The disposition of the claims of the members of the Classes in this class action will substantially benefit both the parties and the Court.

32. There is a community of interest among the members of the proposed Classes in that there are questions of law and fact common to the proposed Classes for purposes of Rule 23(a)(2), including whether Defendant's labels, advertisements and packaging include uniform misrepresentations that misled Plaintiffs and the other members of the Classes to believe the Products were predominantly made with organic ingredients. Proof of a common set of facts will establish the liability of Defendant and the right of each member of the Classes to relief.

33. Plaintiffs assert claims that are typical of the claims of the Classes for purposes of Rule 23(a)(3). Plaintiffs and all members of the Class have been subjected to the same wrongful conduct because they have purchased the Products that are labeled and sold as organic, but, in fact, are not. Plaintiffs and the other members of the Classes have thus all overpaid for the Products.

34.     Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Classes for purposes of Rule 23(a)(4).  Plaintiffs have no interests antagonistic to those of other members of the Classes.  Plaintiffs are committed to the vigorous prosecution of this action and have retained counsel experienced in litigation of this nature to represent them. Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

35.     Class certification is appropriate under Rule 23(b)(2) because Defendant has acted on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief, is appropriate respecting the Classes as a whole.  Defendant utilizes advertising campaigns that include uniform misrepresentations that misled Plaintiffs and the other members of the Classes.

36.     Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact substantially predominate over any questions that may affect only individual members of the Classes.  These common legal and factual questions, which do not vary among Class members and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to the following:

        a.      whether Defendant labels, advertises and markets the Products by representing that the Products are "organic";

        b.      whether the Products are comprised predominantly with organically produced ingredients;

        c.      whether the Products are comprised of at least 70% organically produced ingredients;

        d.      whether Defendant's representations on the ingredient labels of the Products that less than 70% of the ingredients are organic is a binding admission on Defendant that the Products contain less than 70% organic ingredients;

        e.      whether Defendant's sales of Products as organic that contain less than 70% organic ingredients violates Health & Safety Code § 110838;

        f.      whether Plaintiffs are entitled to injunctive relief pursuant to Health & Safety Code § 111910 to restrain Defendant's ongoing violations of  COPA;

g.      whether Defendant's conduct is unethical, oppressive, unscrupulous, and/or substantially injurious to consumers;

h.      whether Defendant's conduct of selling Products as "organic" when such Products are not predominantly comprised  of organic ingredients is likely to deceive the members of the Classes;

i.      whether Defendant's conduct in advertising and marketing the Products constitutes a violation of the CLRA;

j.      whether Defendant's conduct constitutes fraudulent, unfair, or unlawful conduct as defined by the UCL;

k.      whether Plaintiffs and Class members are entitled to injunctive and other equitable relief based on Defendant's violations of the UCL and CLRA;

l.      whether Defendant's representations concerning the Products constitute express warranties with regard to the Products pursuant to California Civil Code § 2313;

m.      whether Defendant breached the express warranties it has made with regard to the Products;

n.      whether Plaintiffs and the other members of the Classes are entitled to damages resulting from Defendant's breach of the express warranties made regarding the Products; and

o.      whether Plaintiffs and the other members of the Class are entitled to compensatory and punitive damages as a result of Defendant's violations of the CLRA.

Defendant utilizes advertisements and packaging that include uniform misrepresentations that misled Plaintiffs and the other members of the Classes.  Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the parties.

37.     Proceeding as a class action provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the controversy.  Class members have suffered and will suffer irreparable harm and damages as a

-14-

1   result of Defendant's wrongful conduct.  Because of the nature of the individual Class members'

2   claims, few, if any, could or would otherwise afford to seek legal redress against Defendant for the

3   wrongs complained of herein, and a representative class action is therefore appropriate, the

4   superior method of proceeding, and essential to the interests of justice insofar as the resolution of

5   Class members' claims is concerned.  Absent a representative class action, members of the Classes

6   would continue to suffer losses for which they would have no remedy, and Defendant would

7   unjustly retain the proceeds of its ill-gotten gains.  Even if separate actions could be brought by

8   individual members of the Class, the resulting multiplicity of lawsuits would cause undue

9   hardship, burden and expense for the Court and the litigants, as well as create a risk of inconsistent

10  rulings which might be dispositive of the interests of the other members of the Classes who are not

11  parties to the adjudications and/or may substantially impede their ability to protect their interests.

12
13
**FIRST CAUSE OF ACTION**
**(Plaintiffs Allege Violations of COPA –**
**Injunctive Relief Pursuant to California Health & Safety Code § 111910(a))**

14      38.     Plaintiffs reallege and incorporate by reference as if specifically set forth herein

15  Paragraphs 1 through 37, inclusive.

16      39.     Plaintiffs are each a "person" within the meaning of Cal. Health & Safety Code §

17  111910(a).

18      40.     Defendant has violated and continues to violate the provisions of COPA, Cal.

19  Health & Safety Code § 110838, as described above.

20      41.     Cal. Health & Safety Code § 111910(a) provides for injunctive relief for any

21  violation of COPA and affords standing to "any person" to enforce such violations.  That Section

22  provides, in part:

23          any person may bring an action in superior court pursuant to this section
            and the court shall have jurisdiction upon hearing and for cause shown, to
            grant a temporary or permanent injunction restraining any person from
24          violating any provision of Article 7 (commencing with Section 110810) of
            Chapter 5.

25  *Ibid.*  That Section further provides that actions for injunctive relief to remedy violations of COPA

26  are not subject to all of the same restrictions as other actions for injunctive relief.  Specifically,

27

28          the person shall not be required to allege facts necessary to show, or
            tending to show, lack of adequate remedy at law, or to show, or tending to

show, irreparable damage or loss, or to show, or tending to show, unique or special individual injury or damages.

*Ibid.*

42.     Plaintiffs are thus entitled to both preliminary and permanent injunctive relief to restrain Defendant's violations of COPA.  Cal. Health & Safety Code § 111910(a).

Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

### SECOND CAUSE OF ACTION
**(Plaintiffs on behalf of themselves and the Classes, Allege Violations of California Business & Professions Code § 17200, *et seq.* Based on Commission of Unlawful Acts)**

43.     Plaintiffs reallege and incorporate by reference as if specifically set forth herein Paragraphs 1 through 42, inclusive.

44.     The violation of any law constitutes an unlawful business practice under Cal. Business & Professions Code § 17200.

45.     As detailed more fully in the preceding paragraphs, Defendant has violated and continues to violate provisions of COPA, specifically Cal. Health & Safety Code § 110838(a). Such violations are unlawful pursuant to Cal. Health & Safety Code § 110890(a).

46.     As detailed more fully in the succeeding paragraphs, the acts and practices alleged herein were intended to or did result in the sale of the Products in violation of the CLRA, Cal. Civ. Code § 1750, *et seq.*, specifically Cal. Civil Code §§ 1770(a)(5), 1770(a)(7), and 1770(a)(9).

47.     Defendant's conduct also violates Cal. Health & Safety Code § 111730, which prohibits the sale of any misbranded cosmetic product.  The Products, which contain labeling that falsely state that the Products are organic, are "false and misleading in any particular" in violation of Cal. Health & Safety Code § 111730.

48.     Defendant's conduct also violates Cal. Business & Professions Code § 17580.5, which makes it unlawful for any person to make any untruthful, deceptive, or misleading environmental marketing claim.  By misrepresenting that the Products are organic, Defendant is violating Cal. Business & Professions Code § 17580.5.

49.     By violating the CLRA, COPA, Cal. Health & Safety Code § 111730 and Cal. Business & Professions Code § 17580.5, Defendant has engaged in unlawful business acts and

practices which constitute unfair competition within the meaning of Cal. Business & Professions Code § 17200.

50.     An action for injunctive relief and restitution is specifically authorized under Cal. Business & Professions Code § 17203.

51.     Plaintiffs purchased the Products, which cost more due to Defendant's unlawful use of the term "organic" on the Products' label. Plaintiffs would not have purchased the Products at all, or would not have paid such a high price for the Products, but for Defendant's false use of the term organic on the Products' label. Plaintiffs have thus suffered injury in fact and lost money or property as a direct result of Defendant's misrepresentations and material omissions.

Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

**THIRD CAUSE OF ACTION**
**(Plaintiffs on behalf of themselves and the Classes, Allege Violations of**
**California Business & Professions Code § 17200, *et seq*.**
**Based On Fraudulent Acts And Practices)**

52.     Plaintiffs reallege and incorporate by reference as if specifically set forth herein Paragraphs 1 through 51, inclusive.

53.     Under Cal. Business & Professions Code § 17200, any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice.

54.     Defendant has engaged and continues to engage in conduct that is likely to deceive members of the public. This conduct includes, but is not limited to, misrepresenting that the Products are organic when, in fact, the Products are not comprised predominantly of organic ingredients. Accordingly, Defendant's violations of COPA are *per se* deceptive under California law.

55.     After reviewing the front label of the packaging for the Products, Brown purchased the Jason® Facial Wash Product in reliance on Defendant's representation that the Product was organic. After reviewing a photograph of the Product's front label and the Product's name, Lohela purchased the Avalon Organics® Lavender Hand and Body Lotion in reliance on Defendant's representation that the Product was organic. Plaintiffs would not have purchased the Products at all, or would not have paid such a high price for the Products, but for Defendant's false promotion

1  of the Products as organic.  Plaintiffs have thus suffered injury in fact and lost money or property

2  as a direct result of Defendant's misrepresentations and material omissions.

3       56.    By committing the acts alleged above, Defendant has engaged in fraudulent

4  business acts and practices, which constitute unfair competition within the meaning of Cal.

5  Business & Professions Code § 17200.

6       57.    An action for injunctive relief and restitution is specifically authorized under Cal.

7  Business & Professions Code § 17203.

8            Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

9                    **FOURTH CAUSE OF ACTION**
                **(Plaintiffs on behalf of themselves and the Classes, Allege Violations of**
10              **California Business & Professions Code § 17200, *et seq.***
                **Based on Unfair Acts and Practices)**

11

12      58.    Plaintiffs reallege and incorporate by reference as if specifically set forth herein

   Paragraphs 1 through 57, inclusive.
13

14      59.    Under Cal. Business & Professions Code § 17200, any business act or practice that

   is unethical, oppressive, unscrupulous and/or substantially injurious to consumers, or that violates
15

16  a legislatively declared policy, constitutes an unfair business act or practice.

17      60.    Defendant has engaged, and continues to engage, in conduct which is immoral,

   unethical, oppressive, unscrupulous and/or substantially injurious to consumers.  This conduct
18

19  includes, but is not limited to, misrepresenting that the Products are organic, even though such

   Products are not organic under California law.  The gravity of harm caused by Defendant's
20

21  conduct as described herein far outweighs the utility, if any, of such conduct.

22      61.    Defendant has engaged, and continues to engage, in conduct that violates the

23  legislatively declared policy of COPA against labeling and representing that cosmetic products are

   organic unless such products are comprised of at least 70% organic ingredients.  Defendant has
24

25  further engaged, and continues to engage, in conduct that violates the legislatively declared policy

   of the CLRA against misrepresenting the characteristics, uses, benefits, and quality of goods for
26

27  sale; the legislatively declared policy of the Sherman Food, Drug and Cosmetic Act by selling

28  misbranded cosmetic products; the legislatively declared policy of Cal. Business & Professions

-18-

1   Code § 17580.5 against making false or misleading environmental advertising claims; and the

2   legislatively declared policy of California Commercial Code § 2313 against breaching express

3   warranties made with regard to consumer products.  Defendant gains an unfair advantage over its

4   competitors, whose advertising for cosmetics must comply with the CLRA, the Federal Trade

5   Commission Act ("FTC Act") , and Cal. Business & Professions Code § 17508.

6        62.     Defendant's conduct, including misrepresenting the benefits of the Products, is

7   substantially injurious to consumers.  Such conduct has and continues to cause substantial injury

8   to consumers because consumers would not have purchased the Products at all, or would not have

9   paid such a high price for the Products, but for Defendant's false promotion of the Products as

10  being organic.  Consumers have thus overpaid for the Products.  Such injury is not outweighed by

11  any countervailing benefits to consumers or competition.  Indeed, no benefit to consumers or

12  competition results from Defendant's conduct.  Since consumers reasonably rely on Defendant's

13  representations of the Products and injury results from ordinary use of the Products, consumers

14  could not have reasonably avoided such injury.  *Davis v. Ford Motor Credit Co.* (2009) 179 Cal.

15  App. 4th 581, 597-98; *see also Drum v. San Fernando Valley Bar Ass'n* (2010) 182 Cal. App. 4th

16  247, 257 (outlining the third test based on the definition of "unfair" in Section 5 of the FTC Act).

17       63.     By committing the acts alleged above, Defendant has engaged in unfair business

18  acts and practices which constitute unfair competition within the meaning of Cal. Business &

19  Professions Code § 17200.

20       64.     An action for injunctive relief and restitution is specifically authorized under Cal.

21  Business & Professions Code § 17203.

22       65.     Plaintiffs purchased the Products in reliance on Defendant's representations that the

23  Products were organic.  Plaintiffs would not have purchased the Products at all, or would not have

24  paid such a high price for the Products, but for Defendant's false promotion that the Products are

25  organic.  Plaintiffs have thus suffered injury in fact and lost money or property as a direct result of

26  Defendant's misrepresentations and material omissions.

27            Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

28

**FIFTH CAUSE OF ACTION**
**(Plaintiffs on behalf of themselves and the Classes,**
**Allege Violations of the CLRA)**

66.     Plaintiffs reallege and incorporate by reference as if specifically set forth herein Paragraphs 1 through 65, inclusive.

67.     Plaintiffs purchased the Products for their own personal use.

68.     The acts and practices of Defendant as described above were intended to deceive Plaintiffs and the members of the Classes as described herein, and have resulted and will result in damages to Plaintiffs and members of the Classes.  These actions violated and continue to violate the CLRA in at least the following respects:

a.     In violation of Section 1770(a)(5) of the CLRA, Defendant's acts and practices constitute representations that the Products have characteristics, uses and/or benefits which they do not;

b.     In violation of Section 1770(a)(7) of the CLRA, Defendant's acts and practices constitute representations that the Products are of a particular quality which they are not; and

c.     In violation of Section 1770(a)(9) of the CLRA, Defendant's acts and practices constitute the advertisement of the goods in question without the intent to sell them as advertised.

69.     By reason of the foregoing, Plaintiffs and the Class members have suffered damages.

70.     By committing the acts alleged above, Defendant violated the CLRA.

71.     In compliance with the provisions of Cal. Civil Code § 1782, Plaintiff Brown provided written notice to Defendant on May 11, 2011, regarding her intention to amend the Complaint to seek damages under Cal. Civil Code § 1750, *et seq*.  As of the date of this amended complaint, Defendant has failed to provide appropriate consideration or other remedy to all affected consumers.

72.     In compliance with the provisions of Cal. Civil Code § 1782, Plaintiff Lohela provided written notice to Defendant on May 4, 2012, regarding his intention to seek damages

1   under Cal. Civil Code § 1750, *et seq.*, unless Defendant offers appropriate consideration or other

2   remedy to all affected consumers.  As of the date of this amended complaint, Defendant has failed

3   to provide appropriate consideration or other remedy to all affected consumers.

4         73.     Plaintiffs and members of the Classes are entitled, pursuant to Cal. Civil Code §

5   1780(1)(2), to an order enjoining the above-described wrongful acts and practices of Defendant,

6   and ordering the payment of costs and attorneys' fees and any other relief deemed appropriate and

7   proper by the Court under Cal. Civil Code § 1780.  Plaintiffs also seek damages on behalf of

8   themselves and the Classes pursuant to Cal. Civil Code §1781(a) resulting from the above-

9   described wrongful acts and practices of Defendant.

10         74.     Concurrently with filing the original Complaint in Alameda County Superior Court,

11   Plaintiff Brown filed an affidavit pursuant to Cal. Civil Code § 1780(d) regarding the propriety of

12   venue.  Although this case was subsequently removed to this District, venue remains proper

13   pursuant to Cal. Civil Code § 1780(d) as a substantial portion of the transactions at issue occurred

14   in this District.

15         Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

16   

**SIXTH CAUSE OF ACTION**
**(Plaintiffs on behalf of themselves and the Classes, Allege**
17   **Violations of California Commercial Code § 2313**
**Based on Breach of Express Warranty)**

18
19         75.     Plaintiffs reallege and incorporate by reference as if specifically set forth herein

Paragraphs 1 through 74, inclusive.

20
21         76.     Defendant's representations that the Products are organic constitute affirmations of

fact made with regard to the Products as well as descriptions of the Products.

22
23         77.     Defendant's representations that the Products are organic are made on the Products'

labels, Defendant's website promoting the Products, advertising for the Products and Product
24
25   promotions, and are thus part of the basis of the bargain between Defendant and purchasers of the

Products.
26
27         78.     As set forth in the paragraphs above, Defendant's statements concerning the

Products are false.
28

1    79.    Defendant has thus breached its express warranties concerning the Products in

2 violation of Cal. Commercial Code § 2313.

3    80.    Plaintiffs and members of the Classes have suffered damages as a result of

4 Defendant's breach in that they paid for Products with qualities and benefits which they failed to

5 receive.

6         Wherefore, Plaintiffs pray for judgment against Defendant, as set forth hereafter.

7                        **PRAYER FOR RELIEF**

8         WHEREFORE, Plaintiffs pray for judgment and relief against Defendant as

9 follows:

10        A.    That the Court declare this a class action;

11        B.    That the Court preliminarily and permanently enjoin Defendant from

12 conducting its business through the unlawful, unfair or fraudulent business acts or practices,

13 untrue and misleading advertising and other violations of law described in this Complaint;

14        C.    That the Court order Defendant to conduct a corrective advertising and

15 information campaign advising consumers that the Products do not have the characteristics, uses,

16 benefits, and qualities Defendant has claimed;

17        D.    That the Court order Defendant to implement whatever measures are

18 necessary to remedy the unlawful, unfair or fraudulent business acts or practices, untrue and

19 misleading advertising, and other violations of law described in this Complaint;

20        E.    That the Court order Defendant to notify each and every individual who

21 purchased the Products of the pendency of the claims in this action in order to give such

22 individuals and businesses an opportunity to obtain restitution from Defendant;

23        F.    That the Court order Defendant to pay restitution to restore to all affected

24 persons all funds acquired by means of any act or practice declared by this Court to be an

25 unlawful, unfair, or a fraudulent business act or practice, untrue or misleading advertising, plus

26 pre- and post-judgment interest thereon;

27        G.    That the Court order Defendant to disgorge all monies wrongfully obtained

28 and all revenues and profits derived by Defendant as a result of their acts or practices as alleged in

1  this Complaint;

2          H.      That the Court award damages to Plaintiffs and the Classes to compensate

3  them for Defendant's breach of the express warranties created with regard to the Products;

4          I.      That the Court grant Plaintiffs their reasonable attorneys' fees and costs of

5  suit pursuant to Cal. Code of Civil Procedure § 1021.5, Cal. Civil Code § 1780(d), Cal. Health &

6  Safety Code § 111910(b), the common fund doctrine and/or any other appropriate legal theory;

7          J.      That the Court award damages to Plaintiffs and the Classes pursuant to Cal.

8  Civil Code § 1781(a) resulting from Defendant's violations of the CLRA;

9          K.      That the Court award punitive damages to Plaintiffs and the Classes

10  pursuant to Cal. Civil Code § 1780(a)(4); and

11          L.      That the Court grant such other and further relief as may be just and proper.

12                              **<u>JURY DEMAND</u>**

13          Plaintiffs demand a trial by jury on all causes of action so triable.

14

15  DATED:  August 21, 2012                    LEXINGTON LAW GROUP

16

17

18                                  */s/        Mark N. Todzo*
                                    Mark N. Todzo (State Bar No. 168389)
19                                  Howard J. Hirsch (State Bar No. 213209)
                                    Lucas Williams (State Bar No. 264518)
20                                  LEXINGTON LAW GROUP
                                    503 Divisadero Street
21                                  San Francisco, CA 94117
                                    Telephone: (415) 913-7800
22                                  Facsimile: (415) 759-4112
                                    mtodzo@lexlawgroup.com
23                                  hhirsch@lexlawgroup.com
                                    lwilliams@lexlawgroup.com
24                                  Attorneys for Plaintiffs ROSMINAH BROWN
                                    and ERIC LOHELA
25

26

27

28

## CERTIFICATE OF SERVICE

On August 21, 2012, I electronically submitted the foregoing document with the Clerk of court for the U.S. District Court, Northern District of California, using the electronic case filing ("ECF") system of the Court.  All parties who have consented to electronic service will receive notice of this filing by operation of the ECF system.  Any parties who have not consented to electronic service will receive a paper copy of this electronically filed document through the United States Postal Service.

/s/ Mark N. Todzo
Mark N. Todzo
LEXINGTON LAW GROUP
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
Email: mtodzo@lexlawgroup.com