UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

ROSMINAH BROWN, *et al.*,

        Plaintiffs,

    v.

THE HAIN CELESTIAL GROUP, INC.,

        Defendant.

_____/

No. C 11-03082 LB

**DISCOVERY ORDER**

    The parties previously filed a joint discovery letter. *See* ECF No. 52. Most of Defendant's opposition to the discovery was about staying discovery pending an interlocutory appeal. *See id.* Defendant also made some relevance objections and high-level burden objections. *See id.*

    The court rejected the relevancy objections and said that it was not inclined to stay discovery pending any interlocutory appeal. 8/10/12 Order, ECF No. 64. It did say it would permit Defendant to raise objections more specifically. *Id.* at 4 (the court's joint discovery letter procedures are not meant to limit the parties' ability to raise issues but instead are to facilitate the court's review of the issues). Going forward, it was the court's intent to have joint letters to address issues like burden. *See id.* (disputes are buried in the attachments; parties need to address them directly).

    This process, however, is not meant to be a tool to delay discovery. The court expects the parties to act in good faith and work diligently to present any disputes to the court via the joint letter process. The process allows Plaintiffs to demand a meet-and-confer with ten days' advance notice. A joint letter is filed five days after the meeting. This allows the parties to raise a dispute within

C 11-03082 LB
ORDER

1 roughly two weeks to the court. For now, the court will stick to that process.

2 Under the circumstances, the court denies the motion for administrative relief at ECF No. 71.

3 The court reiterates that it already ruled that the discovery is relevant.

4 This disposes of ECF No. 71.

5 **IT IS SO ORDERED.**

6 Dated: September 6, 2012

_____
LAUREL BEELER
7 United States Magistrate Judge

C 11-03082 LB
ORDER    2