UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ROSMINAH BROWN and ERIC LOHELA, on behalf of themselves and all others similarly situated, | No. C 11-03082 LB |
| Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY THE COURT'S AUGUST 1, 2012 ORDER RE PREEMPTION AND PRIMARY JURISDICTION FOR INTERLOCUTORY APPEAL AND DENYING DEFENDANT'S MOTION TO STAY CASE PENDING APPEAL |
| v. | |
| THE HAIN CELESTIAL GROUP, INC., a Delaware Corporation, | |
| Defendant. | |
| _____/ | [ECF No. 60] |

## I. INTRODUCTION

On August 1, 2012, the court issued an order denying Defendant The Hain Celestial Group, Inc.'s ("Hain") motion to dismiss for lack of subject matter jurisdiction ("Order"). ECF No. 58.[1] On August 9, 2012, Hain moved the court to amend the Order and certify it for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). ECF No. 60. Hain also asks the court to stay this case pending the appeal. *Id.* Plaintiffs Rosminah Brown and Eric Lohela oppose Hain's request. ECF No. 70.

The court grants Hain's request to certify the case for interlocutory appeal because the order presents a controlling question of law about which there are substantial grounds for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

UNITED STATES DISTRICT COURT
For the Northern District of California

C 11-03082 LB (ORDER)

UNITED STATES DISTRICT COURT
For the Northern District of California

1    The court denies Hain's request for a stay while the appeal is pending.

## II. BACKGROUND TO INSTANT MOTION

3    Plaintiffs Brown and Lohela are suing The Hain Celestial Group, a manufacturer and distributor

4    of cosmetic products (also referred to as personal care products) that are marketed, labeled, and sold

5    in California as "organic." First Am. Compl. ("FAC"), ECF No. 68, ¶ 1. Hain sells cosmetic

6    products under the Jason and Avalon Organics brands. *Id.* Plaintiffs allege that Hain markets,

7    labels, and sells these products (the "Products") as "organic," even though they are not

8    predominately made from organic ingredients. *Id.* Plaintiffs allege that they purchased the Products

9    because they were organic and they would not have purchased them, at least for the same price, but

10   for Hain's allegedly false and misleading claims. *Id.* Plaintiff Rosminah Brown filed suit in

11   Alameda County Superior Court, alleging causes of action under the California Organic Products

12   Act of 2003 ("COPA"), Cal. Health & Safety Code § 110810, *et seq.*, specifically § 111910(a),

13   California's Unfair competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, California's

14   Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, and for breach of express warranty

15   under Cal. Com. Code § 2313.

16   On March 2, 2012, Hain filed a motion to dismiss for lack of subject matter jurisdiction, arguing

17   that the Organic Foods Production Act of 1990 ("OFPA"), 7 U.S.C. §§ 6501-24, expressly

18   preempted COPA, which, Hain argued, was the basis for all of Brown's claims. *See* Mot. to

19   Dismiss, ECF No. 27 at 10.

20   At the hearing on the motion to dismiss, the court told the parties its view that OFPA expressly

21   preempts state certification requirements but does not expressly bar state law claims that do not

22   conflict with OFPA's provisions. During oral arguments, Hain raised additional arguments

23   regarding the primary jurisdiction doctrine that were not briefed previously. Hain subsequently

24   sought leave to submit post-hearing briefs regarding the motion to dismiss. *See* Mot. for Leave,

25   ECF No. 41 at 2. The court permitted the parties to submit post-hearing briefs on the narrow issue

26   of the applicability of the primary jurisdiction doctrine to this case. Order, ECF No. 47. The parties

27   then submitted post-hearing briefs. ECF Nos. 49, 51. On August 1, 2012, having considered the

28   parties' pre- and post-hearing briefs, the court denied Hain's motion to dismiss on preemption and

C 11-03082 LB (ORDER)                                    2

1    primary jurisdiction grounds.  ECF No. 58.

2    On August 9, 2012, Hain filed this motion to certify the court's August 1 order for interlocutory

3    appeal and to stay.  ECF No. 60.  While that motion was pending, Plaintiff Rosminah Brown filed an

4    amended complaint adding Eric Lohela as a co-plaintiff.  ECF No. 68.

5    **III.  LEGAL STANDARD**

6    Section 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive

7    order with the consent of both the district court and the court of appeals.  28 U.S.C. § 1292(b); *In re*

8    *Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  A district court may certify an

9    interlocutory appeal pursuant to 28 U.S.C. § 1292(b) "only in exceptional situations in which

10   allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* (citing *U.S.*

11   *Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)

12   The district court may certify an order for interlocutory appellate review under section 1292(b) if

13   the following three requirements are met: "(1) there is a controlling question of law, (2) there are

14   substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance

15   the ultimate termination of the litigation." *Id.*

16   The Ninth Circuit defines a controlling question as one in which "the resolution of the issue on

17   appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust*

18   *Litig.*, 637 F.2d at 1027.  A question may be controlling even though its resolution does not

19   determine who will prevail on the merits. But it is not controlling simply because its immediate

20   resolution may promote judicial economy.

21   With regard to the second factor, "[c]ourts traditionally will find that a substantial ground for

22   difference of opinion exists where the circuits are in dispute on the question and the court of appeals

23   of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if

24   novel and difficult questions of first impression are presented." *Couch v. Telescope, Inc.* 611 F.3d

25   629, 633 (9th Cir. 2010) (quotations omitted).

26   Finally, the Ninth Circuit has not expressly defined material advancement of the ultimate

27   termination of the litigation.  Still an immediate appeal will not materially advance the ultimate

28   termination of litigation where the appeal might postpone the scheduled trial date.  *See Shurance v.*

UNITED STATES DISTRICT COURT
For the Northern District of California

C 11-03082 LB (ORDER)                3

1  *Planning Control Int'l, Inc.* 839 F.2d 1347, 1348 (9th Cir. 1988).

2  <div align="center">**III. DISCUSSION**</div>

3      As discussed below, Hain argues that the issues presented for certification meet all three of the

4  section 1292(b) requirements. ECF No. 60 at 8. In addition, Hain suggests that appellate review

5  would conserve judicial and party resources and provide guidance to the organic products industry.

6  *Id.* Below, the court analyzes the parties' arguments as to the three factors for permissive

7  certification and concludes that certification is appropriate.

8      Hain requests the court certify two issues for interlocutory appeal: (1) whether "[t]he relevant

9  provisions of [COPA] are preempted and inoperative unless reviewed and approved by the [USDA]

10  under [OFPA];" and (2) whether OFPA "requires administrative exhaustion of the claims in this case

11  to avoid undercutting national organic standards." Mot., ECF No. 60 at 6.

12  **A. Whether the Relevant Provisions of COPA are Preempted Unless Approved by USDA**

13      Hain argues that the preemption issue is a controlling question of law because reversal of the

14  court's decision would, in Hain's view, mandate dismissal of the entire action. Mot., ECF No. 60 at

15  8-9. In opposition, Plaintiffs argue that certification of an issue for interlocutory appeal is improper

16  where the appeal will not resolve at least most of the claims in the lawsuit. Opp'n, ECF No. 70 at

17  11. Plaintiffs point out that Hain seeks review of only the legal question whether COPA's cosmetic

18  labeling provisions are preempted without USDA approval and does not seek review of the factual

19  question of whether any particular COPA provisions were actually approved. Opp'n, ECF No. 70 at

20  10-11. And even if the Ninth Circuit were to go beyond that question and determine that COPA is

21  preempted, this would not necessarily dispose of all of Plaintiffs' claims. *Id.* at 11. Because at least

22  some of Plaintiffs' claims would survive reversal of this court's order, they argue the issue is not

23  controlling. *Id.*

24      In reply, Hain seems to recast the question for certification as whether COPA is actually

25  preempted and then argues that such a ruling would significantly narrow the issues and advance the

26  resolution of the case. ECF No. 72 at 9-10. Hain also disputes Plaintiffs' assertion that certification

27  is appropriate only where a successful appeal would completely resolve plaintiff's claims. *Id.* at 10.

28      The court disagrees with Hain's opinion that an appellate decision would remove jurisdiction

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1   over most of the case.  As previously explained, the court does not read Plaintiffs' claims as

2   narrowly as Hain.  Nonetheless, the court agrees with Hain and the weight of authority that

3   certification is appropriate where a successful appeal would materially advance, though not

4   completely dispose of, the litigation.  If the court's order were reversed on appeal, it would limit the

5   legal theories under which Plaintiffs could prove their case.  Accordingly, the court finds that the

6   preemption question presents a controlling question of law.

7       Next Hain argues that there are substantial grounds for difference of opinion regarding the

8   preemption issue.  Mot., ECF No. 10-13  Hain characterizes the dispute as presenting novel and

9   difficult questions of first impression.  Mot., ECF No. 60 at 11.  For example, California is the only

10  state with a statutory scheme that regulates the composition and labeling of organic products and

11  there are no reported cases involving COPA as the predicate for consumer protection claims.  *Id.*

12  Hain also argues that there are strong arguments on both sides of the preemption issue.  *Id.* at 11-13.

13  Plaintiffs respond that the issue presented is not so complex as Hain maintains and that its novelty is

14  a function of its spuriousness.  Opp'n, ECF No. 70 at 8-10.  Plaintiffs also unpersuasively argue,

15  based on out-of-circuit precedent, that interlocutory appeal is appropriate only if there is genuine

16  doubt as to the correct legal standard.  Opp'n, ECF No. 70 at 8 (citing *Cardona v. General Motors*

17  *Corp.*, 939 F. Supp. 351, 353 (D. N.J. 1996)).  In the absence of any evidence of Congressional

18  intent to preempt, the court does not believe that there are strong arguments for Hain's preemption

19  position.  Nonetheless, the issue Hain seeks to certify does involve a complex interplay between

20  federal and state law that has not previously been addressed by the Ninth Circuit.  Accordingly, the

21  court finds that there are sufficiently substantial grounds for difference of opinion to justify

22  certifying the question under 28 U.S.C. § 1292(b).

23      Finally, the parties devote relatively little attention to the question of whether interlocutory

24  review will materially advance the termination of the litigation.  Hain merely restates its conclusion

25  that "[a] successful interlocutory appeal of the Order would result in dismissal of all of Plaintiff's

26  claims and terminate the action."  Mot., ECF No. 60 at 15.  Hain also argues that an interlocutory

27  appeal is not likely to significantly delay this litigation because trial is not scheduled for eight

28  months.  *Id.*  While the court does not share Hain's view that a successful appeal would necessarily

1  result in dismissal of all of Plaintiff's claims, that is one possible outcome.  Thus, interlocutory

2  appeal could materially advance termination of the litigation.  And an interlocutory appeal will not

3  delay this litigation because, as discussed below, the court denies Hain's motion to stay.

4  Accordingly, the court GRANTS Hain's motion to certify the first issue for interlocutory appeal.

5  **B.  <u>Whether OFPA Requires Administrative Exhaustion of Plaintiffs' Claims</u>**

6       The second issue for which Hain seeks certification under 28 U.S.C. § 1292(b) is whether OFPA

7  requires administrative exhaustion of the claims in this case to avoid undercutting national organic

8  standards.  Mot., ECF No. 60 at 6.  Before analyzing whether this issue meets the section 1292(b)

9  factors, the court addresses Plaintiffs' initial objection.  Plaintiffs argue that the administrative

10  exhaustion question is inappropriate for interlocutory review because it was neither briefed nor

11  decided by the court.  Opp'n, ECF No. 70 at 12.  Instead, Plaintiffs point out, the parties' briefing

12  and the court's Order addressed whether the court should defer to the USDA under the primary

13  jurisdiction doctrine.  *Id.*  Primary jurisdiction is a discretionary doctrine "triggered when

14  administrative proceedings involve *an issue* also involved in the district court litigation."  *Verizon*

15  *Nw., Inc. v. Portland Gen. Elec. Co.*, CIV. 03-1286-MO, 2004 WL 97615 (D. Or. Jan. 13, 2004).

16  On the other hand, "[e]xhaustion is not concerned with merely issues but with whether the ultimate

17  *relief* sought in the district court would be available in administrative proceedings.  *Id.*

18       As Hain points out in reply, however, the parties and the court addressed whether Plaintiffs

19  needed to exhaust their administrative remedies before filing suit.  *See* Reply, ECF No. 72 at 8

20  (collecting citations).  Accordingly, the court finds that the issue is ripe for appellate review.

21       Turning to the section 1292(b) elements, Hain argues that the exhaustion issue involves a

22  controlling question of law because reversal by the Ninth Circuit would, in Hain's view, mandate a

23  stay or dismissal of the entire action.  *See* Mot., ECF No. 60 at 9-10 (discussing, as analogous, *Pom*

24  *Wonderful LLC v. Coca Cola Co.*, 679 F.3d 1170, 1178 (9th Cir. 2012)).  Plaintiffs do not directly

25  address Hain's arguments on this element, which the court agrees Hain has established.

26       The exhaustion issue also presents novel and difficult questions of first impression sufficient to

27  meet the second 1292(b) element.  Initially, Hain argues that substantial grounds for a difference of

28  opinion are established by the recent decision in *All One God Faith, Inc. v. The Hain Celestial*

<div style="writing-mode: vertical">**UNITED STATES DISTRICT COURT**
**For the Northern District of California**</div>

C 11-03082 LB (ORDER)                                    6

1   *Group, Inc.*, No. C 09-3517 SI, 2012 WL 3257660 (N.D. Cal. Aug. 8, 2012), in which the court

2   deferred to the USDA under the primary jurisdiction doctrine.  Hain argues that this opinion

3   constitutes contradictory precedent.  *See* Mot., ECF No. 60 at 14.  Plaintiffs point out, however, that

4   case involves Lanham Act claims, which the court has already determined are distinguishable from

5   the state law claims at issue in this case.  Opp'n, ECF No. 70 at 13.

6   Nonetheless, the court still finds that this issue presents substantial grounds for a difference of

7   opinion with respect to the exhaustion issue.  The court's ruling on the related primary jurisdiction

8   question was largely premised on practical considerations, including deference to the apparently

9   copacetic coexistence between state and federal authorities with respect to the interaction of COPA

10  and the National Organic Program.  *See* Order, ECF No. 58 at 24.

11  Finally, appellate resolution of the exhaustion issue in Hain's favor could materially advance the

12  ultimate termination of the litigation by significantly paring down the issues for judicial

13  determination.

14  **C.  Whether the Case Should Be Stayed Pending Appeal**

15  Section 1292(b) states that an application for an appeal shall not automatically stay the

16  proceedings but permits the court to order a stay.  28 U.S.C. § 1292(b).  Hain contends that a stay

17  pending appeal is appropriate "where it will 'promote economy of time and effort for itself, for

18  counsel, and for litigants.'"  Mot., ECF No. 60 at 16 (quoting *Ritz Camera & Image, LLC, v.*

19  *SanDisk Corp.*, No. 10-cv-02787 (JF), 2011 WL 3957257, at *3 (N.D. Cal. Sept. 7, 2011)).  Hain

20  argues that a stay is appropriate because the interlocutory appeal will challenge the court's

21  jurisdiction, discovery in this case will likely be burdensome on the parties and the court, and a stay

22  will not prejudice Plaintiffs.  *Id.* at 16-18.

23  Plaintiffs oppose a stay pending appeal, particularly where it seems relatively unlikely that

24  appellate resolution would dispose of the entire case.  Opp'n, ECF No. 70 at 14.  They ask that the

25  court balance the hardships facing the parties, which they contend favors proceeding with discovery.

26  *Id.* at 15.  Plaintiffs dispute Hain's characterization of their discovery requests as particularly

27  burdensome, and they suggest that Hain seeks a stay simply to delay responding to their reasonable

28  discovery as long as possible.  *Id.* at 16.

UNITED STATES DISTRICT COURT
For the Northern District of California

C 11-03082 LB (ORDER)                    7

1    The court has reviewed Plaintiffs' discovery requests and found them to be generally reasonable.

2    *See, e.g.,* Order Re: Joint Discovery Letter, ECF No. 64.  For much of this litigation, Hain has

3    unilaterally imposed a stay of discovery that has unnecessarily delayed the proceedings.  The court

4    DENIES Hain's request to stay discovery pending interlocutory appeal.

5                                        **IV.  CONCLUSION**

6    While certification pursuant to § 1292(b) is to be used sparingly, on balance, the court finds that

7    its order meets all of the necessary criteria for the reasons discussed above and is appropriate for

8    certification.  Accordingly, the court GRANTS Hain's motion to certify.  The court amends its

9    order, ECF No. 58, to add the following sentence: "The court certifies the for immediate

10   interlocutory appeal pursuant to 28 U.S.C. § 1292(b)."  And due to the extensive discovery delays

11   thus far, the court DENIES Hain's motion to stay this case  during the pendency of the appeal.

12   This disposes of ECF No. 60.

13   **IT IS SO ORDERED.**

14   Dated: September 20, 2012

15                                        LAUREL BEELER
                                          United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California