William J. Friedman (admitted *pro hac vice*)
wfriedman@cov.com
Samantha J. Choe (State Bar No. 252002)
schoe@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone:     (415) 591-6000
Facsimile:     (415) 591-6091

Attorneys for Defendant
THE HAIN CELESTIAL GROUP, INC.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSMINAH BROWN and ERIC LOHELA, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>    v.<br><br>THE HAIN CELESTIAL GROUP, INC., a Delaware Corporation,<br><br>         Defendant. | Civil Case No.: CV-11-03082 LB<br><br>**DEFENDANT THE HAIN CELESTIAL GROUP, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br>(Fed. R. Civ. P. 12(f))<br><br>Date:  December 20, 2012<br>Time:  11:00 a.m.<br>Courtroom:  C, 15th Floor |

DEFENDANT THE HAIN CELESTIAL GROUP, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES
DC: 4588524-2

Civil Case No.: CV-11-03082 LB

**TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUE TO BE DECIDED ........................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................................. 1

I.    INTRODUCTION ................................................................................................................. 1

II.    FACTUAL BACKGROUND ................................................................................................. 2

    A.    The Organic Foods Production Act and the National Organic Program ................ 2

    B.    Procedural Background and Allegations of the First Amended Complaint ........... 2

III.    PLAINTIFFS LACK STANDING TO ASSERT CLAIMS OVER THE PRODUCTS THEY DID NOT PURCHASE ..................................................................................................... 5

    A.    Legal Standard .......................................................................................................... 5

    B.    District Courts in the Ninth Circuit Are Trending Towards A Bright Line Rule ........................................................................................................................... 5

    C.    The Products Plaintiffs Purchased Are Dissimilar to the Products They Did Not Purchase ...................................................................................................... 6

IV.    CONCLUSION ..................................................................................................................... 8

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 20, 2012 at 11:00 a.m., in the courtroom of the Honorable Laurel Beeler, or at such date and time as the Court may otherwise direct, Defendant The Hain Celestial Group, Inc. ("Hain Celestial") will, and hereby does, move to strike all class allegations from Plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(f).

This motion is made on the grounds that Plaintiffs lack standing to assert claims as to products they did not purchase. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the other papers on file in this action, and such other submission or argument that may be presented before or at the hearing on this motion.

**STATEMENT OF ISSUE TO BE DECIDED**

Whether the class allegations concerning the products that Plaintiffs did not purchase should be stricken for lack of standing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

In this District and the Ninth Circuit generally, courts routinely strike class allegations involving products the putative class representatives did not purchase or when the products they did purchase are dissimilar to those that were purchased by other members of the putative class. As to the latter, similarity is based not only on the labeling of the products, but also on the nature of the products, their function, and their substitutability. Here, Plaintiffs did not purchase many of the cosmetic products that are the subject of their expansive class allegations, and certainly did not purchase each of the distinct subclasses of products that are in the two separate product lines manufactured by Hain Celestial.[1] Plaintiffs' class allegations concerning the products they did not purchase must therefore be stricken for lack of standing.

---

[1] *See* 21 U.S.C. § 321 (i) ("The term 'cosmetic' means (1) articles intended to be rubbed, poured, sprinkled, or sprayed on, introduced into, or otherwise applied to the human body or any part thereof for

DEFENDANT THE HAIN CELESTIAL GROUP, INC.'S NOTICE OF
MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS;
MEMORANDUM OF POINTS AND AUTHORITIES

Civil Case No.: CV-11-03082 LB

## II.   FACTUAL BACKGROUND

### A.   The Organic Foods Production Act and the National Organic Program

Defendant's prior pleadings have set forth the background of the Organic Foods Production Act, Pub. L. No. 101-624, § 2102, 104 Stat. 3359 (1990) (codified at 7 U.S.C. §§ 6501-6523) ("OFPA), and National Organic Program ("NOP") 7 C.F.R. Part 205 in significant detail.  *See* Dkt No. 27, Motion to Dismiss; Dkt No. 49, Supplemental Brief.

The California Organic Products Act ("COPA") was enacted in 2003 and has largely been ignored because non-federal organic product standards have been preempted since the enactment of OFPA.  There are no reported cases under COPA.

### B.   Procedural Background and Allegations of the First Amended Complaint

On May 11, 2011, Rosminah Brown ("Brown") and Center for Environmental Health ("CEH") filed a Class Action Complaint (the "Original Complaint") in the Superior Court of the State of California, County of Alameda, against Defendant Hain Celestial.  *See* Original Compl.  Hain Celestial answered the Original Complaint on June 21, 2011, and the next day removed the action to this Court based on diversity jurisdiction under the Class Action Fairness Act.  *See* Dkt. No. 1, Notice of Removal ¶¶ 3, 6.  CEH subsequently was removed as a Plaintiff from the Original Complaint.  *See* Dkt. No. 39.

On March 2, 2012, Hain Celestial moved to dismiss the Original Complaint on grounds that Plaintiff Brown's claims were preempted by federal law and should be dismissed for lack of subject matter jurisdiction.  After briefing and oral argument, on August 1, 2012, the Court denied the motion, holding that Plaintiff Brown's state law claims were neither federally preempted nor subject to the primary jurisdiction doctrine.  *See* Dkt. No. 58, August 1, 2012 Order on Motion to Dismiss.  On August 9, 2012, Hain Celestial moved the Court to certify for interlocutory appeal its August 1, 2012 order to allow the United States Court of Appeals for the Ninth Circuit to consider the novel and controlling issues of first impression presented in this

---

cleansing, beautifying, promoting attractiveness, or altering the appearance, and (2) articles intended for use as a component of any such articles; except that such term shall not include soap.")

DEFENDANT THE HAIN CELESTIAL GROUP, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

2

Civil Case No.: CV-11-03082 LB

1   litigation and to stay discovery and any applicable case deadlines during the pendency of any
2   such appeal.
3           On September 24, 2012, the Court entered an order granting Hain Celestial's
4   motion to certify, finding that the August 1, 2012 order met all of the necessary criteria for
5   certification pursuant to 28 U.S.C. § 1292(b).  *See* Dkt. No. 79, September 24, 2012 Order
6   Certifying Interlocutory Appeal.  The Court denied Hain Celestial's motion to stay.  *Id.*  Hain
7   Celestial subsequently filed a petition for permission for interlocutory appeal in the Ninth
8   Circuit.  That petition is currently pending.
9           On August 23, 2012, Plaintiffs filed the FAC, adding Plaintiff Eric Lohela and
10  various claims relating to the Avalon Organics products he allegedly purchased.  The FAC
11  alleges that Plaintiffs Rosminah Brown and Eric Lohela purchased eight cosmetic products
12  manufactured by Hain Celestial and that these products did not comply with California law.
13  Common to all six claims set forth in the FAC is a single underlying alleged violation of
14  California state law—that each of the products purchased by Plaintiffs was "sold as organic"
15  under COPA and did not contain 70% organic agricultural content as is purportedly required
16  under COPA, specifically California Health and Welfare Code Section 110838(a).[2]  Plaintiffs
17  claim they were misled by the product labels, overpaid for the products, and propose putative
18  classes consisting of all persons who purchased the products in the state of California.
19          The FAC describes Hain Celestial as manufacturing and selling cosmetic
20  products sold under the JASON and Avalon Organics brands in California.  *See* FAC ¶¶ 1, 7.
21  Plaintiffs contend that the products were marketed, labeled, and "sold as organic" based on the
22  JASON brand's tagline of "Pure, Natural & Organic," and use of the word "Organics" in the
23  "Avalon Organics" brand name.  *See id.* ¶¶ 1, 14.  Plaintiffs contend that such uses of the word

---

[2] To the extent Plaintiffs argue that they may proceed based on an allegation that Hain Celestial's products fail to meet the "common sense consumer expectation" that the products contain "predominantly organic" content, FAC ¶ 24—a standard potentially looser than the 70% minimum organic content requirement the FAC seeks to impose under COPA—preemption of COPA's specific compositional standard would plainly subsume a state law claim completely unhinged from any federal or state organic compositional standard.  *See All One God Faith v. Hain Celestial, Group, Inc.*, No. C 09-3517 SI, 2012 WL 3257660, at *11 (N.D. Cal. Aug. 8, 2012) (dismissal of case based on "consumer expectations").

1  "organic" are misleading because the products do not meet state law requirements under COPA.
2  *See id.* ¶¶ 1, 3-4.
3     In particular, Plaintiff Brown, a California resident, alleges that she purchased a
4  single Hain Celestial product, JASON Ester-C Super-C Cleanser Gentle Face Wash ("JASON
5  Face Wash"), in approximately September 2009.  *Id.* ¶ 5.  She does not allege that she purchased
6  any other JASON product or any Avalon Organics product.
7     Plaintiff Lohela, also a California resident, alleges that he purchased Avalon
8  Organics Lavender Hand and Body Lotion ("Avalon Organics Lavender Lotion") from an
9  online retailer in approximately December 2009.  *Id.* ¶ 6.  According to the FAC, Lohela
10 believed, based on the word "Organics" in the product's brand name that the Avalon Organics
11 Lavender Lotion "was either completely or at least mostly organic."[3]  *Id.*  Lohela also alleges
12 that, in approximately December 2009, he purchased six other Avalon Organics products based
13 on the same representations made with respect to the Avalon Organics Lavender Lotion.  *Id.*
14    Based on these alleged violations of COPA, the FAC asserts six causes of action.
15 Plaintiffs Brown and Lohela, purportedly on behalf of themselves and similarly situated
16 individuals, assert a claim for relief based on a cause of action created under COPA itself; three
17 claims under California's Unfair Competition Law ("UCL") (one alleging fraudulent conduct,
18 one unlawful conduct, and one unfair conduct); a claim under California's Consumer Legal
19 Remedies Act ("CLRA"); and a claim for breach of express warranty.  FAC ¶¶ 38-80.  Each of
20 these claims is predicated on the definition of "sold as organic" and the substantive
21 compositional criteria set forth in COPA.  In addition to Plaintiffs' claims for monetary relief,
22 including punitive damages and attorneys' fees, Plaintiffs ask the Court to enjoin Hain Celestial
23 from the purported violations of law described in the FAC and to impose various other forms of
24 injunctive relief.  *Id.* at 22-23.

---

[3] Lohela also claims to have relied upon a "pro-organic" pledge on the front label of the product.  FAC ¶ 6.  This is of no legal significance as the term "pro-organic," as used here, describes an aspirational intent of the company rather than the product itself.

### III. PLAINTIFFS LACK STANDING TO ASSERT CLAIMS OVER THE PRODUCTS THEY DID NOT PURCHASE

Courts in the Ninth Circuit routinely strike class allegations involving products the putative class representatives did not purchase or when the products they did purchase differ significantly from those they did not purchase. Plaintiffs' class allegations concerning the products they did not purchase must therefore be stricken for lack of standing.

#### A. Legal Standard

The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs "have the burden of proving standing and subject matter jurisdiction." *Davis v. Astrue*, --- F. Supp. 2d ---, 2012 WL 465105, at *5 (N.D. Cal. Feb. 13, 2012). To meet that burden and satisfy Article III's case or controversy requirement, Plaintiffs must demonstrate, inter alia, that they have suffered an "injury-in-fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* (citations omitted). In this context, "particularized" means that "the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n.1. In a class action such as the present case, "standing 'is a jurisdictional element that must be satisfied prior to class certification.'" *In re Wells Fargo Mortgage-Backed Certificates Litig.*, 712 F. Supp. 2d 958, 964 (N.D. Cal. 2010) (quoting *LaDuke v. Nelson*, 762 F.2d 1318, 1325 (9th Cir. 1985)).

#### B. District Courts in the Ninth Circuit Are Trending Towards A Bright Line Rule

Some courts within the Ninth Circuit have applied a bright-line rule at the pleading stage: Plaintiffs do not have standing to bring class claims for products they did not purchase. In *Granfield v. Nvidia Corp.*, then Chief Judge Ware held that a purchaser of one model of a Nvidia graphics processor did not have standing to represent those who purchased other models of Nvidia graphics processors. *Granfield v. Nvidia Corp.*, No. C 11-05403 JW,

1  2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012).  The Court said, "when a plaintiff asserts

2  claims based both on products that she purchased and products that she did not purchase, claims

3  relating to products not purchased must be dismissed for lack of standing."  *Id.*

4  *Larsen v. Trader Joe's Co.* is also instructive.  There, the plaintiffs brought

5  claims relating to the defendant's alleged mislabeling of a wide range of "All Natural" and

6  "100% Natural" products, including cookies, apple juice, cinnamon rolls, biscuits, ricotta

7  cheese, and crescent rolls.  *Larsen v. Trader Joe's Co.*, No. C 11-05188 SI (Docket No. 41)

8  (N.D. Cal. June 14, 2012).  The Court found that the plaintiffs lacked standing to bring claims

9  related to the crescent rolls "because they did not purchase the Crescent Rolls and, therefore, as

10  a matter of law, could not have suffered a particularized injury as required by Article III ."  *Id.*

11  at 7.

12  The question of product similarity is not simply a matter of whether Plaintiffs can

13  adequately or typically represent a class of purchasers of other products under Rule 23.  Rather,

14  these courts have held that standing is coterminous with Article III standing and the Court's

15  subject matter jurisdiction over the claims.  *See id.* (*quoting Lewis v Casey*, 518 U.S. 343, 357

16  (1996)).  Accordingly, Plaintiffs' class allegations concerning the products they did not

17  purchase are ripe for consideration and should be stricken for lack of standing.

18  **C.    The Products Plaintiffs Purchased Are Dissimilar to the Products They Did Not Purchase**

19  Some courts have held that a plaintiff may have standing to assert claims for

20  unnamed class members for products they did not purchase so long as the products are

21  "sufficiently similar" to the products they did purchase.  *See, e.g., Astiana v. Dreyer's Grand Ice*

22  *Cream, Inc.* (*"Dreyer's"*), No. C-11-2910 EMC, C-11-3164 EMC, 2012 WL 2990766, *13

23  (N.D. Cal. July 20, 2012) (because plaintiffs were challenging "the same kind of food products

24  [ice cream]," the Court found sufficient similarity between the products the plaintiffs purchased

25  and those they did not purchase to allow plaintiffs' claims to survive the motion to dismiss

26  stage); *Anderson v. Jamba Juice Co.* ("*Jamba Juice*"), --- F. Supp. 2d ----, 2012 WL 3642835, at

27

28

1  *5 (N.D. Cal. Aug. 25, 2012) (finding sufficient similarity where the challenged products were
2  different flavors of the same smoothie kit).
3        Unlike the ice cream and smoothies at issue in *Dreyer's* and *Jamba Juice*,
4  cosmetic products are consumed in a variety of ways, and are used for different purposes.  For
5  example, raspberry ice cream may be a substitute for vanilla ice cream but toothpaste is not a
6  substitute for deodorant, and vice versa.  "After all, just because an Old Fashioned and a
7  Manhattan both have bourbon doesn't mean they're the same drink."  *Dysthe v. Basic Research*
8  *LLC*, No. CV 09-8013 AG (SSx), 2011 WL 5868307, at *5 (C.D. Cal. June 13, 2011).
9        Courts in the Ninth Circuit have consistently found that products within the same
10 product line, brand, and category may lack sufficient similarity to warrant standing.  *See e.g.,*
11 *Dysthe*, 2011 WL 5868307 at *4 (holding that plaintiff lacked standing to pursue claims relating
12 to Relacore, a dietary weight-loss supplement, when she never alleged that she purchased that
13 product and actually only purchased Relacore Extra Maximum Strength); *Johns v. Bayer Corp.*,
14 No. 09CV1935 DMS (JMA), 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010) (holding that a
15 purchaser of One A Day Men's Health Formula vitamin product lacked standing to bring claims
16 as to One A Day Men's 50+ Advantage because he did not plead that he actually purchased the
17 Men's 50+ product); *Hairston v. South Beach Beverage Co., Inc.*, No. CV 12–1429–JFW
18 (DTBx), 2012 WL 1893818, at *5 n.5 (C.D. Cal. May 18, 2012) (holding that a purchaser of
19 various flavors of Sobe 0 Calorie Lifewater beverages lacked standing to bring claims as to
20 flavor of Lifewater he did not purchase); *Mlejnecky v. Olympus Imaging Am. Inc.*, No. 2:10–
21 CV–02630 JAM–KJN, 2011 WL 1497096, at *4 (E.D. Cal. Apr. 19, 2011) (holding that a
22 purchaser of a Stylus 1030 SW camera lacked standing to sue for a Stylus 850 SW camera she
23 had never purchased even though the two models allegedly "ha[d] the same underlying defects
24 . . . and Defendant used the same advertisement for all Stylus cameras"); *Carrea v. Dreyer's*
25 *Grand Ice Cream, Inc.*, No. C 10-01044 JSW, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10, 2011)
26 (holding that a purchaser of Drumstick ice cream products lacked standing to pursue claims as
27 to Dibs ice cream products because he had not alleged that he purchased the Dibs products).
28 Given the significant differences between and within the products at issue here, Plaintiffs cannot

1  establish sufficient similarity between the products they purchased and those they did not
2  purchase.
3  **IV.    CONCLUSION**
4         The class allegations concerning the products Plaintiffs did not purchase should
5  be stricken for lack of standing.

7  DATED:  October 9, 2012                COVINGTON & BURLING LLP

9                                            By:    */s/*
10                                                 William J. Friedman
                                                Attorneys for Defendant
11                                                 THE HAIN CELESTIAL GROUP, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28