LEXINGTON LAW GROUP
Mark N. Todzo (State Bar No. 168389)
Howard Hirsch (State Bar No. 213209)
Lucas Williams (State Bar No. 264518)
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com
hhirsch@lexlawgroup.com
lwilliams@lexlawgroup.com

*Attorneys for Plaintiffs ROSMINAH BROWN and ERIC LOHELA*

William J. Friedman (admitted *pro hac vice*)
wfriedman@cov.com
Samantha J. Choe (State Bar No. 252002)
schoe@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

*Attorneys for Defendant*
*THE HAIN CELESTIAL GROUP, INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSMINAH BROWN and ERIC LOHELA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HAIN CELESTIAL GROUP, INC., a Delaware Corporation,<br><br>Defendant. | Case No. C 11-03082 LB<br><br>**STIPULATED MOTION FOR ADMINISTRATIVE RELIEF TO RESET CASE MANAGEMENT DEADLINES (N.D. Cal. Local Rules 7-11 & 6-2)** |

## STIPULATED MOTION FOR ADMINISTRATIVE RELIEF TO RESET CASE MANAGEMENT CONFERENCE

Pursuant to Local Rules 7-11 and 6-2, Plaintiffs Rosminah Brown and Eric Lohela ("Plaintiffs") and Defendant The Hain Celestial Group, Inc. ("Defendant") (collectively, the "Parties") hereby request that the Court reset the case management deadlines in accordance with the dates set forth herein.

On February 27, 2012, the Court entered the operative case management order ("CMO") which established all of the pertinent litigation deadlines through trial, including the briefing schedule on Defendant's first motion to dismiss. ECF No. 25. The CMO set a class certification filing deadline of August 17, 2012. *Id.* On July 18, 2012, pursuant to stipulation of the Parties, the Court vacated the class certification deadlines set by the CMO, and ordered that such deadlines be subsequently rescheduled. ECF No. 57. On August 1, 2012, the Court denied Defendant's first motion to dismiss, and directed the parties to meet and confer regarding all case deadlines and propose new dates. ECF No. 58. On August 9, 2012, Defendant filed a motion to certify an interlocutory appeal and to stay the case pending appeal with a hearing date of September 20, 2012. ECF No. 60. On August 21, 2012, Plaintiffs' filed their first amended complaint. ECF No. 68.

On September 13, 2012, Plaintiffs submitted a proposal for revised case management deadlines along with the Parties' joint case management statement in advance of the September 20, 2012 case management conference, whereas Defendant contended that all deadlines should be stayed. ECF Nos. 77 & 77-1. On September 24, 2012, the Court granted Defendant's motion to certify an interlocutory appeal but declined to stay the case. ECF No. 79. However, the Court did not rule on Plaintiffs' proposed case management deadlines, as the Parties' and the Court's focus at the hearing was on the motion to certify interlocutory appeal and stay case pending appeal. *See* September 20, 2012 Transcript of Proceedings, at 23:20 -27:7.

On September 28, 2012, pursuant to stipulation of the Parties, the Court extended Defendant's deadline to respond to the First Amended Complaint until October 8, 2012, with Plaintiffs' opposition to any motion to dismiss due November 12, 2012 and Defendant's reply

brief due November 26, 2012. ECF No. 81. Defendant filed its second motion to dismiss and motion to strike on October 9, 2012 and Plaintiffs filed their oppositions thereto on November 12, 2012 with a hearing date set for December 20, 2012. ECF Nos. 85-87. Finally, on November 20, 2012, Plaintiffs agreed to Defendant's request for a brief extension of Defendant's reply briefs in support of its second motion to dismiss and motion to strike until November 30, 2012 at 12:00 p.m. Eastern Time/9:00 a.m. Pacific Time in order to accommodate Defendant's counsel's holiday travel schedules.

Meanwhile, the Parties have had multiple discovery disputes. On July 2, 2012, the Parties submitted a joint discovery dispute letter regarding Defendant's obligation to respond to Plaintiffs' first set of discovery requests while the first motion to dismiss was pending and the relevance of three categories of information sought by Plaintiffs. ECF No. 52. On August 10, 2012, the Court ruled that Defendant's objection to discovery until disposition of its first Motion to Dismiss was moot and that the categories of information sought by Plaintiff were relevant and declined to stay discovery. ECF No. 64. On October 26, 2012, the Parties submitted four additional discovery dispute letters related to Plaintiffs' first and second sets of discovery requests as to Defendant's burden objections and the relevance of certain categories of information. ECF Nos. 88-91. The Court has not ruled on those letters.

The operative CMO's December 7, 2012 non-expert discovery cutoff is less than three weeks away (ECF No. 25) and non-expert discovery has not been completed. Moreover, as described above, the CMO's class certification deadlines have already been vacated, while the remaining deadlines are rapidly approaching. Accordingly, the Parties request that the Court adopt the case management schedule set forth below:

| Event | Current Deadline Per 2/27/12 CMO | New Date Proposed by Parties |
|---|---|---|
| Defendant's Reply Brief In Support of Second Motion to Dismiss | 11/26/2012 (per 9/28/2012 Order) | 11/30/2012 at 12 p.m. Eastern Time/9:00 a.m. Pacific Time |
| Opening brief for class certification | 8/17/2012 (vacated per 7/17/12 Order) | 4/15/2013 |
| Opposition brief for class certification | 10/4/2012 (vacated per 7/17/12 Order) | 6/4/2013 |
| Reply brief for class certification | 10/31/2012 (vacated per 7/17/12 Order) | 7/09/2013 |
| Last day to hear motion for class certification | 11/15/2012 (vacated per 7/17/12 Order) | 8/01/2013 |
| Non-expert discovery completion date | 12/7/2012 | 8/8/2013 |
| Expert disclosures required by Federal Rules of Civil Procedure | 12/21/2012 | 8/22/2013 |
| Rebuttal expert disclosures | 1/11/2013 | 9/12/2013 |
| Expert discovery completion date | 2/1/2013 | 10/3/2013 |
| Last hearing date for dispositive motions | 3/21/2013 | 11/01/2013 |
| Meet and confer re pretrial filings | 4/9/2013 | 11/8/2013 |
| Pretrial filings due | 4/18/2013 | 11/18/2013 |
| Oppositions, Objections, Exhibits, and Depo Designations due | 4/25/2013 | 11/25/2013 |
| Final Pretrial Conference | 5/9/2013, at 10:30 a.m. | 12/9/2013, at 10:30 a.m. |
| Trial | 5/20/2013, at 8:30 a.m. | 12/16/2013, at 8:30 a.m. |
| Length of Trial | 3 days | no change |

The Parties' proposed schedule generally pushes back the dates in the CMO by approximately eight months. The Parties believe that this schedule is reasonable and necessary. The parties request that the date for submission of the Defendant's replies to Plaintiffs' opposition to the Motion to Dismiss and Motion to Strike as well as the non-expert discovery completion date be considered separately if the Court has concerns with the other proposed case management dates. For these reasons, the Parties respectfully request that the Court adopt the schedule set forth above.

Dated: November 20, 2012                    LEXINGTON LAW GROUP

By: */s/ Mark N. Todzo*
Mark N. Todzo
Attorneys for Plaintiffs
ROSMINAH BROWN and
ERIC LOHELA

Dated: November 20, 2012                    COVINGTON & BURLING LLP

By: */s/ William J. Friedman*
William J. Friedman
Attorneys for Defendant
THE HAIN CELESTIAL GROUP, INC.

**IT IS SO ORDERED.**

Dated: November 26, 2012

The Honorable Laurel Beeler
United States Magistrate Judge