LEXINGTON LAW GROUP
Mark N. Todzo (State Bar No. 168389)
Howard Hirsch (State Bar No. 213209)
Lucas Williams (State Bar No. 264518)
503 Divisadero Street
San Francisco, CA  94117
Telephone:  (415) 913-7800
Facsimile:  (415) 759-4112
mtodzo@lexlawgroup.com
hhirsch@lexlawgroup.com
lwilliams@lexlawgroup.com

Attorneys for Plaintiffs ROSMINAH BROWN
and ERIC LOHELA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSMINAH BROWN and ERIC LOHELA, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>THE HAIN CELESTIAL GROUP, INC., a Delaware Corporation,<br><br>　　　　　　　　Defendant. | No. C 11-03082 LB<br><br>**MOTION FOR AWARD OF ATTORNEYS' FEES UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(a)(5); MEMORANDUM IN SUPPORT THEREOF**<br><br>Date:　　February 21, 2013<br>Time:　　11:00 a.m.<br>Dept.　　Courtroom C<br>Judge:　　Hon. Laurel Beeler |

Case No. C 11-03082 LB

MOTION FOR AWARD OF ATTORNEYS' FEES UNDER RULE 37(a)(5)

# TABLE OF CONTENTS

STATEMENT OF ISSUES TO BE DECIDED ................................................................................ 2

INTRODUCTION .......................................................................................................................... 2

BACKGROUND ............................................................................................................................ 3

    I.    HISTORY OF DEFENDANT'S DILATORY DISCOVERY TACTICS .............. 3

        A.    Plaintiffs' First Set of Discovery Requests ................................................... 3

        B.    Plaintiffs' First Motion to Compel ................................................................ 5

        C.    Plaintiffs' Second Set of Discovery Requests .............................................. 6

        D.    Plaintiffs' Second Motion to Compel ........................................................... 6

        E.    The Court's Order Granting Plaintiffs' Second Motion to Compel ............ 6

ARGUMENT .................................................................................................................................. 7

    I.    AN AWARD OF PLAINTIFFS' ATTORNEYS' FEES INCURRED IN SUCCESSFULLY MOVING TO COMPEL DEFENDANT'S DISCOVERY RESPONSES IS MANDATORY .......................................................................... 8

    II.    PLAINTIFFS ARE ENTITLED TO BE COMPENSATED FOR THE $48,870 IN ATTORNEYS' FEES REASONABLY INCURRED IN SUCCESSFULLY BRINGING THEIR MOTIONS TO COMPEL AND THIS RULE 37 MOTION ........................................................................................ 11

        A.    Summary of Plaintiffs' Lodestar ................................................................. 12

        B.    Counsel's Rates Are Reasonable ................................................................. 12

        C.    Counsel's Hours Are Thoroughly Documented and Reasonable .............. 13

CONCLUSION ............................................................................................................................. 14

**TABLE OF AUTHORITIES**

*ACF Western USA, Inc. v. Travelers Cas. Ins. Co. of America,*
    No. CV-12-0182-BAM (E.D. Cal. November 16, 2012)……..………………………...13

*Amini v. Bank of America Corp.,*
    No. C-11-0974-RSL (W.D. Wash. October 6, 2012)……..………………………………10

*Apple, Inc. v. Samsung Electronics Co., Ltd.,*
    No. C-11-1846 LHK (N.D. Cal. November 7, 2012)...……..……………………………12

*Camacho v. Bridgeport Financial, Inc.,*
    523 F.3d 973 (9th Cir. 2008)……………………………………………………………11

*Carrillo v. B & J Andrews Enterprises, LLC,*
    No. 2:11-cv-01450-MMD-CWH (D. Nev. October 15, 2012)……..……………………..…10

*Conboy v. Wynn Las Vegas, LLC,*
    No. 2:11-cv-01649-JCM-CWH (D. Nev. December 12, 2012)……………..……………..11

*Cunningham v. Hamilton County, Ohio,*
    527 U.S. 198 (1999)……………………………………………………………………..8

*Fischer v. SJB-P.D., Inc.,*
    214 F.3d 1115 (9th Cir. 2000)………………………………………………..…………11

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983)…………………………………………………….…..……11, 13

*Hollis v. Gorby,*
    No. 2:09-cv-1627-JAM-CKD (E.D. Cal. June 6, 2012)……..……………………...…10

*In re SPECS,*
    No. C-10-04250-YGR (N.D. Cal. October 30, 2012)……..…………………………....12

*Lee v. Walters,*
    172 F.R.D. 421 (D. Or. 1997)…………………………………………………….....9

*McCollough v. Minnesota Lawyers Mut. Ins. Co.,*
    No. CV 09-95-BLG-RFC-CSO (D. Mont. March 22, 2012)……..……………………..8

*Minor v. Christie's, Inc.,*
    Nos. C-08-05445, C-09-00471 WHA (N.D. Cal. January 29, 2011)……..……………12

*Moreno v. City of Sacramento,*
    534 F.3d 1106 (9th Cir. 2008)…………………………………………………………..11

*Ruff v. County of Kings,*
    No. CV-F-05-0631-OWW-LJO (E.D. Cal. June 12, 2006)……..…………………....…9

*Shaw v. Tujunga Restaurants, Inc.,*
    No. CV 12-2193-SVW (C.D. Cal. November 6, 2012)……..……………………………10

**MOTION FOR AWARD OF ATTORNEYS' FEES UNDER RULE 37(a)(5)**

*Telluride Management Solutions, Inc. v. Telluride Inv. Group,*
    55 F.3d 463 (9th Cir. 1995) ............................................................................................... 8, 9

**RULES**

Fed. R. Civ. P. 34(b)(2)(B) ........................................................................................................ 8

Fed. R. Civ. P. 37(a)(4) ............................................................................................................. 8

Fed. R. Civ. P. 37(a)(5)(A) ........................................................................................................ 8

Fed. R. Civ. P. 37(a)(5)(A)(ii) ................................................................................................... 8

Fed. R. Civ. P. 37(a)(5)(A)(iii) .................................................................................................. 8

**1**   **NOTICE OF MOTION AND MOTION**[1]

**2**   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**3**   **PLEASE TAKE NOTICE THAT** on February 21, 2013 at 11:00 a.m., or as soon thereafter as

**4**   this matter may be heard in the courtroom of the Honorable Laurel Beeler, or at such date and time

**5**   as the Court may otherwise direct, Plaintiffs Rosminah Brown and Eric Lohela ("Plaintiffs") will,

**6**   and hereby do, move pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure and

**7**   Local Rules 7-8 and 37-4 for an order awarding Plaintiffs' attorneys' fees in the amount of

**8**   $48,870 incurred in preparing Plaintiffs' two successful motions to compel Defendant The Hain

**9**   Celestial Group, Inc.'s ("Defendant") further discovery responses and this motion.

**10**   This motion is based on this Notice of Motion and Motion, the attached Memorandum of

**11**   Points and Authorities, the Declaration of Mark N. Todzo, the other papers on file in this action,

**12**   and such other submissions or arguments that may be presented before or at the hearing on this

**13**   motion.

---

[1] Plaintiffs were initially unclear as to whether the provision in the Court's standing order requiring parties to file "discovery motions" as joint letter briefs is applicable to motions for expenses under Rule 37(a)(5)(A). However, Plaintiffs concluded that a noticed motion under Local Rule 7-2 was the more appropriate vehicle for a Rule 37(a)(5)(A) motion given that: (i) Rule 37(a)(5)(A) mandates that Defendant be given an "opportunity to be heard"; (ii) Local Rule 7-8 requires motions for sanctions to be filed separately from the underlying motion to compel; and (iii) Local Rule 37-4 requires requests for attorneys' fees to be "itemize[d] with particularity."

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiffs are entitled to an award of attorneys' fees under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

## INTRODUCTION

On December 11, 2012, the Court granted Plaintiffs' second motion to compel discovery responses, ordering Defendant to produce information and documents which Defendant has been withholding, without justification, for the past year. Plaintiffs are thus entitled to recoup their attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(A) because these fees were reasonably incurred in successfully compelling Defendant's discovery responses.

The operative complaint alleges that Defendant deceptively labels, markets and sells its highly successful Avalon Organics and JASON brand cosmetic products ("Products") – which contain only *de minimis* amounts of certified organic ingredients – as "organic" and "pro-organic." Accordingly, Plaintiffs propounded two sets of discovery on Defendant seeking basic information relevant to this central allegation such as Product labels, advertisements, Product pricing, Defendant's profits and the percentage of organic content of the Products. Plaintiffs' initial discovery requests were served ***over one year ago***. Since that time, Defendant has fought at every turn to delay and evade responding to simple requests for information routinely produced by defendants in class action false advertising cases.

In order to address Defendant's year-long pattern of stonewalling discovery, Plaintiffs' counsel have been forced to seek the Court's intervention, after extensive meet and confer correspondence, via ***five*** separate discovery letters regarding two separate motions to compel Defendant to produce information that is patently relevant to Plaintiffs' case. Astonishingly, until recently ordered by the Court, Defendant had failed to produce any information regarding, among other things: (1) the percentage of organic ingredients in the Products; (2) labels for all of the Products sold during the time period; (3) advertisements of the Products; (4) Defendant's pricing of the Products; and (5) Defendant's profits attributable to sales of the Products. Defendant even

had failed to produce information and documents which it explicitly agreed to produce months earlier. The Court has admonished Defendant for this pattern of dilatory tactics on several occasions, and has now granted each of Plaintiffs' two motions to compel.

Plaintiffs' efforts to enforce the rules of discovery over the last year did not come without a cost. Plaintiffs' counsel were needlessly forced to expend significant attorney time and resources to combat Defendant's nearly universal opposition to discovery – time and resources that would have been better spent moving this case forward to resolution on its merits. Rule 37(a)(5)(A)'s fee-shifting mechanism is intended to compensate just such efforts to enforce discovery obligations under the Federal Rules of Civil Procedure.

## BACKGROUND

### I.  HISTORY OF DEFENDANT'S DILATORY DISCOVERY TACTICS.

#### A.  Plaintiffs' First Set of Discovery Requests.

Over one year ago, on December 20, 2011, Plaintiffs served their first set of Special Interrogatories, Requests for Production of Documents and Requests for Admission. Declaration of Mark N. Todzo ("Todzo Decl."), ¶ 3. This first set of discovery sought information as to the Products' labels, Product advertisements and marketing, the organic content of the Products and sales data. *See generally* ECF Nos. 52-1, at Exhs. 1-2. In short, Plaintiffs' initial requests sought basic information relevant to their central claim that Defendant deceptively labels the Products as "organic" and "pro-organic" when they are not. Ironically, Defendant indicated in its Rule 26(a)(1) initial disclosures that these very categories of information are relevant to this case. Todzo Decl., ¶ 2, Exh. B, at 1:27-2:10.

On March 13, 2012, Defendant provided wholly deficient responses to the first set of discovery. Todzo Decl., ¶ 4. These responses consisted almost entirely of broad and general objections and Defendant failed to produce a single document. *Id.* On April 5, 2012, Plaintiffs sent a meet and confer letter to Defendant highlighting these deficiencies and demanding that Defendant correct them. *Id.,* ¶ 5. On April 13, 2012, Defendant produced fewer than 300 pages of documents, all of which were limited to Defendant's JASON brand products. *Id.,* ¶ 6. This partial

1 production only included labels of JASON products sold during the time period, a one-page
2 summary of JASON revenues for three years and several publicly available promotional materials
3 from the organic trade association. *Id.*
4     On April 17, 2012, Defendant replied to Plaintiffs' meet and confer letter. Defendant's
5 letter set forth Defendant's general position that Defendant was entitled to a unilateral stay of all
6 discovery pending the resolution of Defendant's first motion to dismiss – which was filed **10**
7 **months** after this lawsuit was initiated. Todzo Decl., ¶ 7. Plaintiffs requested an in-person meet
8 and confer conference pursuant to the Court's standing order in an attempt to resolve this impasse,
9 which took place on May 1, 2012. *Id.*, ¶ 8.
10     During the meet and confer conference, Plaintiffs agreed to narrow a number of their
11 discovery requests, and it was Plaintiffs' understanding that Defendants had in turn agreed to
12 search for information and documents responsive to those narrowed requests. Todzo Decl., ¶ 8.
13 Following the in-person conference, however, Plaintiffs waited for more than six weeks without
14 any supplementation. *See id*. During this time, Defendant broke at least three promises to
15 supplement its responses by a date certain. *See id*. As a result, Plaintiffs were forced to initiate
16 the joint discovery dispute letter process, which was filed on July 2, 2012. *Id.,* ¶ 9. Plaintiffs'
17 portion of the letter asked the Court to rule that Defendant's unilateral stay of discovery while its
18 motion to dismiss was pending was unjustified, and to compel Defendant to produce the basic
19 categories of information requested in Plaintiffs' first set of discovery requests. *See* ECF No. 52.
20     On August 1, 2012, the Court denied Defendant's motion to dismiss the complaint. ECF
21 No. 58. On August 9, 2012, Defendant requested that the Court certify the order denying
22 Defendant's motion to dismiss for interlocutory review by the Ninth Circuit. ECF No. 60.
23     **B.**    **Plaintiffs' First Motion to Compel.**
24     On August 10, 2012, after holding a telephonic hearing on the joint discovery letter brief,
25 the Court granted Plaintiffs' motion to compel in its entirety. ECF No. 64. The Court rejected
26 Defendant's arguments regarding its purported entitlement to a unilateral stay of discovery
27 pending Defendant's motion to dismiss as moot. *Id.* The Court also rejected Defendant's similar
28

1  argument that all discovery should be stayed while Defendant's motion for interlocutory appeal of
2  the order denying Defendant's motion to dismiss and any Ninth Circuit review was pending. *Id.*
3  In that regard, the Court reasoned that "[e]ven a successful interlocutory appeal [of the preemption
4  and primary jurisdiction issues] . . . would not necessarily dispose of Plaintiffs' claims." *Id.* at
5  2:19-28.  The Court further held that the disputed requests appropriately seek relevant information
6  as to Avalon Organics products Plaintiffs did not purchase, the organic content of the Products,
7  public representations regarding the Products and Defendant's pricing of the Products. *Id.* at 3:1-
8  27.

9  Because the Court did not set a deadline for Defendant to supplement its discovery
10 responses in accordance with the Court's order, and given Defendant's long history of delay,
11 Plaintiffs filed a motion for administrative relief requesting that the Court set a date certain for
12 Defendant's supplementation on August 29, 2012.  *See* ECF No. 71.  On September 6, 2012, the
13 Court ruled on the administrative motion, reiterating its earlier holdings that a stay of discovery
14 was inappropriate and that the requested information was relevant.  ECF No. 75.  However, the
15 Court declined to set a deadline for Defendant's supplementation and granted Defendant an
16 opportunity to present its broad burden objections with specificity in a joint letter brief.  *Id.*

17 On September 24, 2012, the Court certified its order denying Defendants' motion to
18 dismiss for interlocutory appeal, but the Court denied Defendant's request for a stay of
19 proceedings pending such appeal, observing that: "For much of this litigation, Hain has
20 unilaterally imposed a stay of discovery that has unnecessarily delayed the proceedings."  ECF
21 No. 79, at 8:2-3.

22              **C.     Plaintiffs' Second Set of Discovery Requests.**

23 Meanwhile, over five months ago, on July 7, 2012, Plaintiffs served Defendant with their
24 second set of written discovery.  Todzo Decl., ¶ 10.  This round of discovery sought information
25 regarding Defendant's labeling and advertising claims that its Avalon Organics products now
26 contain 70% organic content, Defendant's profits from the Products and Defendant's so-called
27 "uniform marketing plan."  *See generally* ECF No. 88-1, Exhs. 5-6.  On July 27, 2012, Defendant
28

provided its responses.  Todzo Decl., ¶ 11.  Despite the obvious relevance of the requested information to Plaintiffs' case, Defendant claimed to have no obligation to respond to this second set of discovery until it was ordered to do so by the Court.  Specifically, Defendant responded to almost every request with the following statement:

> Hain Celestial is available to meet and confer with Plaintiffs.  Depending on the outcome of the conferral process and appropriate ***guidance obtained from the Court*** under Fed. R. Civ. Pro. 26(b)(2)(C), 26(c), and 26(e)(1), Hain Celestial ***may*** conduct a reasonable search for and supplement with any non-privileged responsive documents.

*See generally* ECF No. 88-1, Exhs. 7-8 (emphasis added).  In other words, Defendant manifested its intent to obstruct discovery unless and until Plaintiffs requested the Court's intervention yet again – which is exactly what Plaintiffs were ultimately required to do.

### D. Plaintiffs' Second Motion to Compel.

Due to Defendant's continuing failure to supplement its requests as to the first set of discovery and Defendant's woefully inadequate responses to the second set of discovery, Plaintiffs requested a second meet and confer conference, which took place on September 18, 2012.  *See* Todzo Decl., ¶ 12.  At the conference, as memorialized in Defendant's September 27, 2012 follow-up letter, Defendant agreed to supplement its responses regarding: (1) the organic content of the Products; (2) public representations regarding the Products accessible to California residents during the time period; (3) the deletion of "Pure, Natural & Organic" from JASON labels during the relevant time period; (4) Defendant's labeling and advertising claims that its Avalon Organics products contain at least 70% organic ingredients; (5) the relevant NSF/ANSI 305 certification standard and certification documentation for the Products; (6) certification documentation for the ingredient Aloe Barbadensis Leaf Juice; and (7) documentation demonstrating the nature of Defendant's "uniform marketing, sales and distribution program" and "unified marketing strategy."  ECF No. 88-1, Exh. 9.  However, Defendant refused to provide any information about the pricing of the Products, Defendant's profits and Products Plaintiffs did not purchase.  *Id*.

Following the September 18, 2012 meet and confer conference, Plaintiffs awaited Defendant's supplemental production as to the agreed-upon categories so that in the event that

Defendant's production was insufficient, the parties could include that dispute in the discovery dispute letter process. Todzo Decl., ¶ 13. After waiting more than three weeks without any production, Plaintiffs supplied Defendant with their portion of a joint discovery letter brief. *Id.* Plaintiffs' portion of the letter brief addressed Defendant's failure to produce the documents it had promised to produce and the categories of information that Defendant outright refused to produce. *Id.* However, instead of providing Plaintiffs with Defendant's half of the letter brief responding to Plaintiffs' arguments, Defendant responded with ***four separate*** letter briefs. *Id.* Plaintiffs were thus required to reply to Defendant's lengthy arguments as to the propriety of Plaintiffs' discovery requests, even as to the categories of information that the Court had already found to be discoverable. *Id.*

### E.     The Court's Order Granting Plaintiffs' Second Motion to Compel.

On December 11, 2012, the Court granted Plaintiffs' second motion to compel in its entirety, ordering Defendant to provide all of the information identified in the four discovery letter briefs. ECF No. 102. Specifically, the Court ruled as follows:

- First, the Court ordered Defendant to complete the supplementation Defendant agreed to produce four months earlier. *Id.* at 1:23-28.

- Second, the Court reiterated its earlier ruling that Plaintiffs are entitled to discovery as to Defendant's pricing of the Products, and held that Defendant's answer to Special Interrogatories Nos. 12 and 13 – stating that there is no meaningful difference between the prices of organic and non-organic products – is non-responsive. *Id.* at 2:1-15. In this regard, the Court also held that Defendant's refusal to produce pricing information based on its burden objections is unavailing given that most companies keep pricing information in spreadsheet form. *Id.* at 2:22-25.

- Third, the Court held that Plaintiffs are entitled to discovery of Defendant's profits, finding that Defendant's disagreement with the merits of Plaintiffs' theory of the proper remedies in this case is not a justifiable reason to refuse to comply with discovery requests. *Id.* at 2:15-20.

- Fourth, the Court rejected Defendant's burden objection regarding discovery as to

Products Plaintiffs did not purchase, holding that "[t]hese are easy discovery issues, not hard ones." *Id.* at 2:24-25.

- Fifth, the Court found no merit to Defendant's argument that Plaintiffs lack standing to bring claims as to un-purchased Products because the question of Plaintiffs' ability to bring claims on behalf of absent class members is better suited for class certification. *Id.* at 3:2-4.

- Finally, the Court offered suggestions for streamlining the discovery letter briefing process moving forward. The Court faulted Defendant for its decision to raise many of the same issues, such as attacks on Plaintiffs' theory of relief, in four separate letter briefs. *Id.* at 3:16-18.

## ARGUMENT

### I. AN AWARD OF PLAINTIFFS' ATTORNEYS' FEES INCURRED IN SUCCESSFULLY MOVING TO COMPEL DEFENDANT'S DISCOVERY RESPONSES IS MANDATORY.

The Federal Rules regarding civil discovery prohibit evasive responses and dilatory conduct. *See, e.g.,* Fed. R. Civ. P. 34(b)(2)(B); *id.* 37(a)(4). In furtherance of this prohibition of obfuscation and delay tactics, Rule 37(a)(5) provides a mandatory fee-shifting mechanism to compensate counsel for the cost of bringing a successful motion to compel. *See Telluride Management Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995), abrogated on other grounds in *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 202 (1999). Hence, the "great operative principle of Rule 37(a)(5) is that ***the loser pays***." *McCollough v. Minnesota Lawyers Mut. Ins. Co.*, No. CV 09-95-BLG-RFC-CSO, 2012 WL 985190, *3 (D. Mont. March 22, 2012) (emphasis added).

Specifically, Rule 37(a)(5)(A) provides that if a "motion [to compel] is granted—or if the . . . requested discovery is provided after the motion was filed—the court ***must***, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A) (emphasis added). This payment of the moving party's expenses is mandatory unless "the opposing party's nondisclosure, response, or objection was ***substantially*** justified" or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(ii) & (iii)

(emphasis added).  The burden is on the losing party to demonstrate affirmatively that its refusal to respond to discovery requests was substantially justified.  *Ruff v. County of Kings*, No. CV-F-05-0631-OWW-LJO, 2006 WL 1716652, *2 (E.D. Cal. June 12, 2006).  The Court's determination that Defendant unjustifiably delayed or obstructed discovery does not require a showing of willfulness or bad faith on the part of Defendant.  *See Lee v. Walters*, 172 F.R.D. 421, 432 (D. Or. 1997) (citing *Telluride*, 55 F.3d 463 (9th Cir. 1995).

Here, Defendant's pattern of obdurately refusing to provide information and documents responsive to basic discovery requests over the past year is unjustifiable.  Defendant's stonewalling and broken promises to supplement its inadequate discovery responses, necessitating a second motion to compel (in the form of four letter briefs), is but one manifestation of Defendant's pattern and practice of delaying discovery which has needlessly required the Court's intervention.  Such wasteful judicial micromanagement of discovery is precisely what the federal discovery rules were designed to avoid.  Indeed, there is no justifiable reason Plaintiffs should have been required to obtain two Court orders before Defendant would produce documents routinely produced in this type of false advertising class action – documents that Defendant itself acknowledged were relevant in its Rule 26(a)(1) initial disclosures.  Plaintiffs submit that an order awarding attorneys' fees will act as much needed encouragement for Defendant to participate in discovery without necessitating Court intervention moving forward.

Defendant's delay and obfuscation is far less justified than discovery conduct for which the Ninth Circuit has upheld Rule 37(a)(5)(A) sanctions.  In *Telluride,* the Ninth Circuit affirmed sanctions against the defendant and his attorney for refusing to appear for a deposition even though the plaintiff's complaint had been dismissed with leave to amend.  55 F.3d at 466-467.  Defendants' conduct here has been far worse than that in *Telluride* in that Defendant's conduct demonstrates a long-term, ongoing pattern of dilatory discovery conduct.

District Courts in the Ninth Circuit have held that similar obstruction of the discovery process warrants an award of attorneys' fees under Rule 37(a)(5)(A).  For example, defendants who obstruct or evade valid discovery requests based on their disagreement with the merits of

plaintiff's claims – as Defendant has done here – are liable for Rule 37(a)(5)(A) expenses.  *See Shaw v. Tujunga Restaurants, Inc.*, No. CV 12-2193-SVW, 2012 WL 5974184, *4 (C.D. Cal. November 6, 2012).  Likewise, defendants who refuse to respond to discovery requests while a motion is pending instead of seeking a protective order – as Defendant has done here – must pay Rule 37(a)(5)(A) expenses.  *See Hollis v. Gorby*, No. 2:09-cv-1627-JAM-CKD, 2012 WL 2117628, *1 fn. 1 (E.D. Cal. June 6, 2012).  Moreover, partial compliance with discovery requests is no excuse: "defendants cannot avoid the application of [Rule] 37(a)(5)(A)" "by producing some documents prior to the filing of the motion to compel and periodically supplementing that production" where defendants have "delayed [discovery] long enough to warrant the filing of a motion to compel . . . . "  *Amini v. Bank of America Corp.*, No. C-11-0974-RSL, 2012 WL 5293359, *1 (W.D. Wash. October 26, 2012); *see also Carrillo v. B & J Andrews Enterprises, LLC*, No. 2:11-cv-01450-MMD-CWH, 2012 WL 4894561, *1 (D. Nev. October 15, 2012) (partial compliance insufficient to avoid Rule 37 sanctions).

Defendant's legal arguments attempting to excuse its obstruction of discovery lack any justification, let alone ***substantial justification,*** as this Court has held on two occasions.  Similar to the Court's order on Plaintiffs' first motion to compel, the Court's December 11th order easily dismissed each of Defendant's legal arguments regarding relevance and burden as lacking merit.  ECF No. 102.  Indeed, as the Court recognized, Defendant did not raise any close questions of law regarding the propriety of Plaintiffs' discovery requests: the Court held that each of the identified categories of information is clearly relevant under Rule 26 and that Defendant's unspecific arguments as to burden regarding "easy" discovery questions are unjustified.  *Id.* at 2:24-25.  The Court further observed that Defendant merely repeated arguments that the Court had already rejected (*id.* at 2:8), and made the "same" arguments across four discovery letter briefs (*id.* at 3:16-18).  Finally, the Court found that there was no possible justification for Defendant's failure to provide the supplementation Defendant had promised to provide.  *Id.* at 1:23-28.

To be sure, the present discovery dispute required a significant amount of Plaintiffs' counsel's time and resulted in significant delays.  The legal arguments Defendant provided in

support of its dilatory conduct lacked substantial justification, requiring Plaintiffs to prepare two motions to compel via five joint letter briefs after extensive meet and confer correspondence. *See* ECF No. 79, 8:2-3. Moreover, Defendant's lack of production has necessitated the postponement of, among other things, Plaintiffs' motion for class certification and the non-expert discovery cutoff. *See* ECF Nos. 57 & 98. Accordingly, a Rule 37(a)(5)(A) award of Plaintiffs' attorneys' fees incurred in bringing Plaintiffs' two motions to compel is mandatory.

## II. PLAINTIFFS ARE ENTITLED TO BE COMPENSATED FOR THE $48,870 IN ATTORNEYS' FEES REASONABLY INCURRED IN SUCCESSFULLY BRINGING THEIR MOTIONS TO COMPEL AND THIS RULE 37 MOTION.

Courts in the Ninth Circuit follow the "lodestar" method for calculating the amount of a Rule 37(a)(5) mandatory attorneys' fee award . *See Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000); *accord Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-01649-JCM-CWH, 2012 WL 6100313, *2 (D. Nev. December 12, 2012). Courts calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer*, 214 F.3d at 1119. The lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Because "awarding attorneys' fees to prevailing parties . . . is a tedious business[,]" courts "normally grant the award in full, or with no more than a haircut" if the party opposing the fee request "cannot come up with specific reasons for reducing the fee request . . . ." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

As established below, counsel's hourly rates are comparable to rates in this jurisdiction charged by similarly qualified counsel. The number of hours expended on Plaintiffs' two motions to compel and this motion for Rule 37(a)(5)(A) attorneys' fees is well-documented and reasonable for motions of these types. Moreover, counsel have made voluntary reductions to the lodestar as a "good faith effort to exclude from [this] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).

### A. Summary of Plaintiffs' Lodestar.

A chart summarizing Plaintiffs' lodestar is being submitted with this motion. Todzo Decl., ¶ 17. In addition, a report showing Plaintiffs' counsel's detailed time records and a chart summarizing each attorney's lodestar by task are being submitted herewith. *Id.*, ¶ 22, Exh. A. These records show that after reasonable voluntary reductions, Plaintiffs' attorneys expended $44,590 hours preparing its two motions to compel and this Rule 37 motion. *Id.*, ¶¶ 16-17, 22, Exh. A. Moreover, counsel anticipates that we will be required to spend 10 hours responding to Defendant's opposition to this motion and appearing at the hearing. *Id.*, ¶ 18. At market rates, the total lodestar figure for counsel's work is $48,870. *Id.* This amount is comparable to similar awards of expenses under Rule 37(a)(5)(A) in the Northern District. *See In re SPECS*, No. C-10-04250-YGR, 2012 WL 5372583, *2 (N.D. Cal. October 30, 2012) (awarding $39,185.44 in attorneys' fees for work on a second motion to compel and sanctions motion); *see also Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. C-11-1846 LHK, 2012 WL 5451411, *7 (N.D. Cal. November 7, 2012) (awarding $160,069 for a motion to compel, motion to enforce a discovery order and motion for Rule 37 sanctions).

### B. Counsel's Rates Are Reasonable.

Declarations of the fee applicant's attorney regarding prevailing fees in the community and rate determinations in other cases are satisfactory evidence of the prevailing market rate. *Minor v. Christie's, Inc.*, Nos. C-08-05445, C-09-00471 WHA, 2011 WL 902235, *4 (N.D. Cal. January 29, 2011). As established in the Declaration of Mark N. Todzo, Plaintiffs' counsel's hourly rates are based on the rates charged by attorneys of comparable skill, reputation and experience in the San Francisco Bay Area. Todzo Decl., ¶¶ 24-26.

Plaintiffs' lead counsel, Mark N. Todzo, has 19 years' experience in complex consumer protection and environmental public interest cases. Todzo Decl., ¶ 25. His $610 hourly rate is well within the range of market rates charged by reasonably comparable attorneys for reasonably comparable work. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. C-11-1846 LHK, 2012 WL 5451411, *7 (N.D. Cal. November 7, 2012) (awarding $700 hourly rate to 15-year partner).

1. Plaintiffs' other counsel, Lucas Williams, has 3 years' experience in complex environmental litigation and is similarly qualified for the specific and defined role he played. *Id.*, ¶ 26. His rate of $350 is comparable to market rates for similarly experienced attorneys. *See Apple, Inc.*, 2012 WL 5451411 at *7 (awarding $337 hourly rate for two-year associate based on 2011 market rates).

### C. Counsel's Hours Are Thoroughly Documented And Reasonable.

The number of hours spent on Plaintiffs' second motion to compel was reasonably necessary to squarely present the discovery dispute and Defendant's history of delay to the Court in order to ultimately prevail on Plaintiffs' two motions to compel. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Here, Plaintiffs' attorneys' hours are fully documented by both declarations and by detailed time entries. Todzo Decl., ¶¶ 14-22 & Exh. A. All of the hours requested were reasonably incurred in meeting and conferring with Defendant's counsel in an attempt to resolve the discovery disputes[2], preparing Plaintiffs' first joint letter brief and in response to Defendant's decision to enlarge Plaintiffs' second letter brief into four separate letter briefs. *See id.*, ¶¶ 5, 7-9, 12-13, 14-22.

Plaintiffs are also entitled to their attorneys' fees for preparing this Rule 37(a)(5)(A) motion. *ACF Western USA, Inc. v. Travelers Cas. Ins. Co. of America*, No. CV-12-0182-BAM, 2012 WL 5838865, *6 (E.D. Cal. November 16, 2012). The Northern District requires such motions to be filed separately from the underlying motion to compel. Local Rule 7-8. The 22 hours incurred to prepare this memorandum and supporting papers is similar to the time found reasonable by other district courts in the Ninth Circuit. *ACF Western USA*, 2012 WL 5838865 at *6 (awarding 9 hours for preparing a motion for Rule 37 sanctions regarding an improperly terminated deposition). Accordingly, Plaintiffs' counsel should be fully compensated for their efforts.

---

[2] As a voluntary reduction, Plaintiffs have not requested the substantial time spent meeting and conferring with Defendant preceding Plaintiffs' initiation of the first joint letter brief. Todzo Decl., ¶ 16.

## CONCLUSION

For all of the foregoing reasons, pursuant to Rule 37(a)(5)(A), Plaintiffs respectfully request that the Court order Defendant and/or Defendant's counsel to pay Plaintiffs' attorneys' fees in the amount of $48,870.

DATED: December 27, 2012

Respectfully submitted,

LEXINGTON LAW GROUP

By: /s/ Mark N. Todzo
Mark N. Todzo
Attorneys for Plaintiffs
ROSMINAH BROWN and ERIC LOHELA, on Behalf of Themselves and All Others Similarly Situated