UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ROSMINAH BROWN and ERIC LOHELA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>THE HAIN CELESTIAL GROUP, INC., a Delaware Corporation,<br><br>Defendant. | No. C 11-03082 LB<br><br>**ORDER REGARDING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**<br><br>[Re: ECF No. 145] |

**INTRODUCTION**

Plaintiffs claim that Hain Celestial falsely advertises, markets, and labels certain Jason and Avalon Organics brand cosmetics products as organic. *See* Complaint, ECF No. 1 at 9.[1] The parties had discovery disputes and raised them in joint letter briefs pursuant to the court's rules for discovery disputes. *See* Standing Order, ECF No. 3-1. After the court ruled in Plaintiffs' favor, Plaintiffs moved under Federal Rule of Civil Procedure 37(a)(5) for the fees they incurred in raising the disputes in the joint letter briefs. The court held a hearing on October 17, 2013, and denies in part and grants in part Plaintiffs' motion for fees.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

ORDER (C 11-03082 LB)

**STATEMENT**

## I. FILING OF THE LAWSUIT AND INITIAL CASE MANAGEMENT CONFERENCE

Plaintiffs filed this lawsuit in state court in May 2011, and Hain answered the complaint and removed the case to federal court. *See* ECF No. 1 at 1, 41. The initial case management conference was December 15, 2011, where the court set deadlines (with the parties' input) including a fact discovery deadline of October 15, 2012 (later extended in February 2012 at the parties' request). *See* Orders, ECF Nos. 3, 18 at 2. The parties filed a joint case management conference statement a week before the hearing and said – among other things – that they lacked sufficient information at that time to determine "whether they will request modification" of any discovery limitations and they reserved their rights to "move the Court to change the parameters of discovery should the scope of the case change or subsequent developments make such a motion necessary." ECF No. 14 at 7. The joint case management statement also said that "if the parties cannot reach a prompt settlement, Defendant may bring a motion for judgment on the pleadings" concerning federal preemption of the California Organic Products Act (COPA) or an early summary judgment motion as to whether COPA applied to the labels at issue. *Id.* at 5.

On December 14, 2011, Hain served Plaintiffs with its Rule 26 initial disclosures. *See* Todzo Decl., ECF No. 105-1, ¶ 2; *id*. Ex. B. ("Initial Disclosures"), ECF No. 105-3. Hain disclosed four categories of documents about "relevant Hain Celestial Products" "during the relevant period" that it might use to support its claims or defenses, specifically, documents concerning (1) formulation of the relevant products, (2) labeling of the products, (3) the marketing and advertising of the products, and (4) price and sales of the products and pricing of their competitors. *Id.*, Ex. B. On December 20, 2011, Plaintiffs served their first set of discovery requests on Hain. *See* Todzo Decl., ECF No. 105-1, ¶ 3; Friedman Decl., ECF No. 143-1, ¶ 2; 7/2/2012 Joint Letter Brief Exs. 1-2, ECF No. 52-1. Plaintiffs' discovery requests sought information about all of Hain's Jason and Avalon Organics brand products, including the product labels, product advertising and marketing, the organic content, and sales data. *See* ECF No. 52-1, Exs. 1-2.

## II. THE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

On February 17, 2012, just before their then-scheduled private mediation on February 22, 2012,

the parties stipulated to move their dates so that Hain could file a motion raising its preemption arguments. *See* 2/27/12 Stipulated Order (noting that mediation would not be productive until the issue si resolved). On March 2, 2012, Hain moved to dismiss the complaint on the ground that the federal Organic Foods Production Act of 1990 preempted the California Organic Products Act. ECF No. 27. At the April 26, 2012 hearing on the motion to dismiss, the court was not particularly receptive to the preemption arguments but ultimately allowed supplemental briefing on the primary jurisdiction arguments that Hain raised at the hearing. *See* RT 4/26/12, ECF No 42; 5/24/12 Order for Supplemental Briefing, ECF No. 47. Those briefs were filed in June. *See* Docket. On August 2, 2012, the court denied the motion to dismiss.

## III. DISCOVERY ACTIONS WHILE THE MOTION TO DISMISS WAS PENDING

On March 13, 2012, while the motion to dismiss was pending, Hain responded to Plaintiffs' discovery requests generally with broad objections. *See* 7/2/2012 Joint Letter Brief Exs. 3-4, ECF No. 52-1. Hain objected that Brown's discovery requests were "not reasonable or appropriate at this procedural stage of the case, given Hain Celestial's pending motion to dismiss . . . . Accordingly, as set out below, Hain Celestial will not search for or produce documents in response to certain requests at this stage of the case." *Id.* at 38-39. Hain agreed to produce a limited set of documents related to the Jason brand products "despite its belief that the foregoing and following objections release it from any obligation to so produce." *Id.* at 39-40. According to Plaintiffs, on April 13, 2012, Hain produced fewer than 300 pages of documents regarding the Jason line of cosmetics, including labels, a one-page summary of revenues, and several publicly-available promotional materials from the organic trade association. *See* Todzo Decl., ECF No. 105-1, ¶ 6.

According to Plaintiffs, in an April 17, 2012 letter, Hain said that it was entitled to a discovery stay pending resolution of its motion to dismiss. *Id.* ¶ 7. Hain does not dispute this. Plaintiffs asked to confer about the dispute. In the interim, as discussed above, the court had a hearing on the motion in April 2012 and ordered more briefing in May 2012. *See* ECF Nos 40., 41, 47.

On May 1, 2012, the parties met and conferred in person to resolve their discovery dispute. *See id.* ¶¶ 4-8; Friedman Decl. ¶ 4. Plaintiffs agreed to narrow their discovery requests and understood that Hain in turn "agreed to search for information and documents regarding those narrowed

requests." Todzo Decl. ¶ 8 (citing Hain's May 17, 2012 email promising to supplement the responses "soon"). Plaintiffs say that in the six weeks that followed the May 1 meet-and-confer, Hain promised three times to supplement its productions. *Id.* On May 29, 2012, Hain told Plaintiffs it would now supplement its responses by June 11. *Id.* On June 8, 2012, Hain stated that it would supplement its responses the next week. *Id.* On June 15, 2012, Hain e-mailed Plaintiffs and explained that it had been unable to complete the supplementation. *Id.* Hain does not contradict Plaintiffs' summary of the discovery time line.

During this time period (on May 22, 2012), Hain raised the issue of a discovery stay, stating that "if the court is inclined to grant Plaintiff's request [to extend the time period to amend the allegations in the complaint or add new parties], Hain Celestial hereby requests that all pending deadlines . . . be vacated pending resolution of the motion to dismiss, and any interlocutory appeal the court may certify." *See* ECF No. 45 (explaining that Hain's work on discovery would be unnecessary if the court granted a motion to dismiss). In its May 24 order extending time to amend the pleadings to 14 days after the ruling on the motion to dismiss, the court left all other deadlines in place "for now." *See* ECF No. 48.

On July 2, 2012, the parties filed a joint letter brief regarding their discovery disputes. 7/2/13 Joint Letter Brief, ECF No. 52. In the letter brief, Plaintiffs argued that the discovery it requested was reasonable and that Hain lacked authority to "unilaterally impose a stay on its discovery obligations simply because a there is a motion to dismiss pending." *Id.* at 2. Hain countered that the letter was "premature" and Plaintiffs' insistence on filing it "compels Defendant to elucidate its views on a global discovery stay."[2] Hain then argued that the court should stay discovery pending any interlocutory appeal, argued conclusorily that there was no burden, and argued that there was no prejudice to Plaintiffs because discovery was not necessary for the motion to dismiss. *Id.* at 3-4.

On July 7, 2012, Plaintiffs served their second set of discovery requests. *See* Todzo Decl. ¶ 10;

---

[2] Hain now argues that the court's page limitations prevented it from fully discussing its relevancy and burden objections. Opp'n, ECF No. 143 at 10. As the court explained at the August 10, 2012 earlier hearing, the court's procedures are to avoid invective and streamline resolution of disputes, and parties can file a letter brief per issue or ask for more space. *See* 8/10/12 Order, Ecf No. 6 at 5.

ORDER (C 11-03082 LB)  4

Friedman Decl. ¶ 6; *see also* 10/26/2012 Joint Letter Brief Exs. 5-6, ECF No. 88-1 at 56, 61. These requests sought information regarding (1) labeling and advertising claims that the Avalon Organics products contain 70% organic ingredients, (2) Hain's profits from the products, and (3) Hain's "uniform marketing plan." *See* 10/26/2012 Joint Letter Brief Exs. 7-7, ECF No. 88-1 at 69, 81. Hain's objections to 5 of the 7 interrogatories and 6 of the 13 requests for production concluded with a version of the following statement:

> Subject to and without waiving the preceding general and specific objections, Hain Celestial is available to meet and confer with Plaintiffs. Depending on the outcome of the conferral process and appropriate guidance obtained from the Court under Fed. R. Civ. Pro. 26(b)(2)(C), 26(c), and 26(e)(1), Hain Celestial may conduct a reasonable search for and supplement with any non-privileged responsive documents.

ECF No. 88-1, Exs. 7-8. In many other cases (e.g., interrogatories 33, 36-37, and 40-41), Hain agreed to produce only a fraction of what Plaintiffs requested. *See id.*

## IV. DISCOVERY AND STAY ISSUES AFTER DENIAL OF MOTION TO DISMISS

On August 1, 2012, the date it denied Hain's motion to dismiss, the court also set a hearing on the discovery letter brief (and thus on the sufficiency of the responses to the December 2011 discovery requests) for August 10, 2013. *See* Orders, ECF Nos. 58-59; 8/7/12 Clerk's Notice.[3] On August 9, 2013, at 5:07 p.m. (the evening before the hearing), Hain filed a motion to certify for interlocutory appeal the undersigned's order denying the motion to dismiss and also asked to stay the case and all discovery pending that appeal. *See* ECF No. 60.

The court held a discovery hearing on August 10, 2012, and ruled in Plaintiff's favor regarding the December 2011 discovery requests. *See* 8/10/12 Order, ECF No. 62. First, the court ruled that it would not stay discovery entirely because some claims survived even with a successful interlocutory appeal. *Id.* at 2. Second, Hain challenged Plaintiffs' discovery about Avalon Organics products that they did not purchase, but the court rejected that challenge on the ground that Hain never raised standing in its motion to dismiss. *Id.* Third, the court ruled that the discovery was relevant, and that there was no ascertainable burden. *See* Order, ECF No. 64 at II(C) ("Again on this record, the recipe

---

[3] On August 21, 2012, pursuant to the parties' stipulation and the court's prior order extending the time to file an amended complaint until after the order on the motion to dismiss, Plaintiffs filed the operative First Amended Complaint. *See* Stipulated Order For Filing of First Amended Complaint, ECF No. 67; First Amended Complaint, ECF No. 68.

1  seems relevant to the actual composition of the products. There is no ascertainable burden.
2  Discovery is appropriate."), II(D) ("This is a false advertising case. The marketing information
3  seems relevant."), II(E) ("The information is relevant. The court cannot assess burden from what
4  Defendant says."). Fourth, the court noted Hain's strategic day-before-hearing filing, observed that
5  Hain's main argument was about staying the case through an interlocutory appeal, said that disputes
6  could be raised in sequential briefs (a point also discussed at the hearing), and said that the parties'
7  arguments should not be buried in the attachments and needed to be brought out in the letter brief
8  itself.

9  On August 29, 2012, Plaintiffs filed an administrative motion asking the court to order Hain to
10 produce discovery by September 15, 2012. ECF No. 71. Plaintiffs explained that the court had not
11 set a deadline in its prior order and absent a deadline, Hain was refusing to produce discovery
12 "pending the September 20, 2012 hearing on the defendant's motion for an interlocutory appeal."
13 *Id.* at 2. Hain responded that the August 10 order addressed only the motion for a stay of discovery
14 and "cannot be construed as one that compels Defendant's document production." ECF No. 74 at 2-
15 3; *see* Friedman Decl. ¶ 9, ECF No. 143-1 (similarly arguing that the August 10 order was
16 preliminary). Hain explained that it was not refusing to produce discovery "but has only declined to
17 provide a definite date for document production due to the pending motion for certification of
18 interlocutory appeal (ECF No. 60) and the remaining discovery disputes that the court has not
19 addressed." *Id.* at 3. Hain did not address its continuing failure to provide supplemental
20 interrogatory responses.

21 On September 6, 2012, the court denied Plaintiffs' motion to require production by September
22 15, 2013, noting that (1) it previously told Hain it would permit it "to raise objections more
23 specifically", (2) the court's intent was to have joint letters address issues such as burden, and (3)
24 the process was not meant to "be a tool to delay discovery." 9/6/12 Order, ECF No. 75 at 1. The
25 court observed that Hain had made "some relevance objections and high-level burden objections."
26 *Id.* The order noted that the court had rejected the relevancy objections and "already ruled that the
27 discovery is relevant." *Id.* at 1-2.
28 On September 18, 2012, the parties met and conferred regarding Hain's objections to Plaintiffs'

ORDER (C 11-03082 LB)            6

second set of discovery requests made in July 2012. *See* Todzo Decl., ECF No. 105-1, ¶ 12; Friedman Decl., ECF No. 143-1, ¶ 11. Hain agreed to supplement its responses regarding the following: (1) the organic content of the products; (2) public representations regarding the products accessible to California residents during the relevant time period; (3) the definition of "Pure, Natural, and Organic" from Jason labels during the time period; (4) Hain's labeling and advertising claims that its Avalon Organics products contain at least 70% organic products; (5) certification standards and documentation for the products and an ingredient called Aloe Barbadensis Leaf Juice; and (6) certain sales, marketing, and distribution information. Plaintiffs say Hain memorialized this in a letter sent to Hain nine days later. *See* ECF No. 88-1. Hain refused to produce any information about the pricing of the products, Defendant's profits, and products that Plaintiffs did not purchase. *Id.*, Ex. 9; *compare* 8/10/12 Order, ECF No. 64 at 3 (rejecting objections to discovery on standing grounds).

## V. CERTIFICATION OF CASE FOR APPEAL AND DENIAL OF DISCOVERY STAY

Following a hearing on September 20, 2012, on Hain's motion to certify the case for appeal and stay the case, the court certified the appeal and denied the motion to stay the case (and discovery). 9/24/12 Order, ECF No. 79. In denying the stay, the court observed that Plaintiffs' discovery requests were "generally reasonable" and that "[f]or much of this litigation, Hain has unilaterally imposed a stay of discovery that has unnecessarily delayed the proceedings." *Id.* at 8. The court also observed, as it had previously, that a successful interlocutory appeal would not dispose of the entire case. *Id.* at 7.

## VI. POST-CERTIFICATION DISCOVERY ISSUES

On October 11, 2012, Hain had not supplemented its production or asked the court for relief, and Plaintiffs then sent Hain their portion of another joint letter brief. Todzo Decl. ¶ 13.[4] Hain responded on October 18 with four letter briefs, and the parties filed their final joint letter briefs on October 26, 2012. *See* Todzo Decl. ¶ 13; ECF Nos. 88-91. The briefs addressed the following

---

[4] During this time period in October 2012, Hain moved to strike Plaintiffs' allegations regarding products they did not purchase and also moved to dismiss for failure to state a claim. *See* ECF Nos. 85, 87. The court denied these motions on December 22, 2012. *See* ECF No. 104.

ORDER (C 11-03082 LB) 7

issues: (1) Hain's long-delayed supplemental production, ECF No. 89; (2) pricing information, ECF No. 89; (3) information regarding Hain's profits, ECF No. 90; and (4) documents and information pertaining to products Plaintiffs did not purchase, ECF No. 91.

On December 11, 2012, the court ordered the discovery at issue in the four briefs. *See* 12/11/2012 Order, ECF No. 102. First, as to the production that Hain agreed (but failed) to produce, the court ordered its production in seven days. *Id.* at 1 (Hain's argument was only that the production was "premature" and said it would supplement production by October 29). Second, with regard to the pricing information, the court reiterated its "previous conclusion" that the discovery is relevant and rejected Hain's contrary relevance arguments.[5] *Id.* at 2. Third, as to information about Hain's profits, the court rejected Hain's arguments that profits were not relevant to damages and ordered Hain to respond. *Id.* Fourth, as to products not purchased, the court reiterated that it previously rejected the standing argument, appreciated that it was raised now in the pending motion to strike, rejected Hain's cited authority as inapposite, and said that any issue was for the class certification stage. *Id.* at 3.

## VII. NINTH CIRCUIT DECISION AND SUBSEQUENT PRODUCTIONS

On December 17, 2012, the Ninth Circuit denied Hain's petition to appeal. *See* Docket, No. 12-80186 (9th Cir. Dec. 17, 2012). Hain claims that it supplemented its production on December 18, 2012. Friedman Decl. ¶ 13.

## VIII. THE MOTION FOR FEES AND THE OCTOBER 17, 2013 HEARING

Plaintiffs filed the pending motion for attorney's fees on December 27, 2012. At the parties' request, the court deferred ruling on the motion because the parties were engaged in settlement discussions. In their fees motion, Plaintiffs ask the court to award $44,480 in fees for the 106 hours they spent compelling the discovery reflected in the July 2, 2012, and October 26, 2012 joint letter briefs. *See* Motion at 15. These fees are attributable to the attorneys' work beginning on June 18, 2012. *See* Todzo Decl. Ex. A, ECF No. 105-2 at 2. Plaintiffs do not request their fees for "the substantial meet and confer correspondence that took place preceding Plaintiffs' initiation of the first

---

[5] Hain framed these as burden arguments, but its argument was that the requests were burdensome because the information requested was minimally relevant. *See, e.g.,* ECF No. 89 at 3.

joint letter brief regarding Plaintiffs' first motion to compel." Todzo Dec., ECF No. 105-1, ¶ 16.

At the October 17, 2013 hearing, Hain said (among other things) that ordinarily, Plaintiffs agreed to stay discovery when substantial case-dispositive motions were pending. Plaintiffs did not disagree. Plaintiffs also pointed to Hain's pattern of delay from the case's inception, its identification of relevant categories of discovery as early as December 2011, and its behavior (including its promises to supplement discovery in May and June 2012 and failure to do so).

## ANALYSIS

Under Rule 37(a)(5)(A), if the court grants a motion to compel discovery, it "must" require the party whose conduct necessitated the motion to pay to the moving party the reasonable costs, including attorney's fees, incurred in making the motion. There are three exceptions to the "loser must pay" sanctions rule. The court "must not" order payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). The party that loses the motion to compel bears the affirmative burden of demonstrating that its position was substantially justified. *See* Fed. R. Civ. P. 37(a)(4) Advisory Comm. Notes (1970); *see Ruff v. Cnty. of Kings*, No. CVF05-0631 OWW LJO, 2006 WL 1716652 (E.D. Cal. June 21, 2006); *see also* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 11:2382 (The Rutter Group 2012); *accord Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (party opposing sanctions bears burden of showing substantial justification under Fed. R. Civ. P. 37(c)(1)); *Pineda v. City and County of San Francisco*, 280 F.R.D. 517, 520 (N.D. Cal. 2012) (same burdens under Fed. R. Civ. P. 37(b)).

The court granted Plaintiff's requests to compel discovery, and Plaintiff attempted to meet in good faith to obtain discovery without court action, as required by Fed. R. Civ. P. 37(a)(5)(A)(i). Thus, the court must award costs (here in the form of fees) unless Hain's non-disclosure was substantially justified or because other circumstances make a fee award unjust.

Hain's main argument is that courts routinely stay discovery in cases where a substantial case-dispositive motion is pending on legal grounds such as its preemption and primary jurisdiction arguments. *See* Opposition, ECF No. 143 at 13. Courts do stay discovery sometimes when potentially dispositive motions are pending. *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002). Whether a stay is appropriate depends on the circumstances of the motion, including the nature of the motion, whether it might resolve the case as a matter of law, the posture of the litigation, and what kind of discovery is sought.

The problem here is that Hain should have raised the issue directly with the court. It mentioned a stay only on May 22, 2012, and it did so in one line without any legal authority, arguing only that if the court extended Plaintiffs' deadline to amend the pleadings, then it should stay the case. Hain did point out that granting the pending motion to dismiss would render discovery "unnecessary work." But the court treated the remark as a throwaway argument. *See* Order, ECF No. 48. It was not until the July 2, 2012 joint letter brief that Hain made the argument explicitly. It should have done so earlier by asking for a protective order.

That being said, asking for a stay was substantially justified. Indeed, the undersigned deferred ruling on the discovery letter brief until August 1, 2012, when it denied the motion to dismiss and set a discovery hearing for a week later. That was the equivalent of granting a stay. In retrospect, it would have been a better marker for the parties if the court had issued an order in July. But the context is that the court's views on discovery turned on its ruling on the motion to dismiss.

The court finds, however, that Hain's failure to produce discovery after August 10, 2013 was not substantially justified. It is true that the court employs a case management process to facilitate cooperative discovery and avoid motions to compel when possible. But that does not excuse Hain's continued delaying of discovery after the court issued its discovery order on August 10, 2013. The court expressly rejected an argument that a stay was appropriate through an interlocutory appeal, holding that some claims would survive Hain's preemption and primary jurisdiction arguments. 8/10/13 Order, ECF No. 62 at 2. The court also rejected Hain's standing argument for products not purchased. *Id.* The court rejected relevance arguments, twice. *Id.*; 9/6/12 Order, ECF No. 75 at 1-2. Thereafter, Hain dragged its feet and delayed discovery until after the Ninth Circuit rejected the

interlocutory appeal in December 2012. Also, Hain had a responsibility to ask for a protective order by at least April 2012 if it wanted to stay discovery. Its failure to do so and its promises to produce discovery in May and June 2012, *see supra* pages 3 and 4, also support the conclusion that Hain strategically delayed discovery.[6]

The court thus orders payment of fees under Rule 37(a) for Plaintiff's counsel's work after August 10, 2013. That amount is $26,520. *See* ECF No. 105-1.

## CONCLUSION

The court **DENIES in part** and **GRANTS in part** Plaintiffs' motion for fees. This disposes of ECF No. 145.

**IT IS SO ORDERED.**

Dated: October 28, 2013

LAUREL BEELER
United States Magistrate Judge

---

[6] It was not ideal that Mr. Friedman – the architect of the discovery strategy – did not appear at the October 17 hearing. New counsel from Morrison & Foerster did a good job, but it was not her responsibility to explain Mr. Friedman's actions.