UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ROSMINAH BROWN and ERIC LOHELA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>THE HAIN CELESTIAL GROUP, INC., a Delaware Corporation,<br><br>Defendant. | No. C 11-03082 LB<br><br>**ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[ECF No. 199] |

On July 15, 2014, Plaintiffs filed the Declaration of Mark N. Todzo in Support of Plaintiffs' Motion for Class Certification ("Todzo Declaration"). *See* ECF No. 200-5. They also filed an administrative motion to file under seal exhibits 6-12 of the Todzo Declaration. *See* Administrative Motion, ECF No. 199. Plaintiffs explain that during discovery, third parties Quality Assurance International and Rite Aid Corporation each produced one of these exhibits and Hain Celestial produced the rest. *Id.* Plaintiffs "take no position as to whether the Exhibits are entitled to remain sealed" but they filed their administrative motion because these discovery documents were designated as "Confidential" or "Highly Confidential" under the protective order. *Id.* at 2.

Neither Hain Celestial, Quality Assurance International, nor Rite Aid Corporation filed timely declarations establishing that the designated material they produced is sealable, as required by Civil Local Rule 79-5(e)(1). Nonetheless, on July 21, 2014, the court sua sponte gave them until July 23,

2014 to file their declarations. *See* Order, ECF No. 201.

On July 23, non-parties QAI, Inc. and NSF International filed the Declaration of Jaclyn Bowen in support of Plaintiffs' motion to seal. *See* Bowen Decl., ECF No. 202. On July 24, they filed a Revised Declaration that corrected typographical errors. *See* Revised Bowen Decl., ECF No. 203. In her declaration, Ms. Bowen states that she is the General Manager of QAI, and Director of Agriculture-North America at NSF. *Id.* at 4. She states "[t]he documents attached to Plaintiffs' Administrative Motion to File Under Seal Exhibits 6-12 of the Todzo Declaration . . . contain QAI's and NSF's confidential documents, and cannot be disclosed by virtue of a Protective Order entered into between the parties." *Id.* Ms. Bowen provides no basis for sealing these documents other than the fact that they were designated as "Highly Confidential" or "Confidential" under the Protective Order in this action. *See id.* at 4-5.

The Bowen Declaration does not provide a sufficient basis for the court to grant the sealing motion. In order to justify sealing, NSF and QAI needed to file "a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civil L.R. 79-5(e)(1) (cited in the Order granting additional time to file the declarations, ECF No. 201). As that subsection explains, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A). Accordingly, the court denies Plaintiffs' Administrative Motion to File Under Seal. Within seven days of this order, Plaintiffs should file a complete and unredacted copy of their class certification motion and all of its exhibits. In subsequent briefing, the parties should cite to the complete, unredacted motion papers.

**IT IS SO ORDERED.**

Dated: August 1, 2014

_____
LAUREL BEELER
United States Magistrate Judge