LEXINGTON LAW GROUP
Mark N. Todzo (State Bar No. 168389)
Howard Hirsch (State Bar No. 213209)
Lucas Williams (State Bar No. 264518)
503 Divisadero Street
San Francisco, CA  94117
Telephone:  (415) 913-7800
Facsimile:  (415) 759-4112
mtodzo@lexlawgroup.com
hhirsch@lexlawgroup.com
lwilliams@lexlawgroup.com

Attorneys for Plaintiffs ROSMINAH BROWN
and ERIC LOHELA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSMINAH BROWN and ERIC LOHELA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP, INC., a Delaware Corporation,<br><br>Defendant. | Case No. C 11-03082 LB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE REPLY EVIDENCE RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MOTION FOR PARTIAL SUMMARY ADJUDICATION**<br><br>Hearing Date: October 16, 2014<br>Time:   9:30 a.m.<br>Dept.   Courtroom C<br>Judge:  Hon. Laurel Beeler |

# INTRODUCTION

At the time Plaintiffs filed their motions for class certification and summary judgment, the factual record included: (1) Hain's concession that the Product labels are all the same and that, with "very few" exceptions, the Products contained less than 70 percent organically produced ingredients; (2) Hain's sworn discovery responses identifying the labels it had produced as the labels for the cosmetic products it sold in California during the relevant time period; and (3) documentary evidence and deposition testimony demonstrating the importance and monetary value to Hain of using some variation of the word "organic" on its Product labels.  With its Oppositions, Hain retreated from its prior admissions, disregarded its sworn discovery responses, and submitted declarations that are contradicted by its own documents and discovery responses. In order to rebut Hain's new contentions and "facts," Plaintiffs submitted the evidence Hain now moves to strike.  However, as Hain concedes (*see* ECF No. 252, p. 2:7-8), the submission of rebuttal evidence is proper on reply.  *See, e.g., Edwards v. Toys "R" Us*, 527 F.Supp.2d 1197, 1205 fn. 31 ("Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion.") (C.D. Cal. 2007).  Furthermore, Hain has cured the only prejudice it claims to have suffered by Plaintiffs' evidence -- its purported lack of opportunity to expose the alleged flaws in that evidence -- by submitting ten pages of briefing in which Hain catalogs those purported deficiencies.  *See* ECF Nos. 251 and 252.  Therefore, the Court should deny both of Hain's motions to strike.

    **A.**    **Plaintiffs Properly Submitted Evidence To Counter Hain's Retreat From Its Prior Admissions Regarding The Product Labels And Formulations.**

Hain previously conceded that "each" of the Avalon Organics and Jason Products included the word "Organics" or "Organic" on the front label, that "all the Avalon labels were identical," and that if you "had [seen] just one label, [you] may as well have [seen] them all . . . they were all the same."  ECF No. 167, pp. 1:23-2:2; ECF No. 245-22, pp. 51:9-10 and 104:25-105:3.  Hain further admitted that, "[p]rior to 2011, with very few exceptions, Hain's Avalon Organics® and Jason® brand cosmetic products contained less than 70 percent organically produced ingredients."

**PLAINTIFFS' RESPONSE TO MOTION TO STRIKE REPLY EVIDENCE**

ECF No. 164, ¶ 23; *see also* ECF No. 167, p. 2:6-9.  Nevertheless, in opposing both class certification and summary adjudication, and relying upon labels that were not produced to Plaintiffs (if at all) until long after Plaintiffs filed their opening papers, Hain now claims that: (1) there are hundreds of variations in the Products' labels ("more than 1,320 labels"!); and (2) a substantial portion of the Products either did not include any variation of the word "organic" on the front label and/or were comprised of more than 70 percent organically produced ingredients. *See, e.g.,* ECF No. 248, pp. 3:10-24 and 11:22 - 12:9; ECF No. 228, pp. 1:7-15 and 8:4-23.[1]  In order to rebut Hain's attempt to retreat from its prior admissions, Plaintiffs submitted a variety of evidence, including a chart that summarizes the labels and formulation documents that were actually produced by Hain prior to late September 2014.  *See* Reply Declaration of Mark N. Todzo ISO Motion for Partial Summary Adjudication, Exh. 7 (ECF No. 239-8); Reply Declaration of Howard Hirsch ISO Motion for Class Certification, Exhs. A-H (ECF No. 237-1).  This evidence is thus proper rebuttal evidence and should not be stricken

> **B.     Plaintiffs Properly Submitted Evidence To Counter Hain's New Argument That Many Of The Products Are Not Cosmetics.**

Over the course of nearly three and a half years' worth of contentious litigation and discovery, Hain has never contended that any of the products it sold under the Avalon Organics and Jason brand names are not "cosmetics" under COPA.  To the contrary, Hain provided sworn discovery responses in which it identified as cosmetics products that it now contends are not.[2]

---

[1] Hain also now claims for the first time that many of the Product labels it actually did produce prior to Plaintiffs' opening brief pertain to Products that were never sold in California.  ECF No. 252, p. 3:14-16.  Hain is once again ignoring its own sworn discovery responses identifying these labels as the ones that were on the Products it sold in California that are at issue in this litigation.  *See* ECF No. 239-6.

[2] In its motion to strike, Hain seeks to excuse this conduct based on its objection to the definition of "Product" or "Products" in the responses as vague, ambiguous, and overbroad; however, the objection only raised that objection as to the definition's "use of the phrase 'marketed, represented, labeled, and/or sold as organic in California.'"  ECF No. 252, p. 3 fn. 4.  Hain's argument that its production of product labels does not constitute an admission (ECF No. 252, p. 3:20-23) ignores its sworn interrogatory responses identifying those same documents as cosmetic product labels.  *See* ECF No. 239-6.

Yet, in its opposition to summary adjudication (and even in the instant motion), Hain argues that many of the Products are not cosmetics. To counter this new position, Plaintiffs properly submitted Hain's previous discovery responses and examples of its related document production. *See* Todzo Reply Decl., Exhs. 1-6 (ECF No. 239).[3] Such evidence is therefore proper rebuttal evidence and should not be stricken.

### C. Plaintiffs Properly Submitted Evidence To Counter Hain's Arguments That Are Directly Contradicted By The Record.

In support of its opposition to Plaintiffs' motion for class certification, Hain submitted declaratory evidence and raised arguments that are directly contradicted by documents Hain produced, by the deposition testimony of Hain's witnesses, or by other evidence in the record. To counter this, Plaintiffs properly submitted examples of evidence contradicting those claims. For instance, Ms. Froelich-Shea's declaration in support of Hain's opposition to class certification claimed that Hain was operating in a realm of regulatory uncertainty regarding organic labeling of the Products, and that Hain's use of variations of the word "organic" did not impact sales or pricing of the Products. These claims are belied by the evidence Plaintiffs submitted with its reply. *See* Hirsch Reply Decl., Exhs. J - P. Similarly, despite its prior statements that the Jason labels were changed in mid to late June of 2011, Hain claims in its opposition that the Jason Class cut-off of June 30, 2011 is improper. Accordingly, in response, Plaintiffs submitted evidence demonstrating why this date is appropriate. *Id.*, Exh. I. And to counter Hain's argument that Plaintiffs lack standing to pursue injunctive relief, Plaintiffs submitted excerpts from their deposition testimony. *Id.*, Exhs. S and T. Finally, because Hain submitted the declaration of Dr.

---

[3] Hain's new argument is also legally flawed. For instance, Hain claims that many of its products are soaps and therefore not cosmetics. Hain is wrong. The definition of soap is extremely narrow, applying essentially only to pure soap that includes no fragrance, moisturizer, skin softeners or the like and makes no claims regarding such properties. 21 CFR §701.20. The bath gels and facial cleansers Hain now contends are soaps are well outside this narrow definition. Likewise, while Hain contends that a number of its Products are drugs, and thereby exempt from cosmetics regulations, the law is otherwise. Products which meet the definitions of both cosmetics and drugs are regulated as both – the definitions are not mutually exclusive. 21 CFR 701.3(d).

Ugone in an attempt to establish that it is impossible to perform a regression analysis on multi-attribute products, Plaintiffs properly submitted a reply declaration from Dr. Hamilton to identify numerous instances in which experts in the field (including Dr. Hamilton himself) have done just that. *Id.*, Exh. U.[4]  As proper rebuttal evidence, this should not be stricken.

DATED: October 8, 2014              Respectfully submitted,

                                    LEXINGTON LAW GROUP

                                    By: /s/ Mark N. Todzo
                                        Mark N. Todzo
                                        Attorneys for Plaintiffs
                                        ROSMINAH BROWN and ERIC LOHELA, on
                                        Behalf of Themselves and All Others Similarly
                                        Situated

---

[4] In addition, Plaintiffs properly submitted evidence that Hain has refused to produce the pricing data it now contends Dr. Hamilton should have relied upon (Hirsch Reply Decl., Exhs. Q and R), and excerpts from the transcript of the hearing on Hain's summary judgment motion (Todzo Reply Decl., Exh. 8) to respond to Hain's argument that Plaintiffs' claims are precluded by an informal letter from the California Department of Public Health.