# Exhibit 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEXINGTON LAW GROUP
Mark N. Todzo (State Bar No. 168389)
Howard Hirsch (State Bar No. 213209)
Lucas Williams (State Bar No. 264518)
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com
hhirsch@lexlawgroup.com
lwilliams@lexlawgroup.com

Attorneys for Plaintiffs
ROSMINAH BROWN and ERIC LOHELA

KIRTLAND & PACKARD LLP
Behram V. Parekh (State Bar No. 180361)
2361 Rosecrans Avenue, Fourth Floor
El Segundo, CA 90245
Telephone: (310) 536-1000

Attorneys for Plaintiff
LAUREN CRIVIER

MORRISON & FOERSTER LLP
WILLIAM L. STERN (CA SBN
96105)
WStern@mofo.com
JAMES M. SCHURZ (CA SBN
145874)
JSchurz@mofo.com
CLAUDIA M. VETESI (CA SBN
233485)
CVetesi@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.75222

Attorneys for Defendant
THE HAIN CELESTIAL GROUP,
INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

ROSMINAH BROWN and ERIC LOHELA,

Plaintiffs,

v.

THE HAIN CELESTIAL GROUP, INC.,

Defendant.

Civil Case Nos. CV 11-03082 LB, CV 13-02237 LB

CLASS ACTION

**STIPULATION OF SETTLEMENT**

Judge:   Hon. Laurel Beeler

HAIN/Brown/Settlement/sf-3564020 v1
DC: 4826261-3

# TABLE OF CONTENTS

**Page**

I.      DEFINITIONS ................................................................................................................. 1

II.     RECITALS ....................................................................................................................... 6

III.    SETTLEMENT RELIEF ............................................................................................... 11

IV.     RELEASES .................................................................................................................... 15

V.      CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY ........................... 17

VI.     CLASS NOTICE AND COURT APPROVAL .............................................................. 17

VII.    CONDITIONS; TERMINATION ................................................................................. 20

VIII.   COSTS, FEES AND EXPENSES ................................................................................. 21

IX.     COVENANTS AND WARRANTIES ........................................................................... 22

X.      MISCELLANEOUS ..................................................................................................... 23

1    This Stipulation of Settlement is made and entered into by Plaintiffs Rosminah Brown,

2  Eric Lohela and Lauren Crivier on behalf of themselves and all others similarly situated, and

3  Defendant The Hain Celestial Group, Inc.

4  **I.     DEFINITIONS**

5    A.    As used in this Stipulation and annexed Exhibits (which are an integral part of the

6  Stipulation and which are incorporated by reference in their entirety), the following capitalized

7  terms have the meanings specified below:

8    1.    "Action" means the case entitled *Brown v. The Hain Celestial Group*, *Inc.*

9  removed from the Alameda County Superior Court on June 22, 2011, to the United States District

10  Court for the Northern District of California and assigned Case No. CV 11-3082.

11    2.    "Approved Claim(s)" means the claims approved by the Claim

12  Administrator according to the claims criteria in Exhibit A.

13    3.    "Cash Payment" means the $7.5 million to be paid by Defendant to be used

14  for payment of the following: (1) Class Members' claims; (2) Notice and Administration Costs;

15  (3) Fee and Expense Award; and (4) incentive awards to Plaintiffs.  The Cash Payment Account

16  shall be administered by the Claim Administrator.

17    4.    "Cash Payment Account" means a bank account to be selected and

18  administered by the Claim Administrator that shall hold the Cash Payment.

19    5.    "Cash Payment Balance" means the balance of the Cash Payment at the

20  end of the Claim Review Period, consisting of the $7.5 million paid as the Cash Payment minus:

21  (i) the total amount paid to Class Members who submit Approved Claims; (ii) the total amount

22  for Notice and Administrative Costs, which is estimated to be $585,500 and shall not exceed

23  $650,000; (ii) up to four million dollars ($4,000,000) for Fee and Expense Award; and (iv) any

24  incentive awards to Plaintiffs.

25    6.    "CEH Action" means the case entitled *CEH v. The Hain Celestial Group,*

26  *Inc.* filed in the Alameda County Superior Court and assigned Case No. RG 12-620309.

27    7.    "Challenged Products" shall mean all Avalon Organics® and

28  JASON® brand cosmetic products at issue in this Action that were manufactured and/or sold

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

1   during the Class Period, a complete list of which is provided in the Claim Form attached as

2   Exhibit F hereto.

3           8.      "Claim Administrator" means the independent company agreed upon by

4   the Parties to provide the Class and Publication Notice and administer the claims process.  The

5   Parties agree that Heffler Claims Group will be retained as the Claim Administrator.

6           9.      "Claim Form" means the document to be submitted by Settlement Class

7   Members seeking cash and/or Coupons pursuant to the Settlement Agreement.  The Claim Form

8   will be available online at the Settlement Website and will be substantially in the form of

9   Exhibit F hereto.

10          10.     "Claim Review Period" means the three-month period beginning no later

11  than 10 days after the Effective Date.

12          11.     "Claim Submission Period" means the period beginning on the date notice

13  to the Class is first published, and continuing until 30 days prior to the date of the Final Approval

14  Hearing.

15          12.     "Class" and/or "Class Members" means all individuals who purchased the

16  Challenged Products in California within the Class Period.  Specifically excluded from the Class

17  are (a) Defendant, (b) the officers, directors, or employees of Defendant and their immediate

18  family members, (c) any entity in which Defendant has a controlling interest, (d) any affiliate,

19  legal representative, heir, or assign of Defendant, (e) all federal court judges who have presided

20  over this Action and their immediate family members; (f) all persons who submit a valid request

21  for exclusion from the Class; and (g) those who purchased the Challenged Products for the

22  purpose of resale.

23          13.     "Class Counsel" means Mark Todzo and Howard Hirsch of the Lexington

24  Law Group.

25          14.     "Class Notice" means the "Notice of Class Action Settlement"

26  substantially in the same form as Exhibit E attached hereto.

27          15.     "Class Notice Package" means the information as approved in form and

28  content by Class Counsel and Defendant's Counsel and to be approved by the Court.  Class

HAIN/Brown/Settlement/sf-3564020 v1

Notice Packages will include (a) the Class Notice, and (b) the Claim Form.  The Class Notice Package will be available in both English and Spanish.

16.     "Class Period" is from May 11, 2007 to January 30, 2011 for purchases of Jason® brand products and May 11, 2007 to May 11, 2011 for purchases of Avalon Organics® brand products.

17.     "Coupon" means a piece of paper that entitles the holder to the purchase of (or a discount on the purchase of) any single Avalon Organics® brand or JASON® brand cosmetic product up to the value designated on the coupon.  Coupons will be issued in $2 denominations and may not be combined for the purchase of a single product.  However, multiple Coupons may be used in a single transaction in which the buyer is purchasing multiple Avalon Organics® brand or JASON® brand cosmetic products provided that only a single Coupon is used toward the purchase of each separate product.  Coupons must be redeemed within 12 months following their issuance.  The cost of a Coupon includes the face value of the Coupon together with the redemption costs equal to $0.16 per Coupon.

18.     "Court" means the U.S. District Court for the Northern District of California.

19.     "Defendant" means The Hain Celestial Group, Inc., also referred to herein as "Hain."

20.     "Defendant's Counsel" or "Hain's Counsel" means William Stern and James Schurz of Morrison & Foerster, LLP.

21.     "Distribution Plan" means a written final accounting and plan of distribution prepared by the Claim Administrator, identifying (a) each claimant whose claim was approved, including the dollar amount of any Cash Payment awarded to each such claimant, the dollar amount of any pro rata reduction of any Cash Payment required by Section III.B.4; the dollar amount and number of any Approved Claims for Coupons awarded to each such claimant; and the dollar amount of any pro rata reduction of any Coupons required by Section III.B.5; (b) each claimant whose claim was rejected; (c) the dollar amount of the Cash Payment Balance

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

1   to be disbursed to the recipient(s) selected by the Court as provided in Section III.B.6; and (d) a

2   final accounting of all Notice and Administration Costs  incurred by the Claim Administrator.

3          22.    "Effective Date" means the date described in Section VII.A.

4          22.    "Fee and Expense Award" means the amount awarded to Plaintiffs'

5   Counsel by the Court for attorneys' fees, costs and expenses, up to four million dollars

6   ($4,000,000).

7          23.    "Final Approval Hearing" means the hearing to be held by the Court to

8   consider and determine whether the proposed settlement of the Action as contained in this

9   Stipulation should be approved as fair, reasonable, and adequate, and whether the Final

10   Settlement Order and Judgment approving the settlement contained in this Stipulation should be

11   entered.

12          24.    "Final Settlement Order and Judgment" means an order and judgment

13   entered by the Court:

14              (a)    Giving final approval to the terms of this Stipulation as fair,

15   adequate, and reasonable;

16              (b)    Providing for the orderly performance and enforcement of the terms

17   and conditions of the Stipulation;

18              (c)    Dismissing the Action with prejudice;

19              (d)    Discharging the Released Parties of and from all further liability for

20   the Released Claims to the Releasing Parties; and

21              (e)    Permanently barring and enjoining the Releasing Parties from

22   instituting, filing, commencing, prosecuting, maintaining, continuing to prosecute, directly or

23   indirectly, as an individual or collectively, representatively, derivatively, or on behalf of them, or

24   in any other capacity of any kind whatsoever, any action in the California Superior Courts, any

25   other state court, any federal court, before any regulatory authority, or in any other tribunal,

26   forum, or proceeding of any kind, against the Released Parties that asserts any Released Claims

27   that would be released and discharged upon final approval of the Settlement as provided in

28   Sections IV.A, B and C of this Stipulation.

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

1            (f)      The actual form of the Final Settlement Order and Judgment

2  entered by the Court may include additional provisions as the Court may direct that are not

3  inconsistent with this Stipulation, and will be substantially in the form attached hereto as

4  Exhibit G.

5            25.      "Household" means any number of persons occupying the same dwelling

6  unit.

7            26.      "Notice and Administration Costs" means all costs and expenses actually

8  incurred by the Claim Administrator, including, but not limited to, expenses related to publication

9  and dissemination of the Class Notice, maintaining the Cash Payment Account (such as taxes that

10  may be owed by the Cash Payment Account) and printing and mailing Cash Payments and

11  Coupons to Class Members, which costs and expenses have been estimated by the Claim

12  Administrator to be $585,500 and shall not exceed $650,000.

13            27.      "Notice Plan" or "Notice Program" means the plan for dissemination of the

14  Publication Notice and Class Notice Package as described in Section VI.

15            28.      "Parties" means Plaintiffs and Defendant.

16            29.      "Plaintiff" or "Plaintiffs" means Rosminah Brown, Eric Lohela and Lauren

17  Crivier.

18            30.      "Preliminary Approval Order" means the "Order Granting Preliminary

19  Approval of Class Action Settlement," substantially in the form of Exhibit B.

20            31.      "Publication Notice" means information as approved in form and content

21  by Class Counsel and Defendant's Counsel and to be approved by the Court, substantially in the

22  form of Exhibit C and available in English and Spanish.

23            32.      "Rejected Claims" means all claims rejected according to the claims

24  criteria in Exhibit A.

25            33.      "Released Claims" means those claims released pursuant to Section IV.A,

26  B and C of this Stipulation.

27

28

5

34.     "Released Parties" means Defendant and each of its parent, affiliated and subsidiary corporations and all of their agents, employees, partners, predecessors, successors, assigns, insurers, attorneys, officers, and directors.

35.     "Releasing Parties" means Plaintiffs, individually and as representatives of all those similarly situated, and the Class Members who do not exclude themselves pursuant to Section VI.D.

36.     "Settlement Website" means the website established by the Claim Administrator that will contain documents relevant to the settlement, including the Class Notice Package.  Claim Forms may be submitted by Class Members via the Settlement Website.

37.     "Stipulation of Settlement" and/or "Stipulation" means this Stipulation of Settlement, including its attached exhibits (which are incorporated herein by reference), duly executed by Plaintiffs, Class Counsel, Defendant, and Defendant's Counsel.

38.      "Total Settlement Value" means the Cash Payment plus the up to $2 million towards Coupons and associated redemption cost (which is equivalent to up to $1,850,000 in the face value of the Coupons together with up to $150,000 in redemption costs).

B.     Capitalized terms used in this Stipulation, but not defined above, shall have the meaning ascribed to them in this Stipulation and the exhibits attached hereto.

## II.     RECITALS

A.     On May 11, 2011, Plaintiff Brown filed an initial complaint in the Alameda County Superior Court.  Brown was joined on the complaint by the Center for Environmental Health ("CEH"), a non-profit environmental organization.  Brown alleged claims under California consumer protection statutes for injunctive and monetary relief on behalf of a class of similarly situated consumers who purchased certain Avalon Organics® and/or JASON® brand personal care products based on purported representations that such products were "organic" when they were allegedly comprised primarily of non-organic ingredients.  Specifically, Brown's complaint alleged that Hain misleadingly used the term "organics" in the "Avalon Organics®" brand name and misleadingly used the term "pro organic" on the principal display panel on some of those products.  Brown also alleged that Hain misleadingly used the term "Pure, Natural & Organic" on

HAIN/Brown/Settlement/sf-3564020 v1

the principal display panel and elsewhere on certain JASON® brand products and violated: (1) the California Organic Products Act's ("COPA's") restrictions on selling, labeling, or representing cosmetic products "as organic or made with organic ingredients" unless the products contain a minimum of 70% organically produced ingredients, Cal. Health & Safety Code §§ 110838 *et seq.*; (2) the unlawful, unfair, and fraudulent prongs of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (3) the California Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750 *et seq.*; and (4) the express-warranty provisions of California's Commercial Code, Cal. Com. Code § 2313.  Class Counsel confirm that, before commencing the Action, they conducted an examination and evaluation of the relevant law and facts to assess the merits of the claims and to determine how to best serve the interests of the members of the Class.

B.      On June 22, 2011, Defendant removed Plaintiff Brown and CEH's action to this Court.  Because CEH raised only a claim pursuant to California Health & Safety Code section 111910 seeking injunctive relief based on violations of COPA, CEH lacked injury sufficient to give it standing under Article III of the United States Constitution.  Accordingly, CEH and Settling Defendant entered into a stipulation to dismiss CEH as a party to this Action.

C.      On March 2, 2012, Defendant moved to dismiss Plaintiff Brown's complaint for lack of subject matter jurisdiction, arguing that the Organic Foods Production Act of 1990 ("OFPA"), 7 U.S.C. §§ 6501-6524, expressly preempts COPA.  In supplemental briefing, Hain also argued that the Court should dismiss the complaint because the USDA has primary jurisdiction over Plaintiff Brown's claims.  On August 1, 2012, the Court denied Defendant's motion in its entirety.  On August 9, 2012, Defendant requested that the Court certify the order denying Defendant's motion to dismiss for interlocutory appeal to the Ninth Circuit, and the Court did so.  On December 17, 2012, the Ninth Circuit denied Defendant's petition for permission to appeal the denial of Defendant's first motion to dismiss.

D.      Plaintiff Brown filed an amended complaint on August 21, 2012, in order to add Plaintiff Lohela as a class representative and to conform the complaint to the federal rules regarding class certification.  On October 9, 2012, Defendant filed a second motion to dismiss

1    together with a motion to strike.  On December 20, 2012, the Court denied Defendant's second

2    motion to dismiss and motion to strike in their entirety.

3        E.        Meanwhile, because CEH lacked standing in federal court, on March 7, 2012, it re-

4    filed its COPA claim against Defendant in the Alameda County Superior Court, thus commencing

5    the CEH Action.

6        F.        In addition, on April 6, 2012, Lauren Crivier filed a complaint in the United States

7    District Court for the Central District of California alleging violations of California's False

8    Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500 *et seq.*, the UCL, and the CLRA based

9    on the same allegedly misleading product tagline "Pure, Natural & Organic" appearing on the

10   principal display panels of some JASON® brand products, as well as other iterations,

11   combinations, or uses of the words "natural" and "organic" on the brand's product labels and

12   advertising.  Plaintiff Crivier alleged that the composition of the JASON® brand products were

13   not "natural" or "organic."  Ms. Crivier's case, titled *Crivier v. The Hain Celestial Group, Inc.*,

14   was transferred to this Court on May 9, 2013 and assigned Case No. CV 13-2237.  Ms. Crivier's

15   case has been stayed since its transfer to this Court.  The parties agree that as part of the

16   settlement of the Action, the operative Complaint will be deemed amended to add Ms. Crivier as

17   a named plaintiff herein.  Also as part of the settlement of this action, Ms. Crivier and Defendant

18   stipulated to dismissal of her complaint which was entered on September 2, 2015.

19       G.        On February 21, 2013, Defendant provided Plaintiffs' Counsel with a letter from

20   the California Department of Public Health ("CDPH") to William J. Friedman dated February 19,

21   2013 ("CDPH Letter") regarding some of the Challenged Products.  The CDPH Letter resolved in

22   Hain's favor a complaint received by CDPH in 2011 regarding those Challenged Products.  The

23   CDPH Letter noted that Hain has certified its Avalon Organics® products as containing 70%

24   organic ingredients under the ANSI/NSF 305 standard and had removed the "Pure, Natural &

25   Organic" tagline from its JASON® products.  The CDPH Letter concluded that, prior to these

26   changes, the Challenged Products were not represented as "organic" and did not use the word

27   "organic" to identify ingredients or modify the product's content on the principal display panel.

28

HAIN/Brown/Settlement/sf-3564020 v1

1      H.      On February 25, 2013, and March 12, 2013, Class Counsel, Hain, and Hain's

2    Counsel participated in mediation with mediator Randall W. Wulff.  Prior to the mediation, Hain

3    provided Plaintiffs with confidential information regarding its California sales of the Challenged

4    Products and the Challenged Products labeling during the Class Period.  At the mediation, the

5    Parties reached an agreement in principle to resolve this litigation.  While finalizing the terms of

6    the settlement agreement, an issue arose that precluded the Parties from finalizing the settlement.

7    Though the Parties continued to make efforts to resolve the issue, they were unable to do so.  On

8    September 19, 2013, the Parties requested that the Court reinstate a litigation schedule.

9      I.      On November 1, 2013, Hain filed a motion for summary judgment, arguing that a

10    CDPH letter dated February 19, 2013 barred Plaintiffs' claims.  The Court denied Hain's motion

11    for summary judgment on February 10, 2014.

12      J.      Following the denial of Hain's motion seeking summary judgment, but before

13    class certification, the Parties participated in two full-day settlement conferences with Judge

14    Beeler in April and May 2014.  The Parties were unable to reach an agreement.

15      K.      On November 14, 2014, the Court granted Plaintiffs' motion for class certification.

16    The Classes that were certified consist of all California purchasers of Avalon Organics® brand

17    cosmetic products from May 11, 2007 up through the date of class notice (January 5, 2015) and

18    all purchasers of JASON® brand cosmetic products from May 11, 2007 up through January 30,

19    2011.  The Classes exclude products that are certified USDA Organic.

20      L.      On December 23, 2014, the Court approved the Parties' class notice program and

21    the notice program was implemented shortly thereafter.

22      M.     On October 1, 2014, Plaintiffs filed their first motion for summary adjudication.

23    On February 12, 2015, Plaintiffs filed their second motion for summary adjudication.  On April

24    23, 2015, Plaintiffs filed their third motion for summary adjudication.  The Court granted

25    Plaintiffs' first two motions for summary adjudication on May 26, 2015, and granted Plaintiffs'

26    third motion for summary adjudication in part on May 30, 2015, resolving certain legal elements

27    of Plaintiffs' claims in their favor.

28

9

N.      In addition to the motion practice described above, the Parties conducted an extensive amount of discovery.  The Plaintiffs served over five sets of requests for production of documents, four sets of interrogatories and three sets of requests for admissions.  Defendant served three sets of requests for admissions and two sets of requests for production of documents and interrogatories.  The Parties engaged in numerous meet and confer sessions, resulting in four discovery dispute letter submissions to the Court for resolution.  Plaintiffs subpoenaed over thirty third parties including wholesalers, retailers, and marketing firms.  More than 229,000 pages of documents were produced and reviewed by the Parties, and over 10 depositions were conducted of Plaintiffs, senior Hain personnel, and Plaintiffs' expert.

O.      Hain has denied and continues to deny each and all of the claims and contentions alleged by Plaintiffs.  Hain has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, labels, statements, acts or omissions alleged, or that could have been alleged, in the Action and states that its advertising and marketing of the Challenged Products was not false or misleading.  Hain further denies that any of the Class Members or anyone has suffered any harm or damage or is entitled to any money or equitable relief whatsoever in connection with the Action.

P.      Nonetheless, Hain has concluded that further defense of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  Defendant also has taken into account the uncertainty and risks inherent in any litigation.  Hain, therefore, has determined that it is desirable and beneficial to it that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation.

Q.      Class Counsel have concluded, after extensive litigation, investigation of the facts, consultation with their experts, extensive discovery, and careful consideration of the circumstances of the Action and the possible legal and factual defenses thereto, that it would be in the best interests of the Class to enter into this Stipulation to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for the Class herein defined. Class Counsel considers the Settlement set forth in this Stipulation to be fair, reasonable and adequate

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

1    and in the best interests of the Settlement Class.

2    **III.    SETTLEMENT RELIEF**

3         In consideration of the covenants set forth herein and the settlement of this Action, the

4    Parties agree that Hain shall pay a $7.5 million Cash Payment, and up to $2 million toward

5    Coupons and associated redemption cost (which is equivalent to up to $1,850,000 in the face

6    value of the Coupons together with up to $150,000 in redemption cost), to be allocated as

7    follows:

8         A.    <u>Cash Payment</u>

9         Hain primarily sells the Challenged Products to distributors, not directly to consumers,

10   and thus has no way to identify individual Class Members.  Additionally, an individual Class

11   Member's recovery may be too small to make traditional methods of proof economically feasible.

12   In order to assure that Class Members have access to the proceeds of this settlement, a Cash

13   Payment Account is proposed to be established and administered as follows:

14        1.    Hain shall pay a total of $7.5 million in cash for payment of approved

15   Class Member claims, attorneys' fees and costs in accordance with Section VIII.A below,

16   Plaintiffs' incentive awards in accordance with Section VIII.B below, and for the payment of

17   Notice and Administration Costs, on the following schedule:

18        (a)    Not more than 30 days after the Court's order granting Preliminary

19   Approval, Hain shall pay $585,500 to the Cash Payment Account to cover any Notice and

20   Administration Costs;

21        (b)    Within 30 days after the Effective Date, Hain shall pay the

22   remaining $6,914,500 into the Cash Payment Account.

23        2.    The Cash Payment shall be applied as follows:

24        (a)    To reimburse or pay the Notice and Administration Costs

25   reasonably and actually incurred by the Claims Administrator, which are estimated in good faith

26   to be $585,500 and shall not exceed $650,000;

27        (b)    To pay attorneys' fees and costs in accordance with Section VIII.A;

28

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

1           (c)      To pay incentive awards to Plaintiffs in accordance with Section

2   VIII.B; and

3           (d)      To distribute to Class Members who submit Approved Claims to

4   the Claim Administrator.

5        B.     <u>Class Member Benefits Under the Settlement</u>

6        1.     Class Members shall have the opportunity to submit a claim to the Claim

7   Administrator during the Claim Submission Period.  Class Members must fill out a Claim Form

8   substantially in the form of Exhibit F and submit it as described in Exhibits C and E.  A

9   maximum of one claim, submitted on a single Claim Form, may be submitted by each Class

10  Member or his or her Household.  Proof of claim for cash and Coupons must be submitted as

11  follows:

12          (a)      For a Class Members making a claim for up to $50 in cash or up to

13  $80 in cash and Coupons combined, Class Members must provide the identity and contact

14  information for the claimant and either: (1) include information on the Claim Form confirming

15  under penalty of perjury (i) the specific Challenged Product(s) purchased in California and (ii) the

16  approximate purchase date(s) within the Class Period in California; or (2) provide a receipt or

17  receipts showing each Challenged Product purchased in California on which the claim is based, or

18  other similar documentation that reflects an eligible purchase (i.e., retailer card statement or

19  product packaging).

20          (b)      For a Class Member making a claim in excess of $50 in cash or $80

21  in cash and Coupons combined, Class Member must provide their identity and contact

22  information and must submit a receipt or receipts showing each Challenged Product purchase in

23  California on which the claim is based, or other similar documentation that reflects an eligible

24  purchase (i.e., retailer card statement or product packaging).

25       2.     Class Members who properly and timely submit the Claim Form are

26  eligible to receive, for each product purchased, either (i) a Cash Payment or (ii) a Cash Payment

27  and Coupon(s), at the Class Member's election.  For purposes of claims made pursuant to this

28

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

Stipulation only, the claimant will select the Challenged Product(s) purchased in California, a complete list of which is provided in the Claim Form attached as Exhibit F hereto.

(a)     If the claimant elects for a Cash Payment only, the claimant will receive 50% of the purchase price of each of the Challenged Product(s) purchased in California. The purchase price for each of the Challenged Products will be based on the manufacturer's suggested retail price of such product as of January 30, 2011 as set forth on the Claim Form attached hereto as Exhibit F.  For example, if the total sum of the purchase prices of the products identified on an individual claimant's Claim Form total $100, the Cash Payment will be $50.

(b)     If the claimant elects for a Cash Payment and Coupon(s), the claimant will receive 50% of the value of the combined purchase price of the Challenged Products(s) purchased in California and Coupon(s) calculated such that 20% of the total Cash Payment will be payable in Coupons at a ratio between cash and Coupons of 1:4 ($1 cash to $4 in Coupons).  For example, a claimant filing a claim for $100 of product purchases under this section would receive $40 in cash (80% of the $50 Cash Payment) and $40 in Coupons (20% of the $50 Cash Payment multiplied by 4).  As a further example, a claimant making a claim for $80 worth of products or what would be $40 in Cash Payment would, under this section, receive $32 in cash and $32 in Coupons.  In the event the calculated value of the Coupons is not divisible by 2, the amount of the Coupon will be rounded up to the next integer divisible by 2.

3.     Each Class Member is limited to a maximum payment under Section III.B.1(a) to either $50 in Cash Payment or a combination of $40 in Cash Payment plus $40 in Coupons based on the formula above.  There is no limit to the claim amount for an individual claiming under Section III.B.1(b).

4.     If the cash amounts to be paid from the Cash Payment Account under Section III.A.2(d) exceed the Cash Payment Balance, all Approved Claims for Cash Payments will be reduced pro rata, based on the respective dollar amounts of the Approved Claims, until the total aggregate of Approved Claims equals the Cash Payment Balance.

5.     If the value of Approved Claims for Coupons exceeds $1,850,000 in the face value of the Coupons, all Approved Claims for Coupons will be reduced pro rata, based on

13

the respective dollar amounts of the Approved Claims, until the total aggregate of Approved Claims for Coupons equals $1,850,000 in the face value of the Coupons.

6.      If the amounts to be paid from the Cash Payment Account under Section III.A.2(d) do not equal or exceed the Cash Payment Balance, the remainder shall be distributed equally between the California Consumer Protection Foundation and the Jesse Smith Noyes Foundation for use in a manner that the recipients determine will provide the next best use of compensation to Class Members arising out of claims that have been made by Plaintiffs in this Action and as consideration for the extinguishment of those claims.

7.      The claim process will be administered by a Claim Administrator, according to the criteria set forth in Exhibit A, and neither Class Counsel nor Hain shall participate in resolution of such claims.

8.      All expenses of the Claim Administrator shall be paid as provided in Section III.A.2(a).

9.      The Claim Administrator shall approve or reject all claims according to the claims criteria in Exhibit A.  The Claim Administrator is authorized to audit claims received from addresses outside of California as well as those requesting checks or vouchers to be mailed to addresses outside of California.  The determination of claims shall occur during the Claim Review Period.  The decision of the Claim Administrator shall be final and binding on Hain and all Class Members submitting Claims, and neither Hain nor such Class Members shall have the right to challenge or appeal the Claim Administrator's decision.

10.     Within 15 days after conclusion of the Claim Review Period, the Claim Administrator shall provide to Hain and Class Counsel the Distribution Plan.  No sooner than 20 days, but not later than 90 days after delivering the Distribution Plan, the Claim Administrator shall disburse the remaining amounts in the Cash Payment Account as well as any Coupons claimed in accordance with the Distribution Plan and mail letters to all claimants with Rejected Claims explaining the rejection.  In no event shall a Class Member's claim be paid until the conclusion of the Claim Review Period.

11.     Any distribution checks mailed to Class Members that are returned as non-deliverable, or are not cashed within 180 days of the date of the check, or are otherwise not payable, will be void.  Any such funds shall be disbursed as follows: first to reimburse the Claim Administrator for any documented settlement administration costs in excess of the cap set forth in Section III.A.2(a), including additional mailing and postage costs; and second to the recipient(s) ordered by the Court as provided in Section III.B.6.

## IV.     RELEASES

A.     As of the Effective Date, in consideration of the settlement obligations set forth herein, any and all claims, demands, rights, causes of action, suits, petitions, complaints, damages of any kind, liabilities, debts, punitive or statutory damages, penalties, losses, and issues of any kind or nature whatsoever, asserted or unasserted, known or unknown (including, but not limited to, any and all claims relating to or alleging deceptive or unfair business practices, false or misleading advertising, intentional or negligent misrepresentation, negligence, concealment, omission, unfair competition, promise without intent to perform, unsuitability, unjust enrichment, and any and all claims or causes of action arising under or based upon any statute, act, ordinance, or regulation governing or applying to business practices generally, including, but not limited to, any and all claims relating to or alleging violation of COPA, UCL, FAL, CLRA, the express-warranty provisions of the California Commercial Code (or any and all other federal, state, or local statutes analogous or similar to the California statutes cited herein)), arising out of or related to Defendant's use of the word "organic" or "organics" in connection with the Challenged Products, that were asserted or reasonably could have been asserted in the Action by or on behalf of all Releasing Parties, whether individual, class, representative, legal, equitable, administrative, direct or indirect, or any other type or in any other capacity, against any Released Party ("Released Claims") shall be finally and irrevocably compromised, settled, released, and discharged with prejudice.  The Released Claims include any and all such claims related to the Challenged Products, without regard to when such products were, or are in the future, purchased by Class Members.  Notwithstanding anything in this Agreement, Released Claims do not include the claims alleged in the case titled *Astiana v. The Hain Celestial Group, Inc. et al.*, Case No.

1    4:11-cv-06342 (N.D. Cal.).

2    B.    Each of the Releasing Parties hereby waives any and all rights and benefits arising

3    out of the facts alleged in the Action by virtue of the provisions of California Civil Code section

4    1542, or any other provision in the law of the United States or any state or territory of the United

5    States, or any principle of common law or equity that is similar, comparable, or equivalent to

6    Civil Code section 1542, with respect to this release.  The Releasing Parties are aware that Civil

7    Code section 1542 provides as follows:

8              A general release does not extend to claims which the creditor does

9              not know or suspect to exist in his favor at the time of executing the

10             release, which if known by him must have materially affected his

11             settlement with the debtor.

12   C.    The Releasing Parties expressly acknowledge that they may hereafter discover

13   facts in addition to or different from those which they now know or believe to be true with respect

14   to the subject matter of the Released Claims, but the Releasing Parties, upon the Effective Date,

15   shall be deemed to have, and by operation of law shall have, fully, finally, and forever settled,

16   released, and discharged any and all Released Claims, known or unknown, suspected or

17   unsuspected, whether or not concealed or hidden, that now exist or heretofore have existed upon

18   any theory of law or equity, including, but not limited to, Released Claims based on conduct that

19   is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule,

20   without regard to the subsequent discovery or existence of such different or additional facts.  The

21   Parties agree that the Released Claims constitute a specific and not a general release.

22   D.    The Releasing Parties shall be deemed to have agreed that the release set forth in

23   Sections IV.A, B and C will be and may be raised as a complete defense to and will preclude any

24   action or proceeding based on the Released Claims.

25   E.    As of the Effective Date, by operation of entry of judgment, the Released Parties

26   shall be deemed to have fully released and forever discharged Plaintiffs, all other Class Members

27   and Class Counsel from any and all claims of abuse of process, malicious prosecution, or any

28   other claims arising out of the initiation, prosecution, or resolution of the Action, including, but

16

1   not limited to, claims for attorneys' fees, costs of suit or sanctions of any kind, or any claims

2   arising out of the allocation or distribution of any of the consideration distributed pursuant to this

3   Stipulation of Settlement.

4   **V.   CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY**

5         On November 14, 2014, the Court granted Plaintiffs' motion for class certification, which

6   certified a Jason Class and an Avalon Organics Class.  For purposes of this settlement only, the

7   Parties agree to certification of the modified Class of all persons or entities in California who

8   purchased the Challenged Products during the Class Period.  Plaintiffs shall make this request for

9   certification to the Court in the Action currently assigned to the Honorable Laurel Beeler.  Class

10   Counsel shall request that the Court to enter an order that, among other things, certifies the Class

11   for settlement purposes as set forth in this paragraph.  Hain contends that certification of the

12   alleged class (other than on a settlement basis) would not be possible absent this settlement

13   because individual issues would predominate.

14         In the event this Stipulation of Settlement and the settlement proposed herein is not finally

15   approved, or is terminated, canceled, or fails to become effective for any reason whatsoever, the

16   class certified for settlement purposes, to which the parties have stipulated solely for the purpose

17   of the settlement of the Action, shall be null and void and the Parties will revert to their respective

18   positions immediately prior to the execution of this Stipulation of Settlement.  Under no

19   circumstances may this Stipulation of Settlement be used as an admission or as evidence

20   concerning the appropriateness of class certification in these or any other actions against Hain.

21   **VI.   CLASS NOTICE AND COURT APPROVAL**

22         A.   <u>Notice Order; Preliminary Approval</u>

23         Within 30 days after the execution of the Stipulation of Settlement, the Parties shall apply

24   to the Court for a Preliminary Approval Order substantially in the form and content of Exhibit B,

25   conditionally certifying the Class for settlement purposes as defined in Section V, for preliminary

26   approval of the settlement, for scheduling a final approval hearing, and for approving the contents

27   and method of dissemination of the proposed Publication Notice and Class Notice Package.

28

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

B.      The Notice Program

The notice program shall consist of notice by publication (the Publication Notice, Exhibit C) which generally describes the settlement and directs all interested parties to a detailed Class Notice available on the Settlement Website and, at the request of interested parties, by U.S. Mail.  Class Counsel shall also place a link to the Settlement Website on the websites of the Lexington Law Group and Kirtland & Packard LLP for a period starting from the date the Publication Notice is published, and continuing no longer than the end of the Claim Submission Period.  The cost associated with the Publication Notice and Class Notice Package shall be paid from the Cash Payment Account as described in Section III.A.2(a), except those costs associated with posting and maintaining notice on Class Counsel's Internet websites.

1.      Publication Notice

Commencing at least 90 days before the Final Approval Hearing or some other date set by the Court, the Claim Administrator shall cause to be published the Publication Notice substantially in the form and content of Exhibit C pursuant to the Notice Plan described in Exhibit D.

2.      Class Notice Package

The Class Notice Package shall be available in electronic format on the Settlement Website and mailed as a hard copy by the Claim Administrator upon request.  Each Class Notice Package shall contain a Class Notice substantially in the form of Exhibit E and the Claim Form substantially in the form of Exhibit F.

3.      Notice of Deadlines and Objections

Both the Publication Notice and the Class Notice shall inform Class Members of the dates by which they must file any objections, requests for exclusions, and submit a Claim Form.  Class Members must file any objections, notices of intent to appear at the Final Approval Hearing, or to submit exclusion requests no later than 30 days prior to the Final Approval Hearing.  Class Members will have the opportunity to submit a Claim Form during the Claim Submission Period. Any Class Member may object to the Stipulation of Settlement by mailing a written statement of their objection to the Court at the following address: Clerk of Court, United States District Court

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

1    for the Northern District of California, Philip E. Burton Courthouse and Federal Building, 450

2    Golden Gate Ave., San Francisco, CA 94102, with copies to the Administrator, Class Counsel,

3    and Defendant's Counsel.  In order for the objection to be valid, it must: (a) be postmarked no

4    later than 30 days prior to the Final Approval Hearing, reference the name of the Action, "*Brown*

5    *v. The Hain Celestial Group, Inc.*, Case No. CV 11-3082," and include the Class Members name,

6    current postal address, current telephone number, and any email address; (b) demonstrate their

7    standing (i.e. membership in the Class); (c) explain the basis for the Class Members' objection

8    and include any written material on which their objection is based or on which they intend to rely;

9    and (d) state whether the Class Member and their lawyer intends to appear at the Final Approval

10   Hearing.  The Parties have the right to conduct reasonable discovery as to the basis of any

11   objection on an expedited basis.

12       C.      Final Approval Hearing

13       The Parties shall request that, after notice is given, the Court: hold a Final Approval

14   Hearing for the purpose of determining whether final approval of the settlement of the Action as

15   set forth herein is fair, adequate, and reasonable to the Class Members; and enter a Final

16   Settlement Order and Judgment dismissing the Action with prejudice substantially in the form

17   and content of Exhibit G.

18       D.      Requests for Exclusion

19       To be excluded from Class, a Class Member shall send a written request for exclusion to

20   the Administrator, with a copy to Class Counsel and Defendant's Counsel.  The exclusion request

21   must: (a) contain the Class Member's name, current postal address, current telephone number,

22   any email address, and the original signature of the Class Member; (b) reference the name of the

23   Action, "*Brown v. The Hain Celestial Group, Inc*., Case No. CV 11-3082;" and (c) be postmarked

24   no later than 30 days prior to the Final Approval Hearing.  If, prior to the Final Approval Hearing,

25   the number of putative Class Members who timely request exclusion from the class in accordance

26   with the provisions of the Preliminary Approval Order exceeds 500, Hain shall have the right, but

27   not the obligation, to terminate this Stipulation of Settlement or to seek appropriate modifications

28   to this Stipulation of Settlement that adequately protect the Parties.  Copies of all Requests for

19

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

1   Exclusion received by the Claim Administrator, together with copies of all written revocations of

2   Requests for Exclusion received, shall be delivered to the Parties' counsel no later than 8 days

3   after the Class Members' deadline to submit such exclusion requests, or at such other time as the

4   Parties may mutually agree in writing.

5         E.     Parties' Duty to Defend

6        From the date of execution of this Stipulation, the Parties, via Class Counsel and

7   Defendant's Counsel, shall take all reasonable steps to defend the terms of this Stipulation as fair,

8   reasonable, and adequate, shall defend the proposed Class as meeting the requirements of Federal

9   Rule of Civil Procedure 23 as applied to proposed settlement class, and shall defend the notice

10  program set forth in the Stipulation as meeting the requirements of Federal Rule of Civil

11  Procedure 23 and giving the best and most reasonable notice practicable under the circumstances.

12  **VII.   CONDITIONS; TERMINATION**

13        A.    This Settlement shall become final on the first date after which all of the following

14  events and conditions have been met or have occurred (the "Effective Date"):

15           1.    The Court has preliminarily approved this Stipulation (including all

16  attachments), the settlement set forth herein, and the method for providing notice to the Class;

17           2.    The Court has entered a Final Settlement Order and Judgment in the

18  Action; and

19           3.    One of the following has occurred:

20              (a)    The time to appeal from such orders has expired and no appeals

21  have been timely filed;

22              (b)    If any such appeal has been filed, it has finally been resolved and

23  the appeal has resulted in an affirmation of the Final Settlement Order and Judgment; or

24              (c)    The Court, following the resolution of any such appeals, has

25  entered a further order or orders approving the Settlement of the Action on the terms set forth in

26  this Stipulation of Settlement, and either no further appeal has been taken from such order(s) or

27  any such appeal has resulted in affirmation of  such order(s).

28

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

B.     If the Settlement is not made final (per the provisions of Section VII.A), this entire Stipulation shall become null and void as set forth in Section V, except that the Parties shall have the option to agree in writing to waive the event or condition and proceed with this settlement, in which event the Stipulation of Settlement shall be deemed to have become final on the date of such written agreement.

## VIII.   COSTS, FEES, AND EXPENSES

A.     <u>Attorneys' Fees and Expenses</u>

1.     The Parties agree that any award of attorneys' fees and expenses to Class Counsel must be approved by the Court as set forth herein.

2.     Class Counsel shall make an application for an award of attorneys' fees and expenses of up to $4,000,000 for the Action and the *Crivier* Action.  Class Counsel's application for attorneys' fees and expenses shall be made in accordance with COPA, the CLRA and Cal. Code of Civil Procedure §1021.5.  The Claim Administrator may pay the award of Class Counsels' fees and expenses from the Cash Payment Account within 30 days after the entry of the Final Settlement Order and Judgment.

3.     Attorneys' fees and expenses awarded by the Court shall be payable as set forth above, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Cash Payment Account, if and when, as a result of any appeal or further proceedings on remand, or successful collateral attack, the fee or award of expenses is reduced or reversed.  If any part of the attorneys' fees and expenses is paid prior to the Effective Date, Plaintiffs' Counsel shall first provide undertakings satisfactory to Defendant's Counsel and the Claims Administrator to repay such attorneys' fees and expenses if the Settlement is not finally approved or the award of attorneys' fees and expenses is later modified or reversed for any reason.  Such undertaking may be in the form of a Promissory Note acceptable to Defendant's Counsel and the Claims Administrator.

4.     In the event the Judgment entered pursuant to this settlement does not become final or is ultimately overturned on appeal as set forth in Section VII.B, Class Counsel

21

1   shall immediately return in full the amount of attorneys' fees and expenses paid to them pursuant

2   to this provision.

3          5.     In the event the amount of the attorneys' fees requested is decreased or

4   denied by the Court, such denial or decrease in the requested fees shall have no effect on this

5   Stipulation and shall not invalidate the settlement agreed to herein.

6          6.     Class Counsel, in their sole discretion, shall allocate and distribute the

7   award of attorneys' fees and expenses among counsel for the class members including Plaintiff

8   Crivier.  In the event that any Class Members object to any aspect of this Stipulation of

9   Settlement, Hain shall under no circumstances be obligated or required to pay attorneys' fees or

10  costs claimed by or associated with such objectors (if any).

11       B.    <u>Class Representative Awards</u>

12       Plaintiffs will apply for class representative service awards to be paid out of the Cash

13  Payment Account to Plaintiffs in an amount not to exceed $7,500 each for Plaintiffs Brown and

14  Lohela and $1,500 to Plaintiff Crivier.  Such awards shall be paid within 30 days after the

15  Effective Date or within 30 days after the issuance of an order awarding such amount, whichever

16  is later.  In the event that a Class Member appeals the award of attorneys' fees and costs, or the

17  class representative service awards, Hain shall not take a position contrary to this Stipulation.

18       C.    <u>Claim Administration Costs and Costs of Class Notice</u>

19       The costs associated with the administration of the claim process and with notifying the

20  Class of this proposed settlement shall be paid from the Cash Payment Account as described in

21  Section III.

22  **IX.    COVENANTS AND WARRANTIES**

23       A.    <u>Authority to Enter Agreement</u>

24       Plaintiffs and Defendant each covenant and warrant that they have the full power and

25  authority to enter into this Stipulation of Settlement and to carry out its terms, and that they have

26  not previously assigned, sold, or otherwise pledged or encumbered any right, title, or interest in

27  the claims released herein or their right, power, and authority to enter into this Stipulation of

28  Settlement.  Any person signing this Stipulation of Settlement on behalf of any other person or

1  entity represents and warrants that he or she has full power and authority to do so and that said

2  other person or entity is bound hereby.

3       B.       Represented by Counsel

4       In entering into this Stipulation of Settlement, the Parties represent that: they have relied

5  upon the advice of attorneys of their own choice concerning the legal consequences of this

6  Stipulation of Settlement; the terms of this Stipulation of Settlement have been explained to them

7  by their attorneys; and the terms of this Stipulation of Settlement are fully understood and

8  voluntarily accepted by the Parties.

9       C.       No Other Actions

10      As of the date of executing this Stipulation, Plaintiffs and Class Counsel represent and

11 warrant that, aside from *Skye Astiana v. The Hain Celestial Group, Inc. and Jason Natural*

12 *Products, Inc.*, Case No. 4:11-cv-06342 (N.D. Cal.), they are not aware of any action or potential

13 action, other than the Action, the CEH Action, and the Crivier Action that (1) raises allegations

14 similar to those asserted in the Action, and (2) is pending or is expected to be filed in any forum

15 by any person or entity against Hain.  Until the Effective Date, Plaintiffs and Class Counsel shall

16 have a continuing duty to notify Hain if Plaintiffs or Class Counsel become aware of any such

17 action.

18 **X.    MISCELLANEOUS**

19      A.       Governing Law

20      The interpretation and construction of this Stipulation of Settlement shall be governed by

21 the laws of the State of California.

22      B.       Counterparts

23      This Stipulation of Settlement may be executed in counterparts.  All counterparts so

24 executed shall constitute one agreement binding on all of the Parties hereto, notwithstanding that

25 all Parties are not signatories to the original or the same counterpart.

26

27

28

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

C.     No Drafting Party

Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Stipulation of Settlement, and the Parties agree that the drafting of this Stipulation has been a mutual undertaking.

D.     Entire Agreement

All agreements, covenants, representations and warranties, express or implied, written or oral, of the Parties hereto concerning the subject matter hereof are contained in this Stipulation of Settlement and the exhibits hereto.  Any and all prior or contemporaneous conversations, negotiations, drafts, terms sheets, possible or alleged agreements, covenants, representations and warranties concerning the subject matter of this Stipulation of Settlement are waived, merged herein, and superseded hereby.

E.     Retained Jurisdiction

The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

F.     Cooperation

Each of the Parties hereto shall execute such additional pleadings and other documents and take such additional actions as are reasonably necessary to effectuate the purposes of this Stipulation of Settlement.

G.     Amendments in Writing

This Stipulation of Settlement may only be amended in writing signed by Class Counsel and Defendant's Counsel.

H.     Binding Effect; Successors and Assigns

This Stipulation of Settlement shall inure to the benefit of, and shall be binding upon, the Parties hereto as well as the legal successors and assigns of the Parties hereto and each of them.

I.     Construction

As used in this Stipulation of Settlement, the terms "herein" and "hereof" shall refer to this Stipulation in its entirety, including all exhibits and attachments, and not limited to any specific

24

HAIN/Brown/Settlement/sf-3564020 v1

1    sections.  Whenever appropriate in this Stipulation of Settlement, the singular shall be deemed to

2    refer to the plural, and the plural to the singular, and pronouns of any gender shall be deemed to

3    include both genders.

4      J.  <u>Waiver in Writing</u>

5      No waiver of any right under this Stipulation of Settlement shall be valid unless in

6    writing.

7      K.  <u>Computation of Time</u>

8      All time periods set forth herein shall be computed in business days, if seven days or

9    fewer, and calendar days, if eight days or more, unless otherwise expressly provided.  In

10   computing any period of time prescribed or allowed by this Stipulation or by order of the Court,

11   the day of the act, event, or default from which the designated period of time begins to run shall

12   not be included.  The last day of the period so computed shall be included, unless it is a Saturday,

13   a Sunday, or a legal or court holiday, or, when the act to be done is the filing of a paper in Court,

14   a day in which weather or other conditions have made the office of the clerk of the Court

15   inaccessible, in which event the period shall run until the end of the next day as not one of the

16   aforementioned days.  As used in this subsection, "legal or court holiday" includes New Year's

17   Day, Martin Luther King Day, Presidents' Day, Memorial Day, Independence Day, Labor Day,

18   Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as

19   a holiday by the President or the Congress of the United States or by the State of California.

20     L.  <u>No Admission of Liability</u>

21     Each of the Parties understands and agrees that he, she, or it has entered into this

22   Stipulation of Settlement for purpose of purchasing peace and preventing the risks and costs of

23   any further litigation or dispute.  This settlement involves disputed claims; specifically, Hain

24   denies any wrongdoing, and the Parties understand and agree that neither this Stipulation of

25   Settlement, nor the fact of this settlement, may be used as evidence or admission of any

26   wrongdoing by Hain.

27

28

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

1      M.      Notice

2          Any notice to the Parties required by this Stipulation of Settlement shall be given in

3  writing by first-class U.S. Mail and e-mail to:

4          For Plaintiff:

5                  Mark N. Todzo
                   Lexington Law Group
6                  503 Divisadero Street
                   San Francisco, CA 94117
7                  Telephone:  (415) 913-7800
                   mtodzo@lexlawgroup.com
8
           For Defendant:
9
                   Denise Faltischek
10                 Executive Vice President and General Counsel, Chief Compliance Officer
                   1111 Marcus Avenue
11                 Lake Success, NY 11042
                   Telephone: (516) 587-5010
12                 denise.faltischek@hain.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

Stipulation of Settlement as of the dates set forth below.

DATED: 2/ Sept , 2015

ROSMINAH BROWN

DATED: _____ , 2015

ERIC LOHELA

DATED: _____ , 2015

LAUREN CRIVIER

DATED: _____ , 2015

THE HAIN CELESTIAL GROUP, INC.

BY: DENISE FALTISCHEK
    Executive Vice President and General Counsel,
    Chief Compliance Officer

30                          CLASS ACTION
                    STIPULATION OF SETTLEMENT
                NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

1

2

IN WITNESS WHEREOF, the parties hereto have executed this
Stipulation of Settlement as of the dates set forth below.

3

4

DATED: _____, 2015

_____

ROSMINAH BROWN

5

6

7

8

DATED:   September, 21, 2015

_____

9

10

DATED: _____, 2015

ERIC LOHELA

11

12

13

14

DATED: _____, 2015

_____

LAUREN CRIVIER

THE HAIN CELESTIAL GROUP, INC.

15

16

17

_____

BY:  DENISE FALTISCHEK
     Executive Vice President and General Counsel,
     Chief Compliance Officer

18

19

20

21

22

23

24

25

26

27

28

HAIN/Brown/Settlement/sf-3564020 v1

1          IN WITNESS WHEREOF, the parties hereto have executed this

2 Stipulation of Settlement as of the dates set forth below.

3 DATED: _____, 2015

4                                       _____

                                      ROSMINAH BROWN

5

6 DATED: _____, 2015

7                                         _____

                                        ERIC LOHELA

8

9 DATED:   09/19/15 , 2015

10                                         _____

                                        LAUREN CRIVIER

11

12 DATED: _____, 2015

13                                         THE HAIN CELESTIAL GROUP, INC.

14

15                                         _____

                              BY:  DENISE FALTISCHEK

16                                           Executive Vice President and General Counsel,

                                          Chief Compliance Officer

17

18

19

20

21

22

23

24

25

26

27

28

                                                CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation of Settlement as of the dates set forth below.

DATED: _____, 2015

_____
ROSMINAH BROWN

DATED: _____, 2015

_____
ERIC LOHELA

DATED: _____, 2015

_____
LAUREN CRIVIER

DATED: September 22, 2015

THE HAIN CELESTIAL GROUP, INC.

_____

BY:  DENISE FALTISCHEK
     Executive Vice President and General Counsel,
     Chief Compliance Officer

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

1

DATED: _Sept. 22_, 2015

2

LEXINGTON LAW GROUP
MARK N. TODZO

3

_____
MARK N. TODZO

4

503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800

5

6

KIRTLAND & PACKARD LLP
BEHRAM V. PAREKH

7

8

_____
BEHRAM V. PAREKH

9

2361 Rosecrans Avenue, Fourth Floor
El Segundo, CA 90245
Telelphone: (310) 536-1000

10

11

12

DATED: _____, 2015

13

MORRISON & FOERSTER LLP
WILLIAM STERN

14

15

_____

16

WILLIAM STERN
JAMES M. SCHURZ
Attorneys for Defendant THE HAIN CELESTIAL
GROUP, INC

17

18

19

20

21

22

23

24

25

26

27

28

HAIN/Brown/Settlement/sf-3564020 v1

DATED: _____, 2015

LEXINGTON LAW GROUP
MARK N. TODZO

_____
MARK N. TODZO

503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800

KIRTLAND & PACKARD LLP
BEHRAM V. PAREKH

_____
BEHRAM V. PAREKH

2361 Rosecrans Avenue, Fourth Floor
El Segundo, CA 90245
Telelphone: (310) 536-1000

DATED: _____, 2015

MORRISON & FOERSTER LLP
WILLIAM STERN

_____
WILLIAM STERN
JAMES M. SCHURZ
Attorneys for Defendant THE HAIN CELESTIAL
GROUP, INC

CLASS ACTION
STIPULATION OF SETTLEMENT
NOS. CV 11-03082 LB, CV 13-02237 LB

HAIN/Brown/Settlement/sf-3564020 v1

1    DATED: _____, 2015          LEXINGTON LAW GROUP
                                            MARK N. TODZO
2

3                                           _____
                                                     MARK N. TODZO
4                                           503 Divisadero Street
                                            San Francisco, CA 94117
5                                           Telephone: (415) 913-7800

6
                                            KIRTLAND & PACKARD LLP
7                                           BEHRAM V. PAREKH

8                                           _____
                                                     BEHRAM V. PAREKH
9                                           2361 Rosecrans Avenue, Fourth Floor
10                                          El Segundo, CA 90245
                                            Telelphone: (310) 536-1000
11

12
     DATED: _Sept. 22_____, 2015            MORRISON & FOERSTER LLP
13                                          WILLIAM STERN

14

15                                          _____
                                            WILLIAM STERN
16                                          JAMES M. SCHURZ
                                            Attorneys for Defendant THE HAIN CELESTIAL
17                                          GROUP, INC

18

19

20

21

22

23

24

25

26

27

28

HAIN/Brown/Settlement/sf-3564020 v1

**LIST OF EXHIBITS**

A.    Claims Administration Protocols

B.    Order re:  Preliminary Approval of Class Action Settlement

C.    Publication Notice

D.    Notice Plan

E.    Notice of Class Action Settlement

F.    Claim Form

G.    Final Settlement Order and Judgment

# Exhibit A

**EXHIBIT A**

**CLAIM ADMINISTRATION PROTOCOLS**

These Claim Administration Protocols ("Protocols") are part of the Stipulation of Settlement ("Stipulation") between Plaintiffs and The Hain Celestial Group, Inc. ("Hain").  All provisions of the Stipulation are incorporated into these Protocols by reference, including without limitation all definitions.  All capitalized terms used here shall have the same meaning given them in the Stipulation.  These Protocols shall define the duties of the Claim Administrator retained to implement the claim process as described in Section III. of the Stipulation.

**A.1    Control of Cash Payment Account**

The Cash Payment Account described in Sections I.A.4, III.A.1, and 2 of the Stipulation shall be maintained by the Claim Administrator.  Disbursement from the Cash Payment Account shall be pursuant to the directions provided in these Protocols and Section III.A and III.B, and Section VIII, of the Stipulation.

**A.2    Timing**

The Claim Administrator shall begin to review the claims no later than 10 days after the Effective Date, and shall conclude the review process during the time provided in Section I.A.10 of the Stipulation (the "Claim Review Period").  The deadline for Class members to submit their claim to the Claim Administrator (the "Claim Deadline") shall be 30 days prior to the date of the Final Approval Hearing or such other date as may be set by order of the Court or agreement of the parties.  The Claim Deadline shall be specified in the Class Notice and Publication Notice. In no event shall payments be made to Class Members until the conclusion of the Claim Review Period.

1

**A.3** **Communications with claimants**

No communications with a claimant or others shall be initiated by the Claim Administrator unless necessary or appropriate to resolve the claims according to these Protocols or to verify claims.  Where necessary or appropriate to resolve the claims, the Claim Administrator may communicate with the claimant or others relating to the claim.  If the claimant has indicated to the Claim Administrator that he or she has counsel, the Claim Administrator shall only contact the claimant through his or her counsel unless the claimant or the claimant's designated counsel instructs otherwise.  In all communications, the Claim Administrator shall treat the claimant with courtesy, responsiveness and professionalism.  The Claim Administrator also shall establish a toll free number which will have recorded information answering questions about the claims submission process and representatives available to answer questions.

**A.4** **Maintenance and Preservation of Records**

The Claim Administrator shall keep a clear and careful record of all communications with claimants, all claims decisions, all expenses, and all tasks performed in administering the claims process.  The Claim Administrator shall preserve all such records until notified in writing by both Hain and Class Counsel that the claim process is concluded and that preservation of records is no longer necessary.

**A.5** **Method of Submitting Claims**

Claims may be submitted on the Claim Forms by mail, or electronically through internet-based Claim Forms.  The Claim Administrator shall establish and maintain a special internet site, easily accessible through commonly used internet service providers, for the submission of claims.  The internet site may be the same site as the Settlement Website.  The site shall be

maintained continuously until six months after the Effective Date.  The site address shall be identified in the Class Notice and the Publication Notice.  The Claim Administrator shall be solely responsible for receiving and processing requests for Claim Forms and for promptly delivering Claim Forms to the Class Members who request them.  The Claim Forms on the internet site and the hard copy Claim Forms shall be identical in content.

**A.6     Approval or Denial of Claims**

After the deadline for submitting claims has passed, the Claim Administrator shall gather all Claim Forms, whether submitted by internet website, or by mail.  Before the end of the Claim Review Period, the Claim Administrator shall select the claims which will be paid and the amount of each such payment ("Approved Claims") and claims that will not be paid ("Rejected Claims").  The Claim Administrator shall determine whether claims are Approved Claims or Rejected Claims, subject to pro rata reduction, by the following criteria:

**A.6.1   Duplicative Claims**

A maximum of one claim, submitted on a single Claim Form, may be submitted by each Class Member or his or her Household, and two or more claimants may not submit Claim Forms for the same alleged product purchases.  The Claim Administrator shall determine whether there is any duplication of claims, if necessary by contacting the claimant(s).  The Claim Administrator shall award settlement relief to only one claimant for the same alleged product purchases and designate as appropriate duplicative claims as Rejected Claims.

**A.6.2   Claims Process**

Claimants that purchased one or more of the Avalon Organics and/or JASON brand personal care products in California during the Class Period may submit claims using the Claim Form.  The claimant must provide information that allows the Claim Administrator to determine:

3

(1) the identity and contact information for each claimant; (2) the specific Avalon Organics and/or JASON brand product each claimant purchased and the number of such products that the claimant purchased in California; and (3) the approximate date the purchases occurred.  For a Class Member making a claim for up to $50 in cash or up to $80 in cash and Coupons combined, the Claim Administrator shall verify that the Claim Form has been executed under penalty of perjury if the Claimant does not provide a receipt or receipts showing each Challenged Product purchase in California on which the claim is based, or other similar documentation that reflects an eligible purchase (i.e., retailer card statement or product packaging).  For a Class Member making a claim in excess of $50 in cash or $80 in cash and Coupons combined, the Claim Administrator shall verify that the Class Member has submitted a receipt or receipts showing each Challenged Product purchase in California on which the claim is based, or other similar documentation that reflects an eligible purchase (i.e., retailer card statement or product packaging).

Once the Claim Administrator has verified that the claimant has complied with each of these requirements to the satisfaction of the Claim Administrator, the claim shall be designated as an Approved Claim without further inquiry aside from the duplicative determination process described above.  However, the Claim Administrator in its discretion may examine and verify a random sample of Claims to prevent fraud and abuse.  The Claim Administrator is also authorized to audit claims received from addresses outside of California as well as those requesting checks or vouchers to be mailed to addresses outside of California.  If a claimant has not complied with all of these requirements to the satisfaction of the Claim Administrator, the claim shall be designated as a Rejected Claim.

### A.6.3   Untimely or Incomplete Claims

The Claim Administrator shall, in its discretion, decide whether to accept Claim Forms submitted after the Claims Deadline.  In deciding whether to accept a late-submitted Claim Form, the Claim Administrator shall take into account the length of time the Claim Form was submitted after the Claims Deadline, including whether the late-submitted claim would delay the distribution of the Cash Payment Account to claimants and the reasons for the late submission of the Claim Form.  In the event the Claim Administrator determines that a Claim Form is incomplete, but may be cured by the claimant, the Claim Administrator shall contact the claimant if reasonably practical to cure any deficiency with the Claim Form.

### A.7   Distribution Plan

Within 15 days after conclusion of the Claim Review Period, the Claim Administrator shall deliver the Distribution Plan as described in Section III.B.10 of the Stipulation.

### A.8   Claim Administrator's Fees and Expenses

As provided in Section III.A.1.(a) and Section III.B.11 of the Stipulation, the actual costs incurred by the Claim Administrator shall be paid out of the Cash Payment Account.  The Claim Administrator shall take all reasonable efforts to administer the claims efficiently and avoid unnecessary fees and expenses.  The Claim Administrator shall only be reimbursed for fees and expenses supported by detailed and clear timesheets and receipts for costs.  As soon as work commences, the Claim Administrator shall provide a detailed written accounting of all fees and expenses on a monthly basis to Hain and Class Counsel, and shall respond promptly to inquiries by Hain and Class Counsel concerning fees and expenses.

### A.9   Access to Information from the Claim Administrator

The Parties are entitled to observe and monitor the performance of the Claim

5

Administrator to assure compliance with the Stipulation of Settlement and these protocols.  The Claim Administrator shall promptly respond to all inquiries and requests for information made by either Hain or Class Counsel.  In addition, the Claim Administrator will provide bi-weekly reports throughout the Claim Submission Process updating the Parties as to the number, type and amount of Claims.

# Exhibit B

1

**EXHIBIT B**

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11

12 ROSMINAH BROWN and ERIC LOHELA,   )    Civil Case Nos.  CV 11-03082 LMB, CV 13-
   on behalf of themselves and all others   )    02237 LB
13 similarly situated,   )
   )
14                 Plaintiffs,   )    <u>CLASS ACTION</u>
   )
15      v.   )    [PROPOSED] ORDER PRELIMINARILY
   )    APPROVING CLASS ACTION
16 THE HAIN CELESTIAL GROUP, INC.,   )    SETTLEMENT, CONDITIONALLY
   )    CERTIFYING THE SETTLEMENT CLASS,
17     )    PROVIDING FOR NOTICE AND
   )    SCHEDULING ORDER
18                 Defendant.   )

19

20

21

22

23

24

25

26

27

28

WHEREAS, Plaintiffs[1] in the Action and The Hain Celestial Group, Inc. have entered into a Stipulation of Settlement, filed September 22, 2015, after arms-length settlement discussions conducted in good faith with the assistance of the Honorable Joseph Spero;

WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

WHEREAS, the Parties have made an application for an order preliminarily approving the settlement of this Action, conditionally certifying the settlement class, providing for notice and scheduling order, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation; and

WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.     The Settlement Class Is Conditionally Certified.**

1.     Pursuant to Federal Rule of Civil Procedure 23, the Court hereby amends the classes previously certified by order dated November 14, 2014 and certifies the following Class for settlement purposes only:

> All individuals who purchased the Challenged Products in California within the Class Period.  Specifically excluded from the Class are (a) Defendant, (b) the officers, directors, or employees of Defendant and their immediate family members, (c) any entity in which Defendant has a controlling interest, (d) any affiliate, legal representative, heir, or assign of Defendant, (e) all federal court judges who have presided over this Action and their immediate family members; (f) all persons who submit a valid request for exclusion from the Class; and (g) those who purchased the Challenged Products for the purpose of resale.

2.     With respect to the Class and for settlement purposes only, the Court preliminarily finds the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class

---

[1]     All capitalized terms herein shall have the same meanings as set forth in the Stipulation unless otherwise specifically defined.

[PROPOSED] ORDER
PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

representatives and Class Counsel; (e) predominance of common questions of fact and law among the Class for purposes of settlement; and (f) superiority.

3.     Pursuant to Federal Rule of Civil Procedure 23, the Court hereby appoints the Plaintiffs in the Action, Rosminah Brown, Eric Lohela, and Lauren Crivier, as the class representatives.

4.     Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court hereby appoints Mark N. Todzo and the Lexington Law Group as Class Counsel.

**B.     The Stipulation Is Preliminarily Approved and Final Approval Schedule Set.**

5.     The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

6.     The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

7.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a Final Approval Hearing  on _____, at _____ a.m./p.m., in the Courtroom of the Honorable Laurel Beeler, United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom C - 15th Floor, 450 Golden Gate Ave, San Francisco, CA 94102, for the following purposes:

(a)     finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class should be certified for purposes of effectuating the settlement;

(b)     determining whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

2                    [PROPOSED] ORDER
PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

(c)     considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for under the Stipulation;

(d)     considering the applications of Plaintiffs for class representative incentive awards, as provided for under the Stipulation;

(e)     considering whether the Court should enter the [Proposed] Final Settlement Order and Judgment;

(f)     considering whether the release of the Released Claims as set forth in the Stipulation should be provided; and

(g)     ruling upon such other matters as the Court may deem just and appropriate.

8.     The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to Class Members.

9.     The Parties may further modify the Stipulation prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

10.     Any application for an award of attorneys' fees and expenses and/or class representative incentive awards must be filed with the Court and served at least forty days prior to the Final Approval Hearing.

11.     All papers in support of the settlement, other than the application for an award of attorneys' fees and expenses and/or class representative incentive awards, must be filed with the Court and served at least seven days prior to the Final Approval Hearing.

**C.     The Court Approves the Form and Method of Class Notice.**

12.     The Court approves, as to form and content, the proposed Publication Notice and Class Notice (collectively the "Notice"), which are Exhibits C and E, respectively, to the Stipulation.

13.     The Court finds that the distribution of Notice substantially in the manner and form set forth in the Stipulation meets the requirements of Federal Rule of Civil Procedure 23 and due

[PROPOSED] ORDER
PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

1  process, is the best notice practicable under the circumstances, and shall constitute due and sufficient

2  notice to all persons entitled thereto.

3        14.    The Court approves the designation of the Heffler Claims Group to serve as the

4  Court-appointed Claim Administrator for the settlement.  The Claim Administrator shall cause

5  the Publication Notice to be published, disseminate Class Notice, and supervise and carry out the

6  notice procedure, the processing of claims, and other administrative functions, and shall respond

7  to Class Member inquiries, as set forth in the Stipulation and this Order under the direction and

8  supervision of the Court.

9        15.    The Court directs the Claim Administrator to establish a Settlement Website, making

10  available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted

11  online, by mail, or by facsimile, the Stipulation and all Exhibits thereto, a toll-free hotline, and such

12  other information as may be of assistance to Class Members or required under the Stipulation.  The

13  Class Notice and Claim Forms shall be made available to Class Members through the Settlement

14  Website on the date Publication Notice is first published and continuously thereafter for six months

15  after the Effective date. Class Counsel shall also place a link to the Settlement Website on Class

16  Counsel's Internet websites for a period starting from the date the Publication Notice is published

17  through no longer than the end of the Claim Submission Period.

18        16.    The Claim Administrator is ordered to commence publication of the Publication

19  Notice at least 90 days before the Final Approval Hearing.

20        17.    The costs of Notice, processing of claims of Class Members, creating and maintaining

21  the Settlement Website, and all other Claim Administrator and Notice expenses shall be paid from

22  the Claim Fund in accordance with the applicable provisions of the Stipulation.

23       **D.    Procedure for Class Members to Participate in the Settlement.**

24        18.    The Court approves the Parties' proposed Claim Form.  Any Class Member who

25  wishes to participate in the settlement shall complete a Claim Form in accordance with the

26  instructions contained therein and submit it to the Claim Administrator no later than 30 days prior to

27  the date of the Final Approval Hearing, which date will be specifically identified in the Claim Form.

28  

[PROPOSED] ORDER
PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

1   Such deadline may be further extended without notice to the Class by written agreement of the

2   Parties.

3           19.     The Claim Administrator shall have the authority to accept or reject claims in

4   accordance with the Stipulation, including the Claims Administration Protocols.

5           20.     Any Class Member may enter an appearance in the Action, at his or her own expense,

6   individually or through counsel who is qualified to appear in the jurisdiction.  All Class Members

7   who do not enter an appearance will be represented by Class Counsel.

8           **E.      Procedure for Requesting Exclusion from the Class.**

9           21.     All Class Members who do not timely exclude themselves from the Class shall be

10  bound by all determinations and judgments in the Action concerning the settlement, whether

11  favorable or unfavorable to the Class.

12          22.     Any person or entity falling within the definition of the Class may, upon his, her or its

13  request, be excluded from the Class.  Any such person or entity must submit a request for exclusion

14  to the Class Action Administrator, with a copy to Class Counsel and Defendant's Counsel,

15  postmarked or delivered no later than 30 days prior to the date of the Final Approval Hearing, the

16  date for which will be specifically identified in the Publication Notice and Class Notice.  Requests

17  for exclusion purportedly filed on behalf of groups of persons or entities are prohibited and will be

18  deemed to be void.

19          23.     Any Class Member who does not send a signed request for exclusion postmarked or

20  delivered on or before the time period described above will be deemed to be a Class Member for all

21  purposes and will be bound by all judgments and further orders of this Court related to the

22  Stipulation of Settlement of this Action and by the terms of the Stipulation, if finally approved by the

23  Court.  The written request for exclusion must request exclusion from the Class, must be signed by

24  the potential Class Member, must include the Class Member's contact information, and must

25  reference the name of the Action.  All persons or entities who submit valid and timely requests for

26  exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and

27  shall not be bound by the Stipulation or the Final Judgment and Order.

28

[PROPOSED] ORDER
PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

24.     A list reflecting all requests for exclusions shall be filed with the Court by the parties at or before the Final Approval Hearing.

**F.      Procedure for Objecting to the Settlement**

25.     Any Class Member who desires to object either to the settlement, application for attorneys' fees and expenses, or class representative incentive awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel and the Claim Administrator by hand or first-class mail a notice of the objection(s) and the grounds for such objections, together with all papers that the Class Member desires to submit to the Court no later than 30 days prior to the date of the Final Approval Hearing, the date for which will be specifically identified in the Publication Notice and Class Notice.  The Court will consider such objection(s) and papers only if such papers are timely received by the Clerk of the Court and by Class Counsel and by Defendant's Counsel.  Such papers must be sent to each of the following persons:

| | | |
|---|---|---|
| Clerk of the Court, | Mark N. Todzo | William L. Stern |
| United States District Court | Lexington Law Group | Morrison & Foerster LLP |
| Northern District of California | 503 Divisadero Street | 425 Market Street |
| 450 Golden Gate Avenue | San Francisco, CA 94117 | San Francisco, California |
| San Francisco, CA 94102 | | 94105-2482 |

**Avalon Organics® and JASON® Class Settlement**
Claims Administrator
XXX
P.O. Box XXXX
XXX

26.     All objections must: (a) be postmarked no later than 30 days prior to the Final Approval Hearing, reference the name of the Action, "*Brown v. The Hain Celestial Group*, *Inc.*, Case No. CV 11-3082," and include the Class Members name, current postal address, current telephone number, and any email address; (b) demonstrate their standing (i.e. membership in the Class); (c) explain the basis for the Class Members' objection and include any written material on which their objection is based or on which they intend to rely; and (d) state whether the Class Member and their lawyer intends to appear at the Final Approval Hearing.

6

[PROPOSED] ORDER
PRELIMINARILY
APPROVING CLASS
ACTION SETTLEMENT

27.     Attendance at the Final Approval Hearing is not necessary; however, any Class Member wishing to be heard orally with respect to approval of the settlement, the applications for attorneys' fees and reimbursement of expenses, or the application for class representative incentive awards are required to provide written notice of their intention to appear at the Final Approval Hearing no later than 30 days prior to the date of the Final Approval Hearing, which date will be specifically identified in the Class Notice.  Class Members who do not oppose the settlement, the applications for attorneys' fees and expenses, or class representative incentive awards need not take any action to indicate their approval.  A Class Member's failure to submit a written objection in accordance with the procedure set forth in the Class Notice waives any right the Class Member may have to object to the settlement, attorneys' fees and expenses, or class representative incentive awards, to appear at the Final Approval Hearing, or to appeal or seek other review of the Final Judgment and Order.

IT IS SO ORDERED.

DATED:  _____        _____
                                            THE HONORABLE LAUREL BEELER
                                            UNITED STATES MAGISTRATE JUDGE

7                          [PROPOSED] ORDER
                           PRELIMINARILY
                           APPROVING CLASS
                           ACTION SETTLEMENT

# Exhibit C

# If you purchased certain Avalon Organics® or JĀSÖN® brand cosmetic products in California, this notice of class action settlement may affect your rights.

A proposed settlement has been reached in a California class action lawsuit about the labeling and advertising of certain Avalon Organics® and JASON® brand cosmetic products. The plaintiffs in the lawsuit assert that the packaging and advertising for these products misled consumers to believe that the products were wholly or at least mostly organic. The Hain Celestial Group, Inc. ("Hain") denies all the plaintiffs' allegations and is entering into this settlement to avoid burdensome and costly litigation. The settlement is not an admission of wrongdoing. The court has not decided who is right and who is wrong.

## Am I a Class Member?

You may be a member of the Class if you purchased at least one Avalon Organics® brand cosmetic product in California during the time period from May 11, 2007 through May 11, 2011 or at least one JASON® brand cosmetic product in California during the time period of May 11, 2007 through January 30, 2011. The specific Avalon Organics® brand cosmetic products sold in California between May 11, 2007 through May 11, 2011 and the specific JASON® brand cosmetic products sold in California during the time period of May 11, 2007 through January 30, 2011 at issue in this litigation are referred to as the "Challenged Products." A complete list of the Challenged Products can be found on the website below.

## What Am I Eligible to Receive?

Hain will establish a $7.5 million settlement fund to pay approved Class Member claims, notice and administrative costs, incentive awards to the named plaintiffs, and attorneys' fees and costs. Also, Hain will provide up to $1.85 million in coupons toward the purchase of any Avalon Organics® brand or JASON® brand cosmetic product. Eligible class members may elect to receive either (i) a cash payment or (ii) a cash payment and coupons. The amount of your payment will depend on the statements in your Claim Form. The amount of the claim paid (cash or cash and coupons) to class members will depend on how many people file claims. Complete details of your options are in the detailed notice found at www._____ .

## What are My Options?

**Submit a claim form – this is the only way to receive a cash payment or a cash payment and coupons. Exclude yourself – Get out of the settlement. You will not receive benefits, but keep your right to sue the Defendant. Object – write to the Court about why you do not like the settlement. Do Nothing –** Get no cash or coupons from this settlement. You give up any rights to sue Hain or any of its affiliates on your own about the same legal claims in this

lawsuit. You will also be legally bound by all orders the Court issues and judgments the Court makes in this class action.

The Judge will hold a Final Approval Hearing at ___ on _____ at the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, in Courtroom C on the 15th Floor.  At this hearing, the Judge will consider whether the settlement is fair, reasonable and adequate, and whether to approve attorney fees and costs of up to $4,000,000 and plaintiff awards not to exceed $16,500 in total.   The motion for attorneys fees and costs will be posted on the website after they are filed. You may appear at the hearing, but you don't have to.

This is only a summary.  For more information, visit www.HainOrganicCosmeticsLawsuit.com, or call 1-800-481-7948.

# Exhibit D

**EXHIBIT D**

**Notice Plan**

**1.      Settlement Website:**  A website regarding this action (www.HainOrganicCosmeticsLawsuit.com) was established following the Court's order granting Plaintiffs' motion for class certification in November 2014.  Within 30 days following entry of the Preliminary Approval Order, the following Settlement documents will be posted on the website: (1) the Publication Notice; (2) a list of frequently asked questions and answers; (3) key deadlines; (4) downloadable copies of orders of the Court and other pleadings pertaining to the settlement; (5) a downloadable copy of the Stipulation of Settlement; (6) a downloadable copy of the Class Notice and Claim Form; (7) information about how to contact the Claim Administrator via a toll-free number, via email and mail; and (8) other information required for Class Members to file a claim. The Settlement Website will be maintained until the Effective Date.  The relevant settlement documents will also be posted on Class Counsel's websites (www.lexlawgroup.com and www.kirtlandandpackard.com) until the Effective Date.

**2.      Toll-Free Telephone Support:**  Within 30 days following entry of the Preliminary Approval Order, a toll-free telephone support system will be established that will provide Class Members with: (1) general information about the settlement; (2) frequently asked questions and answers; and (3) the ability to request a Class Notice and Claim Form.  The toll-free telephone support system will be maintained until 101 days after entry of Final Settlement Order and Judgment.

**3.      CAFA Notice:**  The Claim Administrator will provide notice of the terms of the Stipulation of Settlement and other information to the appropriate federal official and state official in each State within 10 days after the Stipulation of Settlement is filed with the Court for preliminary approval as required by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) ("CAFA").

**4.      Published Notice:**  Within thirty-five (35) days following entry of the Preliminary Approval Order, notice of the settlement will be provided by a full page advertisement in the California edition of People magazine.  In addition, half-page advertisements in the San Francisco Chronicle will be published four (4) times over the course of approximately a three (3) week period.  The notice will direct Class Members to the Settlement Website and the toll-free telephone number referenced above.  The specific language of this notice will be substantially as set forth in Exhibit C to the Stipulation of Settlement.

**5.      PR Newswire Press Release:**  Within thirty (30) days following entry of the Preliminary Approval Order, a press release in English and Spanish targeting potential Class Members will be disseminated via the PR Newswire.  The press release will direct Class Members to the Settlement Website and the toll-free telephone number referenced above.  The specific language of this press release will be mutually agreed upon by the Parties.

**6.** **Internet and Mobile Media Advertisements:**  Within thirty (30) days following entry of the Preliminary Approval Order, internet advertisements in English and Spanish targeting potential Class Members will be run on People.com, Pulpo Media, UsWeekly.com, Xaxis, Sharethrough, Facebook, Twitter and the Mobile & App Network.  The advertisements will continue for a period of thirty-one (31) days.  The internet and mobile advertisements will direct Class Members to the Settlement Website and the toll-free telephone number referenced above.

# Exhibit E

**EXHIBIT E**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# IF YOU PURCHASED CERTAIN
# AVALON ORGANICS® OR JASON® BRAND COSMETIC PRODUCTS
# YOU MAY BE ENTITLED TO MONEY AND OTHER BENEFITS

THIS NOTICE AFFECTS YOUR RIGHTS.

*A Federal Court authorized this notice.*
*This is not a solicitation from a lawyer.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a cash payment and/or coupon. |
| EXCLUDE YOURSELF | Get no settlement benefits.  Remove yourself from both the settlement and the lawsuit. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| DO NOTHING | Get no cash payment or coupon.  Give up your rights. |

Please read this entire Class Notice carefully.

Your rights and options – **and the deadlines to exercise them** – are explained in this Notice.

## WHAT IS THIS LAWSUIT ABOUT?

A proposed settlement has been reached in a California class action lawsuit about the labeling and advertising of certain Avalon Organics® and JASON® brand cosmetic products.  The plaintiffs in the lawsuit assert that the packaging and advertising for these products misled consumers to believe that the products were wholly or at least mostly organic.  The Hain Celestial Group, Inc. ("Hain") denies all the plaintiffs' allegations and is entering into this settlement to avoid burdensome and costly litigation.  The settlement is not an admission of wrongdoing.  The court has not decided who is right and who is wrong.

## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

You may be a member of the Class if you purchased at least one Avalon Organics® brand cosmetic product in California during the time period from May 11, 2007 through May 11, 2011 or at least one JASON® brand cosmetic product in California during the time period of May 11, 2007 through January 30, 2011.  The Avalon Organics® brand cosmetic products sold in California between May 11, 2007 through May 11, 2011 at issue in the litigation, and the JASON® brand cosmetic products sold in California during the time period of May 11, 2007 through January 30, 2011 at issue in the litigation, are referred to as the "Challenged Products." A complete list of the Challenged Products is available at www._____.com.

The following persons are excluded from the settlement class: (a) Defendant; (b) the officers, directors, or employees of Defendant and their immediate family; (c) any entity in which Defendant has a controlling interest; (d) any affiliate, legal representative, heir, or assign of Defendant; (e) all federal court judges who have presided over this Action and their immediate family; (f) all persons who submit a valid request for exclusion from the Class; and (g) those who purchased the Avalon Organics® or JASON® brand cosmetic products for the purpose of resale.

## THE SETTLEMENT BENEFITS – WHAT YOU MAY GET

### CASH PAYMENTS AND COUPONS FROM THE CLAIM PROCESS

Hain shall pay a total of $7.5 million in cash for payment of approved Class Member claims, certain notice and administrative costs, incentive awards to the named plaintiffs, and attorneys' fees and costs.  Hain shall also spend up to $2 million to make available up to $1.85 million in coupons, which may be used toward the purchase of any Avalon Organics® brand or JASON® brand cosmetic product.  If you purchased one or more Challenged Products, you are eligible to receive your choice of either (i) a cash payment or (ii) a cash payment and coupons.  The amount of your payment will depend on the statements in your Claim Form and whether you choose to receive only cash or a combination of cash and coupons.  Details are provided below.

## HOW YOU GET SETTLEMENT BENEFITS – SUBMITTING A CLAIM FORM

### HOW CAN I RECEIVE BENEFITS UNDER THE SETTLEMENT?

You must return a Claim Form to receive a cash payment and/or coupon(s) under the settlement.  A copy of the Claim Form is included in this Notice Package.  Claim Forms are also available at www._____.com or by calling 1-800-xxx-xxxx.

| How much will I receive? |
|---|

**Cash Payment and Coupon Option**

**A. No Receipts – up to $40 in cash plus $40 in coupons**

If you elect to receive the combined cash payment and coupon option and do not have receipts, you will receive 50% of the purchase price for up to $100 worth of the Challenged Products you purchased in a combination of cash and coupons. The value of the coupons that you receive shall be calculated such that 20% of the total cash payment will be payable in coupons at a ratio between cash and coupons of 1:4 ($1 cash to $4 in coupons). Therefore, the maximum recovery under the cash payment and coupon option if you do not have receipts is $40 cash plus $40 in coupons for a total value of $80. Each coupon will have a face value of $2 so with the maximum recovery under this option you will receive twenty $2 coupons.

As an example, if you purchased $60 worth of Challenged Products during the class period and you choose the cash payment and coupon option, you will receive $24 in cash and $24 in coupons good for purchases of any Avalon Organics® or JASON® brand cosmetic product.

**B. With Receipts – no maximum payment**

If you elect to receive the combined cash payment and coupon option and have receipts, you will receive 50% of the purchase price for all of the Challenged Products you purchased in combined cash and coupons. The value of the coupons shall be calculated such that 40% of the total cash payment will be payable in coupons at a ratio between cash and coupons of 1:4 ($1 cash to $4 in coupons). Therefore, there is no maximum cash payment if you have receipts for your purchases. Each coupon will have a face value of $2.

**Cash Payment Only Option**

**A. No Receipts – up to $50**

If you elect to receive the cash payment only option and do not have receipts, you will receive 50% of the purchase price for up to $100 worth of the Challenged Products you purchased. Therefore, the maximum cash payment if you do not have receipts is $50.

As an example, if you purchased $60 worth of Challenged Products during the class period and you choose the cash payment only option, you will receive a $30 cash payment.

**B. With Receipts – no maximum payment**

If you elect to receive the cash payment only option and have receipts, you will receive 50% of the purchase price for all of the Challenged Products you purchased. Therefore, there is no maximum cash payment if you have receipts for your purchases.

| How Will The Purchase Price For My Purchases of Challenged Products be Calculated? |
|---|

The purchase price for each of the Challenged Products will be based on the manufacturer's suggested retail price of such product as of January 30, 2011 (MSRP). The MSRP for each Challenged Product is set forth on the claim form either in the drop-down menu in the online version of the claim form or an attached list in the hard copy of the claim form.

| What Else Do I Need To Know About The Coupons? |
|---|

The coupons will be issued in $2 denominations and expire one year from the date of issuance. Coupons may not be combined for the purchase of a single product. However, multiple coupons may be used in a single transaction in which the buyer is purchasing multiple Avalon Organics® brand or JASON® brand cosmetic products provided that only a single coupon is used toward the purchase of each separate product. In the event the value of the coupon you are entitled to is not divisible by 2, the amount of the coupon will be rounded up to the next number divisible by 2. For example, if you purchased $50.50 worth of Challenged

Products during the class period and you choose the cash payment and coupon option, you will receive $20.20 in cash and $22 in coupons (rounded up from $20.20) good for purchase of any Avalon Organics® or JASON® brand cosmetic product.

## DO I NEED TO HAVE MY RECEIPTS TO PARTICIPATE IN THE SETTLEMENT?

You do **not** need to submit receipts if you are submitting a claim for $100 or less in purchases of Challenged Products.  If you are submitting a claim for purchases of Challenged Products that exceeds $100, you **will** need to submit a receipt or receipts.

## HOW DO I SEND IN A CLAIM?

The Claim Forms are simple and easy to complete.

The Claim Form requires that you provide:

- Your name, mailing address, and other contact information;

    AND

- If you are submitting a claim for $100 or less in combined purchases of the Challenged Products, then

    o The JASON® brand cosmetic products you purchased in California between May 11, 2007 through January 30, 2011 (a list of which will be available on the claim form); AND

    o The Avalon Organics® brand cosmetic products you purchased in California between May 11, 2007 and May 11, 2011; AND

    o The approximate purchase date(s) within the class period; AND

    o Your signature, under penalty of perjury, confirming that the information provided is true and correct; OR

    o Provide a receipt or receipts showing each Challenged Product purchase on which the claim is based, or other similar documentation that reflects an eligible purchase (i.e. retailer card statement or product packaging).

    OR

- If you are submitting a claim for $100 or more worth of Challenged Products, then

    o You must provide a receipt or receipts showing each Challenged Product purchase on which the claim is based, or other similar documentation that reflects an eligible purchase (i.e. retailer card statement or product packaging).

*Please return a Claim Form if you think that you have a claim.  Returning a Claim Form is the only way to receive a payment from this settlement.  No claimant may submit more than one Claim Form, and two or more claimants may not submit Claim Forms for the same alleged purchases.*

The Claim Administrator may request additional information if the Claim Form is insufficient to process your claim.  Failure to provide any requested documentation may result in the denial of your claim and may limit the type of remedy you receive.

## WHEN IS THE CLAIM FORM DUE?

You must file your claim, so that it is postmarked or submitted online, no later than [ 30 days prior to Final Approval Hearing], 2015.

| WHO DECIDES MY CLAIM? |
|---|

The Claim Forms will be reviewed by an independent Claim Administrator according to criteria agreed to by the parties.

The Claim Administrator may contact you or other persons listed in your Claim Form if he or she needs additional information or otherwise wants to verify information in your Claim Form.

The Claim Administrator's determination is final. Neither you nor Hain can appeal or contest the decision of the Claim Administrator.

| WHEN WOULD I GET MY PAYMENT? |
|---|

The Court will hold a hearing on _____ to decide whether to approve the settlement. If the Court approves the settlement, after that there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. If there are no appeals or other delays, you should be sent your cash payment in approximately _____.

| WHAT IF THE FUND IS TOO SMALL? TOO LARGE? |
|---|

If the total amount of cash claims, certain notice and administrative costs, incentive awards to the named plaintiffs, and attorneys' fees and costs exceeds the cash balance, all approved claims for cash payments will be reduced pro rata, based on the respective dollar amounts of the approved claims, until the total aggregate of approved claims equals the cash balance.

If, after everyone sends in Claim Forms, the total of all approved claims, certain notice and administrative costs, incentive awards to the named plaintiffs, and attorneys' fees and costs are *less than* the cash balance, the unused money will be donated to California Consumer Protection Foundation and the Jesse Smith Noyes Foundation, nonprofit foundations that will donate the funds to charitable organizations that best serve the needs of the Class. Such funds will not be returned to Hain.

| WHAT IF THERE ARE NOT ENOUGH COUPONS TO SATISFY CLAIMS? |
|---|

If the value of approved claims for coupons exceeds $1.85 million, all approved claims for coupons will be reduced pro rata, based on the respective dollar amounts of the approved claims, until the total aggregate of approved claims for coupons equals $1.85 million.

| WHAT HAPPENS IF I DO NOTHING AT ALL? |
|---|

You **must** return a Claim Form to receive any payment. If you do nothing, you will get no money or coupons from the settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Hain or any affiliated entities about the legal issues in this case.

| **EXCLUDING YOURSELF FROM THE SETTLEMENT** |
|---|

| HOW DO I GET OUT OF THE SETTLEMENT? |
|---|

If you do not wish to be included in the Class and receive settlement benefits, you must send a written request stating that you want to be excluded from this lawsuit. In order for your exclusion request to be valid, it must: (1) contain your name, current postal address, current telephone number, any email address, and your original signature; (b) reference the name of the Action, "*Brown v. The Hain Celestial Group, Inc.*, Case No.

CV 11-3082;" and (c) be postmarked no later than 45 days prior to the Final Approval Hearing and mailed to:

**Avalon Organics® and JASON® Class Settlement**
**Claims Administrator**
**XXX**
**P.O. Box XXXX**
**XXX**

If you asked to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Hain or any affiliated entity in the future.

If you have a pending lawsuit against Hain, speak to your lawyer immediately. You may need to exclude yourself from this lawsuit in order to continue your own lawsuit. Remember, the exclusion date is [30 days prior to Final Approval Hearing date].

## THE LAWYERS REPRESENTING YOU

### DO I HAVE LAWYERS IN THIS CASE?

The Court appointed the law firm of the Lexington Law Group to represent you and other Class Members. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

### HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court to award them attorneys' fees and expenses. Class Counsel will make an application to the Court for an amount up to $4,000,000.

Two of the named plaintiffs, Rosminah Brown and Eric Lohela, will also ask the Court to award them an amount not to exceed $7,500 each for their extensive time and effort acting as plaintiffs and for their willingness to bring this litigation and act on behalf of consumers. One of the named plaintiffs, Lauren Crivier, will ask the Court to award her an amount not to exceed $750 for her time and effort acting as a plaintiff. These amounts, if approved by the Court, will be paid from the Claim Fund.

The costs to administer the settlement, to review Claim Forms, and notify Class Members about this settlement will be paid out of the Claim Fund. These costs are estimated to be $585,500 and shall not exceed $650,000.

## OBJECTING TO THE SETTLEMENT

### HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Class Member, you can object to the settlement if you do not like any part of it and the Court will consider your views. In order for your objection to be valid, you must send a letter to the Court and the parties and it must (a) reference the name of the Action, "*Brown v. The Hain Celestial Group, Inc.*, Case No. CV 11-3082 (N.D. California)" and include your name, current postal address, current telephone number, and any email address; (b) contain *a statement under penalty of perjury that you purchased one of the Avalon Organics® brand cosmetic products at issue in the litigation in California during the during the time period of May 11, 2007 through May 11, 2011and/or one of the JASON® brand cosmetic products at issue in the litigation in California during the during the time period of May 11, 2007 through January 30, 2011*; (c) state that you object to the settlement and explain the basis for your objection and include any written material on which your objection is based or on which you intend to rely; and (d) state whether you and your lawyer intends to appear at the Final Approval Hearing. This objection **must be postmarked** no later than [30 days prior to

Final Approval Hearing date].  Send your objection to:

>Clerk of the Court
>United States District Court
>Northern District of California
>450 Golden Gate Avenue
>San Francisco, CA 94102

>Mark N. Todzo
>Lexington Law Group
>503 Divisadero Street
>San Francisco, CA 94117

>William L. Stern
>Morrison & Foerster LLP
>425 Market Street
>San Francisco, CA 94105

---

WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is telling the Court that you do not like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit.  You cannot request exclusion **and** object to the settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

---

### RELEASE OF CLASS MEMBERS' CLAIMS AND DISMISSAL OF LAWSUIT

IN RETURN FOR THESE SETTLEMENT BENEFITS, WHAT AM I GIVING UP?

If the Court approves the proposed settlement and you do not request to be excluded from the Class, you must release (give up) all claims that are subject to the Released Claims, and the case will be dismissed on the merits and with prejudice.  The Released Claims include all claims that were or could have been raised based on the facts alleged in the lawsuit.  A copy of the release is attached to this notice as Exhibit 1.  **If you remain in the Class, you may not assert any of those claims in any other lawsuit or proceeding.  This includes any other lawsuit or proceeding already in progress.**

---

### THE FINAL APPROVAL HEARING

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Judge will hold a Final Approval Hearing at ___ on _____ at the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, in Courtroom C on the 15th Floor.  At this hearing, the Judge will consider whether the settlement is fair, reasonable and adequate.  If there are objections, the Judge will consider them.  The Judge will listen to people who have asked to speak at the hearing.  After the hearing, the Judge will decide whether to approve the settlement.  We do not know how long this decision will take.

| Do I have to come to the hearing? |
| --- |

No.  Class Counsel will answer questions the Judge may have.  But, you are welcome to come at your own expense.  If you submit an objection, you do not have to come to the Court to talk about it.  As long as you delivered your written objection on time, the Judge will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

## GETTING MORE INFORMATION

| Are there more details about the settlement? |
| --- |

This Notice summarizes the proposed settlement.  More details are in the Stipulation of Settlement.  You can get a copy of the Stipulation of Settlement by writing to **Avalon Organics® and JASON® Class Settlement, Claims Administrator, XXXX** or on the internet at www._____.com.

If you have questions about how to complete a Claim Form, you can call the Claim Administrator at _____.  You can also contact attorneys for the class at www._____.com.

## PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE.

/s/ Hon. Laurel Beeler

DATED: _____

BY ORDER OF THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Exhibit 1 – Released Claims**

**[Excerpted from pages 15-16 of the Stipulation of Settlement]**

## IV.   RELEASES

A.       As of the Effective Date, in consideration of the settlement obligations set forth herein, any and all claims, demands, rights, causes of action, suits, petitions, complaints, damages of any kind, liabilities, debts, punitive or statutory damages, penalties, losses, and issues of any kind or nature whatsoever, asserted or unasserted, known or unknown (including, but not limited to, any and all claims relating to or alleging deceptive or unfair business practices, false or misleading advertising, intentional or negligent misrepresentation, negligence, concealment, omission, unfair competition, promise without intent to perform, unsuitability, unjust enrichment, and any and all claims or causes of action arising under or based upon any statute, act, ordinance, or regulation governing or applying to business practices generally, including, but not limited to, any and all claims relating to or alleging violation of COPA, UCL, FAL, CLRA, the express-warranty provisions of the California Commercial Code (or any and all other federal, state, or local statutes analogous or similar to the California statutes cited herein)), arising out of or related to Defendant's use of the word "organic" or "organics" in connection with the Challenged Products, that were asserted or reasonably could have been asserted in the Action by or on behalf of all Releasing Parties, whether individual, class, representative, legal, equitable, administrative, direct or indirect, or any other type or in any other capacity, against any Released Party ("Released Claims") shall be finally and irrevocably compromised, settled, released, and discharged with prejudice.  The Released Claims include any and all such claims related to the Challenged Products, without regard to when such products were, or are in the future, purchased by Class Members.  Notwithstanding anything in this Agreement, Released Claims do not include the claims alleged in the case titled *Astiana v. The Hain Celestial Group, Inc. et al.*, Case No. 4:11-cv-06342 (N.D. Cal.).

B.       Each of the Releasing Parties hereby waives any and all rights and benefits arising out of the facts alleged in the Action by virtue of the provisions of California Civil Code section 1542, or any other provision in the law of the United States or any state or territory of the United States, or any principle of common law or equity that is similar, comparable, or equivalent to Civil Code section 1542, with respect to this release.  The Releasing Parties are aware that Civil Code section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or
>
> suspect to exist in his favor at the time of executing the release, which if known

by him must have materially affected his settlement with the debtor.

C.     The Releasing Parties expressly acknowledge that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Releasing Parties, upon the Effective Date, shall be deemed to have, and by operation of law shall have, fully, finally, and forever settled, released, and discharged any and all Released Claims, known or unknown, suspected or unsuspected, whether or not concealed or hidden, that now exist or heretofore have existed upon any theory of law or equity, including, but not limited to, Released Claims based on conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Parties agree that the Released Claims constitute a specific and not a general release.

D.     The Releasing Parties shall be deemed to have agreed that the release set forth in Sections IV.A, B and C will be and may be raised as a complete defense to and will preclude any action or proceeding based on the Released Claims.

E.     As of the Effective Date, by operation of entry of judgment, the Released Parties shall be deemed to have fully released and forever discharged Plaintiffs, all other Class Members and Class Counsel from any and all claims of abuse of process, malicious prosecution, or any other claims arising out of the initiation, prosecution, or resolution of the Action, including, but not limited to, claims for attorneys' fees, costs of suit or sanctions of any kind, or any claims arising out of the allocation or distribution of any of the consideration distributed pursuant to this Stipulation of Settlement.

# Exhibit F

**EXHIBIT F**

| |
|---|
| **Avalon Organics® and JASON® Brand Cosmetic Products ("Challenged Products")** |
| **CLAIM FORM** |

**You can also submit online at www._____.com.**

Use this Claim Form to claim refunds of a portion of the purchase price of one or more of the Challenged Products (up to a maximum of **$80 in cash plus coupons** ($40 in cash plus $40 in $2 coupons) under the cash payment and coupon option or **$50 in cash** under the cash payment option if you do not have receipts). This Claim Form is only for claims concerning the purchase(s) of Challenged Products set out on the attached list and only for those purchases made in California during the time period of May 11, 2007 through January 30, 2011 (for JASON® brand products) and May 11, 2007 through May 11, 2011 (for Avalon Organics® brand products). You cannot use this form to make a claim concerning the purchase(s) of any other products manufactured by The Hain Celestial Group, Inc. or another company. You may submit only one Claim Form, and two people cannot submit Claim Forms for the same purchases. **All Claim Forms must be postmarked or submitted online by [30 Days prior to Final Hearing].** If mailing, please return this form to:

Avalon Organics® and JASON® Class Settlement
Claims Administrator
XXX Claims Group
P.O. Box XXXX
XXX-XXX

**1.      Class Member Information:**

NAME: _____       TELEPHONE OR EMAIL: _____

ADDRESS: _____

CITY: _____       STATE: _____       ZIP CODE: _____

**2.      If you have receipts for all of your Challenged Products purchased in California between May 11, 2007 through January 30, 2011 for JASON® brand products  or May 11, 2007 and May 11, 2011 for Avalon Organics® brand products:**

☐ Check here and skip to section 5, if not please proceed to section 3 and 4.
(Be sure you have fully completed section 1 and 5, then mail this claim form, along with your receipts, to the address above.)

**3.      Challenged Products purchased in California between May 11, 2007 through January 30, 2011 for JASON® brand products  or May 11, 2007 and May 11, 2011 for Avalon Organics® brand products:**

| | Approximate Purchase Date | Challenged Product | MSRP from Attached List |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |
| | | Total MSRP (if over $100 must attach receipts): | |

**4.      If you are *not* submitting receipts or similar documentation for each Challenged Product, you *must* sign below:**

**28 U.S.C. §1746 AFFIRMATION**

I UNDERSTAND THAT THE DECISION OF THE CLAIM ADMINISTRATOR IS FINAL AND BINDING ON ME AND ON HAIN.

I SWEAR UNDER PENALTY OF PERJURY THAT THE INFORMATION ON THIS CLAIM FORM IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

SIGNATURE: _____       DATE: _____

**5.      Choose Your Payment Option (for more details, please consult the Class Notice, available on the website):**

☐ **Cash Payment and Product Voucher – Up to $80 value of cash + coupons without receipts**: you get 50% of the total MSRP, 80% percent of that amount will be paid in cash, 20% in $2 coupons at a ratio between cash and coupons of 1:4 ($1 cash to $4.00 in coupons) (if you do not submit receipts, your maximum payment under this option is **$40 in cash** payment plus **$40 in coupons**).

☐ **Cash Payment Only Option – Up to $50 without receipts**: you get 50% of the total MSRP (if you do not submit receipts, your maximum payment under this option is $50)

CLAIM FORMS MUST BE RETURNED BY [30 Days prior to Final Hearing].
QUESTIONS?  VISIT WWW. [ ].COM OR CALL 1-800-XXX-XXXX.

# Exhibit G

1

**EXHIBIT G**

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

12

| | |
|---|---|
| ROSMINAH BROWN and ERIC LOHELA, on behalf of themselves and all others similarly situated, ) ) ) | Civil Case Nos.  CV 11-03082 LMB, CV 13-02237 LB |
| ) | |
| Plaintiffs, ) | <u>CLASS ACTION</u> |
| ) | |
| v. ) | **[PROPOSED] FINAL SETTLEMENT** |
| ) | **ORDER AND JUDGMENT** |
| THE HAIN CELESTIAL GROUP, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS HEREBY ADJUDGED AND DECREED THAT:

1.      This Judgment incorporates by reference the definitions in the Stipulation of Settlement dated _____, 2015 ("Stipulation"), attached as Exhibit A, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein.  The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2.      The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Class Members who do not timely exclude themselves from the Class.  The list of excluded Class Members is attached as Exhibit B.

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court hereby amends the classes previously certified by order dated November 14, 2014 by certifying the following Class:

> All individuals who purchased the Challenged Products in California within the Class Period.  Specifically excluded from the Class are (a) Defendant, (b) the officers, directors, or employees of Defendant and their immediate family members, (c) any entity in which Defendant has a controlling interest, (d) any affiliate, legal representative, heir, or assign of Defendant, (e) all federal court judges who have presided over this Action and their immediate family members; (f) all persons who submit a valid request for exclusion from the Class; and (g) those who purchased the Challenged Products for the purpose of resale.

4.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or entities who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Class Members bound by this Judgment.

5.      For settlement purposes only, the Court finds:

(a)      Pursuant to Federal Rule of Civil Procedure 23(a), Rosminah Brown, Eric Lohela and Lauren Crivier are members of the Class, their claims are typical of the Class, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Action. Accordingly, the Court hereby appoints Rosminah Brown, Eric Lohela and Lauren Crivier as class representatives;

(b)      The Class meets all of the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the class claims alleged in the First Amended Complaint filed by

1

[PROPOSED] FINAL
SETTLEMENT ORDER AND
JUDGMENT

Rosminah Brown and Eric Lohela, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Class for purposes of settlement; and (f) superiority; and

(c)     Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement.  Accordingly, the Court hereby appoints Class Counsel as counsel to represent Class Members.

6.     Persons or entities that filed timely exclusion requests are not bound by this Judgment or the terms of the Stipulation and may pursue their own individual remedies against Defendant. However, such excluded parties are not entitled to any rights or benefits provided to Class Members by the terms of the Stipulation.  The list of persons and entities excluded from the Class because they filed timely and valid requests for exclusion is attached hereto as Exhibit B.

7.     The Court directed that notice be given to Class members by publication and other means pursuant to the notice program proposed by the Parties in the Stipulation and approved by the Court.  The Declaration of _____, attesting to the dissemination of the notice to the Class, demonstrates compliance with this Court's Preliminary Approval Order.  The Class Notice advised Class members of the terms of the settlement; the Final Approval Hearing and their right to appear at such hearing; their rights to remain in or opt out of the Class and to object to the settlement; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

8.     The distribution of the notice to the Class constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

9.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the settlement proposed by the Parties is fair, reasonable, and adequate.  The terms and provisions of the Stipulation are the product of arms-length negotiations conducted in good faith and with the assistance the Honorable Joseph

2

[PROPOSED] FINAL
SETTLEMENT ORDER AND
JUDGMENT

1  Spero.  The Court has considered any timely objections to the Settlement and finds that such

2  objections are without merit and should be overruled.  Approval of the Stipulation will result in

3  substantial savings of time, money and effort to the Court and the Parties, and will further the

4  interests of justice.

5        10.  Upon the Effective Date, the named Plaintiffs and each Class Member other than

6  those listed on Exhibit B shall be deemed to have, and by operation of this Final Settlement Order

7  and Judgment shall have released, waived and discharged with prejudice Defendant from any and all

8  Released Claims as set forth in Section IV of the Stipulation.

9        11.  All Class Members who have not timely and validly submitted requests for exclusion

10  are bound by this Judgment and by the terms of the Stipulation.

11        12.  The Plaintiffs in the Action initiated this lawsuit, acted to protect the Class, and

12  assisted their counsel.  Their efforts have produced the Stipulation entered into in good faith that

13  provides a fair, reasonable, adequate and certain result for the Class.  Plaintiff Brown is entitled to an

14  incentive award of $_____.  Plaintiff Lohela is entitled to an incentive award of $_____ .

15  Plaintiff Crivier is entitled to an incentive award of $_____ .  Class Counsel is entitled to

16  reasonable attorneys' fees and expenses, which the Court finds to be $_____.

17        13.  The Court hereby dismisses with prejudice the Action, and the Released Parties are

18  hereby released from all further liability for the Released Claims.

19        14.  Without affecting the finality of this Judgment, the Court reserves jurisdiction over

20  the implementation, administration and enforcement of this Judgment and the Stipulation, and all

21  matters ancillary thereto.

22        15.  The Court finding that no reason exists for delay in ordering final judgment pursuant

23  to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment

24  forthwith.

25        16.  The Parties are hereby authorized without needing further approval from the Court to

26  agree to and adopt such modifications and expansions of the Stipulation, including without limitation

27

28

[PROPOSED] FINAL
SETTLEMENT ORDER AND
JUDGMENT

the claim review procedure, that are consistent with this Judgment and do not limit the rights of Class Members under the Stipulation.

**IT IS SO ORDERED.**

DATED:  _____        _____
                                        THE HONORABLE LAUREL BEELER
                                        UNITED STATES MAGISTRATE JUDGE

[PROPOSED] FINAL
SETTLEMENT ORDER AND
JUDGMENT