1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11   ROSMINAH BROWN and ERIC LOHELA,          No. 3:11-cv-03082-LB
     on behalf of themselves and all others
12   similarly situated,                      ORDER (1) CONDITIONALLY
                                              CERTIFYING SETTLEMENT CLASS; (2)
13                      Plaintiffs,           PRELIMINARILY APPROVING
                                              SETTLEMENT; (3) APPROVING NOTICE
14              v.                            TO CLASS; AND (4) SETTING HEARING
                                              FOR FINAL APPROVAL AND THE
15   THE HAIN CELESTIAL GROUP, INC.,          PLAINTIFFS' MOTION FOR FEES,
                                              COSTS, AND SERVICE AWARD
16                      Defendant.
                                              [RE: ECF NO. 355]
17

18                             **INTRODUCTION**

19        The plaintiffs Rosminah Brown and Eric Lohela bought Avalon Organics® and JASON®

20   brand cosmetic products that are manufactured and marketed by the defendant The Hain Celestial

21   Group and then – on behalf of themselves and other consumers – sued Hain complaining that

22   Hain falsely advertised, marketed, sold, and labeled these and other products as organic, in

23   violation of (1) the California Organic Products Act of 2003 ("COPA"), Cal. Health & Safety

24   Code § 110810, *et seq.,* (2) the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §

25   17200 *et seq.*, (3) the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*,

26   and (4) and the California Commercial Code provision regarding express warranties, Cal. Com.

27   Code § 2313. The court previously certified two classes; the parties then settled their lawsuit, and

28

1   the plaintiffs filed an unopposed motion for preliminary approval of the proposed class-action

2   settlement. (Orders, ECF Nos. 269, 272; Motion, ECF No. 355.[1]) The court grants the motion.

3                                    **STATEMENT**

4   **I. THE LAWSUIT TO DATE**

5       The plaintiffs filed the lawsuit in May 2011, and Hain removed the case in June 2011. (ECF

6   No. 1.) The operative complaint is the first amended complaint filed in August 2012. (*See* ECF

7   No. 68.) In a second case filed initially in the Central District of California, transferred here,

8   related to this case, and then stayed, the plaintiff Lauren Crivier alleged violations of California's

9   False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, the UCL, and the CLA

10  based on the same misleading use of the word "organic" on the principal display panel of some

11  JASON® products as well as other uses of the words "natural" and "organic" on product labels

12  and advertising. (Complaint, ECF No. 1, No. 3:13-cv-02237-LB.)

13      The litigation has been protracted and included (1) a motion to dismiss (denied), (2) Hain's

14  petition for interlocutory appeal to the Ninth Circuit (denied by the Ninth Circuit), (3) a second

15  motion to dismiss and a motion to strike class allegations in the first amended complaint (denied),

16  (4) contentious discovery, (5) Hain's summary-judgment motion asserting that a state agency

17  determination "extinguished" the plaintiffs' claims (denied), (6) the court's certification of two

18  classes, and (7) three motions by the plaintiffs for partial summary judgment (all granted). (*See*

19  Docket.) The parties also had several rounds of court-hosted and private mediation. (Todzo Decl.,

20  ECF No. 355-1 at ¶¶ 5-6.) The parties' last settlement conference with Magistrate Judge Joseph

21  Spero resulted in an agreement in principle, and the parties then negotiated the final terms of the

22  settlement. (*Id.* ¶ 6.) The plaintiffs filed their unopposed motion on September 22, 2015, and the

23  court held a hearing on October 8, 2015. (*See* ECF Nos. 355, 359.)

24  **II. THE PROPOSED SETTLEMENT**

25      The court previously certified the following two classes:

26      The "JASON® Class", defined as:

27

28  [1] Citations are to the electronic case file ("ECF"); pin cites are to the ECF-generated numbers at the tops of the documents.

1   All persons who purchased a cosmetic product in California sold under the
2   JASON® brand name between May 12, 2007 and January 31, 2011 other than
    those JASON® brand cosmetic products that are USDA-certified as organic.

3   The "Avalon Organics® Class", defined as:

4   All persons who purchased a cosmetic product in California sold under the Avalon
5   Organics® brand name between May 12, 2007 and the present other than those Avalon
    Organics® brand cosmetic products that are USDA-certified as organic.

6   (11/18/15 Order, ECF No. 269; 11/30/14 Order Modifying Class Definitions, ECF No. 272.)

7   The parties agreed to a modified class definition for settlement purposes only:

8   All individuals who purchased the Challenged Products in California within the Class
    Period. Specifically excluded from the Class are (a) Defendant, (b) the officers,
9   directors, or employees of Defendant and their immediate family members, (c) any
    entity in which Defendant has a controlling interest, (d) any affiliate, legal
10  representative, heir, or assign of Defendant, (e) all federal court judges who have
    presided over this Action and their immediate family members; (f) all persons who
11  submit a valid request for exclusion from the Class; and (g) those who purchased the
    Challenged Products for the purpose of resale.
12

13  (*See* Settlement Agreement, Todzo Decl., Ex. 1, ECF No. 358-3, §§ 1.A.12 & V.) "Challenged

14  Products" are defined as "all Avalon Organics® and JASON® brand cosmetic products at issue

15  in this Action that were manufactured and/or sold during the Class Period, a complete list of

16  which is provided in . . . Exhibit F hereto." (*Id.* § I.A.7.) The "Class Period" is from May 11,

17  2007 to January 30, 2011 for purchases of JASON® brand products and May 11, 2007 to May

18  11, 2011 for purchases of Avalon® brand products. (*Id.* § I.A.16.) As part of the settlement, the

19  parties stipulated to adding Ms. Crivier as a named plaintiff. (*Id.* § II.F.) (The parties stipulated to

20  the dismissal of her separate complaint. (*Id.*))

21      In summary form, the settlement agreement is as follows.

22      Hain will pay $7.5 million and $1.85 million in coupons (plus $150,000 in redemption costs)

23  redeemable for the two cosmetic-product brands at issue in the litigation: Avalon Organics® and

24  JASON®. The fund will be used to pay all costs of notice and administration (up to $650,000),

25  any fees and costs awarded to the plaintiffs' counsel (up to $4 million), service awards to the

26  plaintiffs, and claims by class members. Class members are eligible to receive either (1) a cash

27  payment or (2) a cash payment and coupons. Those who elect a cash-only payment will receive

28  50% of the purchase price of each Avalon Organics® or JASON® product up to a total of $50.

(For example, if a claimant bought $100 of products, a cash-only payment would be $50.) Those who elect cash and coupons will receive 50% of purchase price of the products purchased and coupons substituted for 20% of the purchase price (with a cash-to-coupon ratio of $1 cash to $4 in coupons) up to a total of $80. (For example, a claimant who bought $100 in products would receive $40 in cash (80% of the $50 cash payment) and $40 in coupons.) There will be no cap on the total amount paid to claimants – either for cash or cash/coupon payments – who have receipts or other proof of purchase (such as a card statement or product packaging) for the challenged products; claimants without receipts will self-identify under penalty of perjury. (*Id.* § III.)

The settlement provides for service awards in an amount not to exceed $7,500 for Rosminah Brown and Eric Lohela and $1,500 for Lauren Crivier. (*Id.* § VIII.B.)

If any of the $7.55 million remains in the fund after paying all claims, service awards, and fees and costs, the money will be donated *cy pres*, in equal amounts, to the California Consumer Protection Foundation and the Jesse Smith Noyes Foundation. (*Id.* § III.A.6.)

The settlement agreement will be administered by an independent claim administrator called the Heffler Claims Group, which will publish class notice, establish a website, distribute funds to class members, and otherwise administer the settlement. (*Id.* § III.A.2 & Exs. A, C-E.)

In return for the settlement relief, class members who do not opt out of the settlement will release claims relating to the COPA, the UCL, the CLRA, and the express warranty provisions of the California Commercial Code provision, or any other similar state or federal laws, in connection with the Challenged Products. (*Id.* § IV.) But the revised class period means that the settlement does not release Hain from any claims that the post-reformulation Avalon Organics® products continue to violate the COPA by (allegedly) counting as organic the water used to rehydrate the dehydrated aloe in the products. (*See id.* §§ I.A.7 & I.A.16.)

# ANALYSIS

## I. JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332(d)(2).

## II. CONDITIONAL CERTIFICATION OF CLASS

The court reviews the propriety of class certification under Federal Rule of Civil Procedure

23(a) and (b). When parties enter into a settlement before the court certifies a class, the court "must pay 'undiluted, even heightened, attention' to class certification requirements" because the court will not have the opportunity to adjust the class based on information revealed at trial. *Staton v. Boeing*, 327 F.3d 938, 952-53 (9th Cir. 2003) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

The settlement class differs in scope from the classes that the court certified only in that it excludes purchases of post-reformulation Avalon Organics® products; it does this by excluding purchases after May 11, 2011. Thus, the court applies its analysis from its previous order and finds preliminarily (for settlement purposes only) that the proposed settlement class meets the Rule 23(a) prerequisites of numerosity, commonality, typicality, and adequacy: (1) the class is so numerous that joinder of all members is impracticable; (2) there are common questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a); 11/18/14 Order, ECF No. 269 at 17-23. The court also finds preliminarily (and for settlement purposes only) that questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *See* Fed. R. Civ. P. 23(b)(3); 11/18/14 Order, ECF No. 269 at 24-32.

The court thus conditionally certifies the class for settlement purposes only and for the purposes of giving the class notice of the settlement and conducting a Final Approval Hearing.

## III. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

The approval of a class action settlement has two stages: (1) the preliminary approval, which authorizes notice to the class; and (2) a final fairness hearing, where the court determines whether the parties should be allowed to settle the class action on the agreed-upon terms. In reviewing the proposed settlement, the court need not address whether the settlement is ideal or the best outcome, but determines only whether the settlement is fair, free of collusion, and consistent with the plaintiffs' fiduciary obligations to the class. *See Hanlon*, 150 F.3d at 1027. The *Hanlon* court identified factors relevant to assessing a settlement proposal: (1) the strength of the plaintiffs'

case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of

maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the

extent of discovery completed and the stage of the proceeding; (6) the experience and views of

counsel; (7) the presence of a government participant; and (8) the reaction of class members to

the proposed settlement. *Id.* at 1026 (citation omitted).

The court has evaluated the proposed settlement agreement for overall fairness under the

*Hanlon* factors and concludes that preliminary approval is appropriate.

First, an evaluation of the strengths and weaknesses of the plaintiffs' case militates in favor of

settlement. The plaintiffs represent that they could establish liability and damages on a class-wide

basis at trial, but they concede that there is considerable litigation risk going forward. The legal

issues regarding the allegedly false organic representations have not been widely litigated, and

Hain vigorously disputes that the class could prove liability or establish entitlement to relief.

Second, the related point is that the litigation poses risks. The court is familiar with the

lengthy, hard-fought nature of the proceeding, and there is a risk of continued, expensive

litigation. Hain strenuously opposed class certification and the plaintiffs' attempts to narrow the

disputes through summary-judgment motions. The plaintiffs note the risk of an appeal of the

court's orders. Settlement provides immediate monetary relief for all class members. (The coupon

component is fine: there is an option for a cash-only settlement, and the cash-to-coupon $1/$4

ratio for 20% of the cash value gives consumers an opportunity to obtain a higher value in

addition to the largely cash payment. *Cf.* 28 U.S.C. § 1712(c).)

Third, the settlement appears to treat all class members fairly. Having a claims process is

necessary because there is no central repository of information identifying class members. All

class members who purchased the Challenged Products between May 2007 and the time when the

Challenged Products were relabeled or reformulated (January 30, 2011 for the JASON® products

and May 11, 2011 for the Avalon Organics® products) may apply for the monetary relief

provided by the settlement.

The service awards also appear to be within a range of reasonableness to compensate the

named plaintiffs for their time and effort and for the risk they undertook in prosecuting the case.

1   The court will consider the amount of any such incentive awards at the Final Approval Hearing.

2       Finally, the settlement is the product of serious, non-collusive, arms' length negotiations and

3   was reached after an extensive mediation process.

4       In sum, the court finds that viewed as a whole, the proposed settlement is sufficiently "fair,

5   adequate, and reasonable" such that preliminary approval of the settlement is warranted. *See*

6   *Officers for Justice v. Civil Serv. Comm'n of the City and Cty. of San Francisco*, 688 F.2d 615,

7   625 (9th Cir. 1982). The court thus approves the settlement agreement preliminarily.

8       The plaintiffs assert that their fees are less than their lodestar. (*See* Todzo Decl., ¶ 12.) The

9   record is not sufficient to determine whether the amounts and percentages requested are

10  appropriate; the court will address the issue at the Final Approval Hearing. *See Hanlon*, 150 F.3d

11  at 1029 (twenty-five percent is a benchmark in common fund cases); *cf. Vizcaino v. Microsoft*

12  *Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002) (twenty-five percent benchmark, though a starting

13  point for analysis, may be inappropriate in some cases; fees must be supported by findings).

14  **IV.  APPOINTMENT OF CLASS REPRESENTATIVES, CLASS COUNSEL, AND**

15  **CLAIM ADMINISTRATOR**

16      For the reasons set forth in its class-certification order, the court (1) appoints the plaintiffs

17  Rosminah Brown, Eric Lohela, and Lauren Crivier as the class representatives and (2) appoints

18  Mark N. Todzo and the Lexington Law Group as class counsel. *See* Fed. R. Civ. P. 23(a) &

19  (g)(1); 11/18//14 Order, ECF No. 269 at 21-22. The court designates, and approves, the Heffler

20  Claims Group to serve as Claim Administrator. It will administer the settlement subject to the

21  oversight of the parties and this court, as described in the settlement agreement.

22  **V.  APPROVAL OF CLASS NOTICE**

23      The court approves the class notice and the notice plan and finds that the class notice provides

24  the best notice practicable, satisfies the notice requirements of Rule 23, adequately advises class

25  members of their rights under the settlement agreement, and meets the requirements of due

26  process. The forms of notice fairly, plainly, accurately, and reasonably provides class members

27  with all required information, including (among other things): (1) a summary of the lawsuit and

28  claims asserted; (2) a clear definition of the class; (3) a description of the material terms of the

---

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
No. 3:11-cv-03082-LB

settlement; (4) a disclosure of the release of the claims should they remain class members; (5) an explanation of class-members' opt-out rights, a date by which they must opt out, and information about how to do so; (6) instructions on how to object to the settlement and the deadline for doing so; (7) the date, time, and location of the Final Approval Hearing; (8) the Internet address for the settlement and the toll-free number and other means for obtaining additional information about the settlement; and (9) the identity of class counsel and the provisions for attorneys' fees, costs, and class-representative service awards. (Settlement Agreement § VI, Exs. C and E.)

Within 30 days of this order, the Claims Administrator will establish a settlement website, which will have (1) the publication notice, (2) a list of frequently asked questions, (3) key deadlines, (4) downloadable copies of the court's orders and the pleadings relating to the settlement, (5) the signed stipulation of settlement, (6) downloadable copies of the class notice and claim form, (7) information about how to contact the Claim Administrator via a toll-free number, email, and mail, and (8) information about how to file a claim. (*Id.* § VI(B) & Ex. D.)

Notice will be published in several places, all of which will refer class members to the settlement website. Within 35 days of this order, a full-page advertisement will be published in the California edition of People Magazine, and a one-sixth-page advertisement will be published four times over a three-week period in the San Francisco Chronicle. Press releases in English and Spanish that target class members will be disseminated via the PR Newswire. Within 30 days of this order, Internet and mobile advertisements in English and Spanish that target class members will be run for 31 days on various media services, including People.com, Pulpo Media, USWeekly.com, Xasis, Sharethrough, Facebook, and Twitter. (*Id.*)

Class members will have until 30 days before the Final Approval Hearing to request exclusion or object to the settlement. This gives class members sufficient time to consider their options and make a fully informed decision. *See, e.g., Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

The court directs the Claim Administrator to follow the notice plan set forth in this order and in the settlement agreement, including (1) establishing the settlement website with copies of this order, the stipulated settlement agreement and all exhibits, class notice, the claims forms that may

1   be downloaded and submitted online, by mail, or by facsimile, and other information required by

2   the settlement agreement or useful to the class members (including the toll-free hotline and

3   methods for contacting the Claim Administrator and a link to class counsel's website), (2)

4   establishing the toll-free hotline, and (3) commencing notice within 30 days from the date of this

5   order (which is slightly more than 90 days before the Final Approval Hearing). The costs of the

6   notice, the processing of claims, and other Claim Administrator expenses may be paid from the

7   claim fund in accordance with the applicable provisions of the settlement agreement.

8 **VI. CY PRES AWARDS**

9      If any of the $7.5 million remains in the fund after paying all claims, service awards, and fees

10   and costs, the money will be donated *cy pres*, in equal amounts, to the California Consumer

11   Protection Foundation and the Jesse Smith Noyes Foundation. (Todzo Decl., ECF No. 355-1, ¶

12   14.) The foundations will solicit requests for proposals ("RFPs") from non-profit organizations

13   for proposals to benefit class members on consumer education regarding advertising relating to

14   organic products. (*Id.*) This distribution appears to account for and have a substantial nexus to the

15   nature of the lawsuit, the objectives of the statutes, and the interests of the silent class members.

16   *See Lane v. Facebook, Inc.*, 696 F.3d 811, 819-822 (9th Cir. 2012); *Nachshin v. AOL, LLC*, 663

17   F.3d 1034, 1038-41 (9th Cir. 2011). The court defers approval until the Final Approval Hearing.

18 **VII. COMPLIANCE WITH CLASS ACTION FAIRNESS ACT**

19      The notice plan provides that the Claim Administrator will provide notice of the settlement

20   and other information showing compliance with the Class Action Fairness Act of 2005, 28 U.S.C.

21   § 1715, to the appropriate federal and state officials within ten days after the parties filed their

22   settlement agreement with the court. (Settlement Agreement, Ex. D.) The parties filed the

23   settlement agreement on September 22, 2015, and ten days later is October 2, 2015. Any final

24   settlement approval will be more than 90 days after service as required by 28 U.S.C. § 1715.

25

26

27

28

## VIII.   PROCEDURES FOR FINAL APPROVAL HEARING

### A.  Deadlines and Hearing

| Event | Date |
|---|---|
| Initiate Notice | 30 days after this order issues |
| Petition for Attorneys' Fees, Costs, and Incentive Awards | 40 days before Final Approval Hearing |
| Response to Petition | 21 days before Final Approval Hearing |
| Objections, Requests to Appear, Opt-Outs | 30 days before Final Approval Hearing |
| Responses to Objections | 14 days before Final Approval Hearing |
| Motion for Final Approval | 14 days before Final Approval Hearing |
| Response to Motion for Final Approval | 7 days before Final Approval Hearing |
| Final Approval Hearing | February 11, 2016, 9:30 a.m. |

### B.  Final Approval Hearing

At the hearing, the court will consider whether to (1) grant final certification of the settlement class, (2) finally approve the settlement agreement and the releases in it, (3) award a service award to the class representatives, and (4) award attorneys' fees and costs to class counsel. The court may, for good cause, extend any of the deadlines in this order or continue the Final Approval Hearing without further notice to the settlement class members.

### C.  Initiation of Notice by No Later Than 30 Days From Today

The court orders the parties (through the Claim Administrator) to commence notice in the form approved by this order within 30 days from the date of this order and to otherwise follow the procedures discussed in Section V.

### D.  Requests for Exclusion from the Settlement

Class members may exclude themselves from the class settlement by sending a written request to the Claim Administrator **postmarked no later than 30 days before the Final Approval Hearing (meaning, by January 12, 2016)** with the following information: (1) the class member's name, current postal address, current phone number and any email address, and original signature; and (2) a reference to the case name "*Brown v. The Hain Celestial Group, Inc.*,

1    Case No. 3:13-cv-03082-LB." A timely request for exclusion means that the person will not have

2    rights under the settlement agreement and will not be bound by it. Failure to request exclusion

3    means that the class member will be deemed a class member and will be bound by the settlement

4    agreement, if the court approves it, and any orders and judgment entered by the court.

5        **E.  Objections to the Settlement**

6        Class members may object to the class settlement or appear at the Final Approval Hearing by

7    sending a written notice to the Clerk of the Court, class counsel, and Hain's counsel **postmarked**

8    **no later than 30 days before the Final Approval Hearing (meaning, by January 12, 2016)**

9    with the following information: (1) the class member's name, current postal address, current

10   phone number and any email address, and original signature; (2) a statement under penalty of

11   perjury that the person purchased an Avalon Organics® or JASON® brand cosmetic product at

12   issue in the litigation during the class period (May 11, 2007 to May 11, 2011 for Avalon

13   Organics® and May 11, 2007 to January 30, 2011 for JASON®), (3) a statement of the basis for

14   the objection and any written materials supporting the objection; (4) a statement of whether the

15   objector or the objector's attorney will appear at the hearing; and (5) a reference to the case name

16   "*Brown v. The Hain Celestial Group, Inc.*, Case No. 3:13-cv-03082-LB."

17       The addresses are as follows:

18   Clerk of the Court            Mark N. Todzo              William L. Stern
     United States District Court  Lexington Law Group        Morrison & Foerster LLP
19   450 Golden Gate Avenue        503 Divisadero Street      425 Market Street
     San Francisco, CA, 94102      San Francisco, CA 94117    San Francisco, CA 94105-2842
20

21       **F.  Motion for Final Approval and Petition for Attorney's Fees, Costs, and Expenses**

22       The court will hear the motion and the petition at the Final Approval Hearing.

23                                    **CONCLUSION**

24       This disposes of ECF No. 355.

25       **IT IS SO ORDERED.**

26   Dated: October 8, 2015          _____
                                     LAUREL BEELER
27                                   United States Magistrate Judge

28

---

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
No. 3:11-cv-03082-LB