LEXINGTON LAW GROUP
Mark N. Todzo (State Bar No. 168389)
Howard Hirsch (State Bar No. 213209)
Lucas Williams (State Bar No. 264518)
503 Divisadero Street
San Francisco, CA  94117
Telephone:  (415) 913-7800
Facsimile:  (415) 759-4112
mtodzo@lexlawgroup.com
hhirsch@lexlawgroup.com
lwilliams@lexlawgroup.com

*Attorneys for Plaintiffs ROSMINAH BROWN and ERIC LOHELA*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSMINAH BROWN and ERIC LOHELA, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>THE HAIN CELESTIAL GROUP, INC., a Delaware Corporation,<br><br>　　　　　　　　　　Defendant. | Case No. C 11-03082 LB<br><br>**DECLARATION OF ERIC LOHELA IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND SERVICE AWARDS**<br><br>Date:　　February 11, 2016<br>Time:　　9:30 a.m.<br>Location: Courtroom C – 15th Floor<br>Judge:　　Hon. Laurel Beeler |

I, Eric Lohela, declare as follows:

1.      I am one of the Plaintiffs in this action. I have personal knowledge of the matters set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.      As detailed in the operative First Amended Complaint, I purchased seven Avalon Organics® products. At the time of my purchases, I believed, based on the "Organics" name, that the products were either completely or at least mostly comprised of organic ingredients. Had I known then that these products were not made mostly of organic ingredients, I would not have paid more for the products than the cost of other non-organic cosmetic products. Because my damages were relatively small, I never could have brought this case as an individual action since the costs of pursuing the case would have dwarfed the size of any potential recovery. Thus, I am very pleased that this lawsuit resulted in a Settlement that provides significant compensation to thousands of class members who were similarly deceived by the organic representations on the products at issue.

3.      When I retained my attorneys in 2012 and authorized the filing of the First Amended Complaint, I understood that I would be representing not only myself but also a class of consumers like myself. I have taken this responsibility seriously throughout my four year involvement in the litigation, and I have been fully committed to the vigorous prosecution of this action on behalf of consumers like myself.

4.      I have performed a number of tasks to oversee the work of my attorneys and to protect the rights of absent class members. Among other things, my participation in this lawsuit has included:

- retaining my attorneys;
- providing my attorneys with the information necessary to draft the First Amended Complaint, including the specific Avalon Organics® products I purchased, the location and date of the purchases and the reasons I selected the products;

- 1 -
LOHELA DECL. ISO MOTION FOR ATTORNEYS' FEES, COSTS, & SERVICE AWARDS
Case No. C 11-03082 LB

- reviewing the draft First Amended Complaint before it was filed;
- assisting my attorneys in responding to three rounds of written discovery propounded by The Hain Celestial Group, Inc. ("Hain"), including gathering and producing responsive documents and reviewing and approving responses to interrogatories, requests for admission and document requests;
- making efforts to preserve potentially relevant evidence such as saving cosmetic product containers and receipts for purchases of cosmetic products throughout the course of the litigation;
- participating in two mediations in San Francisco in person (which required me to travel from Santa Barbara where I live to San Francisco and take time away from work), and making myself available by phone for another two mediations;
- communicating with my attorneys about settlement discussions throughout the litigation;
- preparing with my attorneys for being deposed by Hain's counsel and sitting for the deposition, which required me to travel to San Francisco (again taking time away from work);
- monitoring the litigation, which included routine communications with my attorneys, as well as the review of documents and correspondence they sent me;
- providing my attorneys with information necessary to successfully oppose Hain's motion for summary judgment and file Plaintiffs' motion for class certification, and providing declarations in support thereof;
- understanding and agreeing to each of the responsibilities of a named plaintiff and putative class representative; and
- reviewing, evaluating and communicating with my attorneys regarding the Settlement and supporting papers, as well as this motion for attorneys' fees, litigation expenses and service awards.

5. I have not received any compensation whatsoever for my time and efforts on behalf of absent class members.

1  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and understanding.  Executed on December 30, 2015 in Santa Barbara, California.

/s/ *Eric Lohela*_____
ERIC LOHELA