BRADLEY D. SALTER – CAL BAR #78-007
**California Office:**
805 N. Bayfront
Newport Beach, CA 92662
**Maui Office:**
24 Malialani Place
Lahaina, HI 96761
T 808-298-7873
F 808-669-0800
E brad@salterlaw.com

*Counsel for Objector*
SHERI LEE WILLIAMS

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROSMINAH BROWN and ERIC LOHELA, on behalf of themselves and all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>Defendant(s). | Case Nos. CV 11-03082 LB, CV 13-02237 LB<br><br><u>CLASS ACTION</u><br><br>**OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT**<br><br>Judge: Judge: Hon. Laurel Beeler |

Class Member, Sheri Lee Williams, hereby objects to the proposed class action settlement in the proceeding known as *Brown v. The Hain Celestial Group, Inc.*, Case No. CV 11-3082 (N.D. California).

---

1

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

My name is Sheri Lee Williams, and I reside at 2432 1/2 5th AVE, San Rafael CA 94901, telephone (415) 290-9121, e-mail: mllesherilee@yahoo.com. I, Sheri Lee Williams, hereby declare under penalty of perjury I purchased one of the Avalon Organics® cosmetic products at issue – on list of challenged products - in the litigation in California between May 11, 2007 and May 11, 2011 and/or one of the JASON® brand cosmetic products at issue – on list of challenged products - in the litigation in California between May 11, 2007 and January 20, 2011. Attached as Exhibit A is my claim. Neither my attorney nor I intend to attend nor to call any witnesses at the Final Approval Hearing. I have read the Class Notice and the Settlement Agreement and find the settlement unfair as follows:

## IMPACT OF PENDING APPELLATE CASES

The Court should delay settlement approval until the Ninth Circuit's resolution of appeals in three cases: (1) *Brazil v. Dole Food Company, Inc.*, No. 14-17480 (9th Cir. Filed December 17, 2014); (2) *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. Filed July 14, 2014); and (3) *Kosta v. Del Monte Foods, Inc.*, No. 15-16974 (9th Cir. Filed October 2, 2015). The Ninth Circuit's decision in those cases will impact this Court's analysis of ascertainability, superiority, and potentially settlement fairness.

## UNFAIR, UNREASONABLE, AND INADEQUATE SETTLEMENT

The Settlement is unfair, unreasonable and inadequate. The Settlement fails to provide meaningful relief to class members, does not deter Defendants, and forces class members to do business with Defendants. The Court should deny the Settlement.

The settlement relief is inadequate because it does not provide any injunctive or declaratory relief to ensure that Defendants remove any and all of the "All Natural" and "Pure Natural" representations from labels on its personal care products available for purchase. Defendants will

continue to collect a premium on its products because of its "Natural" claims, which defeats the purpose of consumer actions like this one. The failure to provide any injunctive or declaratory relief exposes the public to future harm, which is unfair.

The coupon relief is inadequate and provides little value to the Class; the Settlement incorporates unreasonable restrictions on the use and transferability of the coupons. A coupon settlement is likely to provide less value to class members if, like here, the coupons are non-transferable, expire soon after their issuance, and cannot be aggregated. *See In re HP Printer Litig.*, 716 F.3d 1173, 1179 (9th Cir. 2013). The coupons are unreasonably issued in $2 denominations. There are few, if any, products sold by Defendants that are $2 or less. Further, the coupons may not be combined to purchase a single product. As a result, Class Members that accept the coupons on the thought that they are getting more value are not. Instead, they are forced to do business with Defendant, which causes Claimants to expend more money on Defendants' products, which directly benefits Defendants. The coupons also are not transferable. If class members cannot transfer coupons, they cannot sell their coupons for cash. As a result, if a Claimant does not want to use the coupon, it is wasted, and the Claimant receives no value. Lastly, the coupons expire one year from the date of issuance. The short expiration period forces Claimants to use the coupon as soon as possible and reduces the desirability of the coupons on any secondary market. Because the settlement must be evaluated as a whole, the Court should deny the settlement because of the unreasonable and unfair restrictions on the coupon relief. If the Court does not deny the Settlement, it should wait to determine settlement fairness after the redemption period for the coupon relief is completed. Both the redemption rate and the amount of profits Defendants derive from the coupons are important considerations for evaluating settlement fairness.

Finally, the Settlement is inadequate because it does not require the parties to distribute the value of unredeemed coupons to one or more charitable or governmental organizations. *See* 28 U.S.C. § 1712(e). Here, only the unclaimed money will flow to cy pres beneficiaries. If Defendants are not disgorged of the value of unredeemed coupons, then they will unfairly benefit from the Settlement. *The Court should require that the unredeemed value of the coupons be distributed to a beneficiary chosen by the Court, so that settlement benefits do not revert back to Defendants.*

## **OVERBROAD, UNFAIR, AND UNREASONABLE RELEASE**

The Release is overbroad and unfair and unreasonable to the Class. The Release includes negligence and does not specifically exclude claims for personal injury. Defendants should not be permitted to expand the scope of the claims asserted in this case to include negligence and personal harm. Such a result would be unfair to the Class; Class Counsel did not pursue such claims. The Release also forces Class Members to waive future Claims against Defendants, which is unreasonable to the Class. The Class cannot meaningfully waive claims that it has no knowledge of or that Class Counsel did not investigate. The Class is not being adequately compensated for such a broad release. The Release should be limited to claims that arose during the Class Period, May 11, 2007 through May 11, 2011 (for Avalon Organics) and May 11, 2007 through January 30, 2011 (for Jason products). The Release also should exclude claims for negligence and personal injury.

The Release is confusing to Class Members because it both waives and preserves identical claims. Under the Settlement, Class Members release claims under the UCL and CLRA. However, the Release specifically excludes the claims asserted in *Astiana v. The Hain Celestial Group, Inc. et al.*, Case No. 4:11-cv-06342 (N.D. Cal.). The claims asserted in *Astiana* include: common law

fraud; unlawful business practices in violation of the California Unfair Competition Law (UCL), Bus. & Prof. Code §§17200, et seq.; unfair business practices in violation of the California Unfair Competition Law, Bus. & Prof. Code §§17200, et seq.; fraudulent business practices in violation of the California Unfair Competition Law, Bus. & Prof. Code §§17200, et seq.; false advertising in violation of California Business & Professions Code §§17500, et seq.; and violation of the Consumers Legal Remedies Act, California Civil Code §§1750, et seq.. The Release should specifically list the claims preserved by *Astiana*. Similarly, any claim preserved by *Astiana* should be removed and excluded from the Release.

### INCORRECT FEE CALCULATION

The Court should not grant any fee award until the California Supreme Court decides whether or not this Court must use the lodestar method or the percentage of common fund method for determining attorney fees. The California Supreme Court recently accepted cert on *Laffitte, et. al., v. Robert Half Int'l, Inc., et. al.* (Case No. BC 321317) to clarify California state law with respect to the calculation of attorney fees under fee-shifting statutes. Although Class Counsel requests a fee award based on the cash value of the settlement only, the Supreme Court's decision in *Laffitte* will clarify whether California law requires a lodestar or percentage of common fund calculation when determining the reasonableness of a fee request. California state courts, much like district courts in the Ninth Circuit, use a 25% benchmark when determining the reasonableness of a percentage of common fund fee award. *See e.g. Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19, 24 n.1 (2000); *In re Consumer Privacy Cases*, 175 Cal. App. 4th 545, 557 n.13 (2009). Excluding the value of coupon relief, Class Counsel's fee request totals 47% of the settlement,

which is unreasonable and unfair to the Class given the results achieved. If a percentage of common fund calculation is used, Class Counsel's fee likely would be in the range of 20% to 30% of the cash value of the settlement fund, which would be far less than the $3.54 million it is currently requesting ($1.5 million to $2.25 million). As a result, Class Counsel has an interest in a lodestar approach that directly conflicts with Class interests. Because a percentage of common fund award would result in less money to Class Counsel and greater benefits to the Class, the Court should not award any fees until California state law is clarified.

If the Court uses the percentage of fund method, it should base its calculation on the claims participation rate. *See e.g. Yeagley v. Wells Fargo & Co.*, 2008 U.S. Dist. LEXIS 5040 (N.D. Cal. Jan. 18, 2008). In *Yeagley*, the court noted that, "to award class counsel the same fee regardless of the claim participation rate, that is, regardless of the enthusiasm of the class for the benefits purportedly negotiated on their behalf, would reduce the incentive in future cases for class counsel to create a settlement which actually addresses the needs of the class." *Id*. The court determined that the 1% claims rate demonstrated that the benefits of the settlement were not adequately communicated. *Id*. As a result, the court concluded, "[i]f the Court ignores the settlement's effectiveness, as class counsel urges, there is little incentive to design an effective settlement since they will receive the same fee regardless. Common sense dictates that a reasonable fee in a class action settlement is a fee that takes into account the actual results obtained." *Id*. Here, there is no sense in awarding Class Counsel an automatic amount based on the amount of benefits theoretically available. If the Court uses the percentage of fund method, it should base the percentage off of the total relief claimed by the Class.

If the Court does not use the percentage of fund method it should deny Class Counsel's fee request because the request does not exclude time related to the coupon portion of the settlement.

Class Counsel states that its fee request does not arise in any way from the value of the coupons. Class Counsel argues that the appropriate initial lodestar figure is the $3.54 million dollars that Class Counsel incurred litigating the action. Class Counsel argues that it is entitled to compensation under the lodestar approach for <u>all hours</u> reasonably spent litigating this case. However, the entire amount of fees incurred from 8,969 hours cannot be the correct starting point, some portion of those hours must necessarily attributable to obtaining the coupon portion of the settlement. Class Counsel does not exclude any time relating to the coupon portion of the settlement. *As a result, the Court should deny Class Counsel's fee request unless and until Class Counsel submits an accounting and breakdown that subtracts the time spent on the coupon portion of the Settlement.*

If the Court does not deny Class Counsel's fee request, it should reduce Class Counsel's award so that it does not outstrip the cash benefits to the Class. In *In re HP Inkjet Printer Litigation*, the district court awarded counsel $1.35 million plus costs and expenses for counsel's work on the non-coupon portion of the litigation, reduced so that the fee award did not exceed the value of the settlement to the class. *In Re HP Inkjet Printer Litig.*, 05-CV-3580 (N.D. Cal. Sep 30, 2014). As the district court noted in *Inkjet*, "[t]o allow an award of attorneys' fees to outstrip the benefit to consumers in such cases would undermine the importance of focusing the efforts of class-action counsel on issues that most affect consumers." *Inkjet I*, 2011 WL 1158635 at *10. Here, Class Counsel's fee request includes hours incurred on the coupon portion of the litigation. Further, the $3.54 million request outstrips the cash relief to the Class. As it stands, Class Counsel will receive more than 51% of the settlement after administration and notice costs are subtracted from the settlement. Class Counsel's fee request undermines the basis for this lawsuit: fair and adequate compensation for the consumer Class.

## DENIAL OF INCENTIVE AWARD

The Notice provides that an incentive request will be made for Lauren Crivier. Class Counsel's fee motion does not provide any request or information relating to Lauren Crivier. Because there is no request or information, the Court should deny any award to Lauren Crivier.

## INADEQUATE SETTLEMENT – INAPPROPRIATE CY PRES RECIPIENT

The Court should deny the proposed cy pres distribution. "[T]he cy pres doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the "next best" class of beneficiaries.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011). "For purposes of the cy pres doctrine, a class-action settlement fund is 'non-distributable' when 'the proof of individual claims would be burdensome or distribution of damages costly.'" Id. (quoting *Nachshin*, 663 F.3d at 1038). "[T]he court should not find the settlement fair, adequate, and reasonable unless the cy pres remedy 'account[s] for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members....'" Id. (quoting *Nachshin*, 663 F.3d at 1036). Cy pres awards are only appropriate when it is not possible or practicable to compensate class members. Here, it is both possible and practicable to compensate Class Members because they are identifiable through the claims process. Additionally, there is nothing prohibiting a pro rata increase of Claimant payments. The parties have not explained why it is not possible to provide the unclaimed/remaining funds to Claimants as opposed to a nonprofit organization. As a result, the Court should deny the proposed cy pres distribution.

The Settlement is inadequate because it does not provide for how unclaimed and/or remaining settlement funds and coupons will be distributed. The Settlement merely provides that the unused money will be donated to California Consumer Protection Foundation and the Jesse Smith Noyes Foundation, nonprofit foundations that will donate the funds to charitable organizations that

best serve the needs of the Class. The proposed cy pres distribution simply identifies two intermediaries, not a final beneficiary, which is unfair to the Class. The Class has the right to know how unclaimed settlement funds will be distributed and ultimately used. Here, there are no criteria or conditions on the redistribution of cy pres funds to third-party beneficiaries. The parties should have outlined how the cy pres recipients will utilize any remaining funds to benefit absent Class Members. No such stipulations were made here. Instead, Class Counsel abdicated its duties to the Class by deferring responsibility to the California Consumer Protection Foundation and the Jesse Smith Noyes Foundation. The Class has the right to know—and Class Counsel has an obligation to determine before Final Approval—how unclaimed settlement funds will be distributed and ultimately used to benefit absent Class Members.

The Jesse Smith Noyes Foundation is not an appropriate cy pres recipient, even if it will redistribute cy pres funds to third-party beneficiaries. The objective of cy pres is to achieve the best approximation of righting the wrongs caused by the underlying lawsuit. A cy pres award beneficiary must qualify as the next best distribution to giving the funds directly to class members. First, the Foundation is based in New York, not California where the Class is located. Second, the Foundation's mission is to challenge structural racism, gender inequality, and discrimination based on ethnicity, race, religion, age, sexual orientation, economic status, physical ability, gender, immigration and immigration status. While the Foundation's mission is important, the Foundation does not focus on consumer protection or consumer rights and will not address the underlying issues of this lawsuit. As a result, the Foundation is not an appropriate cy pres recipient and does not qualify as the next best distribution to giving the funds directly to Class Members.

DATED: January 8, 2016

[signature]

Sheri Lee Williams, Objector

By: /s/ Bradley D. Salter
Bradley D. Salter
*Attorney for Objector*
Sheri Lee Williamson

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on January 12, 2016 and served by the same means on all counsel of record.

/s/ Bradley D. Salter

10
OBJECTION TO PROPOSED CLASS ACTION SETTLMENT